**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH S. AUTERI, M.D.** | : | |
| Plaintiff, | : | No. 2-22-cv-03384 |
| | : | |
| v. | : | |
| | : | |
| **VIA AFFILIATES, d/b/a** | : | |
| **DOYLESTOWN HEALTH** | : | |
| **PHYSICIANS** | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2024, upon consideration of Defendant's Motion to Dismiss Count I (In Part), Count II and Count III of the Amended Complaint and Plaintiff's response thereto, it is hereby **ORDERED** that the Motion is **DENIED**. It is further **ORDERED** that Plaintiff is permitted to amend the Amended Complaint to assert a claim against Defendant under the Pennsylvania Human Relations Act within fourteen (14) days of the date of this Order.

BY THE COURT:

_____
R. Barclay Surrick, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH S. AUTERI, M.D.** | : | |
| Plaintiff, | : | No. 2:22-cv-03384 |
| | : | |
| v. | : | |
| | : | |
| **VIA AFFILIATES, d/b/a** | : | |
| **DOYLESTOWN HEALTH** | : | |
| **PHYSICIANS** | : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT I (IN PART), COUNT II AND COUNT III OF THE AMENDED COMPLAINT**

Plaintiff, by his undersigned counsel, hereby responds to Defendant's Motion to Dismiss Count I (In Part), Count II and Count III of the Amended Complaint and requests that the Motion be denied for the reasons set forth in the attached Memorandum of Law, incorporated herein by reference.

Respectfully submitted,

KAPLIN STEWART MELOFF REITER & STEIN, P.C.

By: _____
Kimberly L. Russell, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422
(610) 941-2541 (phone)
(610) 684-2026 (fax)
krussell@kaplaw.com

Attorneys for Plaintiff

**Dated:** January ____, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH S. AUTERI, M.D.** | : | |
| Plaintiff, | : | No. 2:22-cv-03384 |
| | : | |
| v. | : | |
| | : | |
| **VIA AFFILIATES, d/b/a** | : | |
| **DOYLESTOWN HEALTH** | : | |
| **PHYSICIANS** | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT I (IN PART), COUNT II AND COUNT III OF THE AMENDED COMPLAINT**

## I.     INTRODUCTION

Dr. Auteri filed the instant Amended Complaint seeking relief from the harassing and discriminatory conduct and retaliation to which Dr. Auteri was subject while working as a cardiac surgeon and an expert in his field who built the Doylestown Health[1] cardiac program into one of the top such programs in the Commonwealth.  Dr. Auteri has three pending claims against Defendant Doylestown Health:  claims for discrimination and retaliation under Title VII (Count I); a claim for retaliation under the ADA (Count II); and claims for breach of Dr. Auteri's Employment Agreement (Count III).  In the instant Motion to Dismiss Plaintiff's Complaint (the **"Motion"**), Defendant Doylestown Health seeks to dismiss the retaliation claims in Counts I and II and the breach of contract claim in Count III.  Dr. Auteri has sufficiently alleged all Counts as described below.

Dr. Auteri protested the imposition of the Mandate on multiple occasions prior to the Mandate's implementation.  Dr. Auteri protested the Mandate prior to the Mandate's implementation as a matter of policy and as to himself personally, expressing specific concerns

---

[1] The definitions in the Amended Complaint are utilized herein.

about the impact of the Mandate upon Dr. Auteri's altered immune system and Dr. Auteri's body as designed by God.  Defendant Doylestown Health retaliated against Dr. Auteri for doing so.  Dr. Auteri made good faith requests for an exemption from the Mandate on the basis of Dr. Auteri's sincerely held religious beliefs and the disability of Dr. Auteri's altered immune system following Dr. Auteri's recovery from a COVID-19 infection.  Defendant Doylestown Health was very well aware of Dr. Auteri's sincerely held religious beliefs and Dr. Auteri's research on the effects of the COVID-19 vaccines including those effects on Dr. Auteri's altered immune system after Dr. Auteri recovered from the virus.  Defendant Doylestown Health summarily denied Dr. Auteri's Exemption Requests without engaging in any way in the interactive process required by law and further retaliated against Dr. Auteri.  Dr. Auteri then protested the unlawful denial of the Exemption Requests and again requested an exemption with proposed reasonable accommodations in the Second Exemption Request.  Rather than engage in the interactive process as required by law, Defendant Doylestown Heath again summarily denied the Second Exemption Request and retaliated against Dr. Auteri by terminating Dr. Auteri's medical staff privileges and ultimately terminating Dr. Auteri.  Defendant Doylestown Health unlawfully retaliated against Dr. Auteri in violation of Title VII and the ADA and Defendant Doylestown Health's Motion to dismiss Dr. Auteri's retaliation claims in Counts I and II should be denied.

Count III for Breach of Contract is legally sufficient and not preempted by any discrimination statutes, as Dr. Auteri alleged that Defendant Doylestown Health breached Defendant Doylestown Health's separate, express duties to Dr. Auteri contained in a written employment contract.  Dr. Auteri has alleged additional facts beyond the unlawful discrimination related to Counts I and II which are sufficient to withstand a Motion to Dismiss Count III. Pennsylvania law imposes the duty of good faith and fair dealing in written employment contracts.

That duty is not "preempted" by discrimination laws as Defendant Doylestown Health alleges. To the contrary, Dr. Auteri and Defendant Doylestown Health are parties to the Employment Agreement and the law mandates that the evidence of Defendant Doylestown Health's conduct in Defendant Doylestown Health's performance and enforcement of that Agreement be evaluated based upon the factual record to be established, not dismissed as a matter of law as in the case of an employment at will relationship. The Employment Agreement is not an agreement for "employment at will" and not subject to any caselaw permitting the dismissal of such an "at will" contract claim in a discrimination case. Federal Rule of Civil Procedure 8(d) specifically permits the pleading of inconsistent claims and Dr. Auteri should be able to proceed under both discrimination and contract theories. Taking the Amended Complaint as a whole and accepting Dr. Auteri's factual allegations as true, Dr. Auteri has alleged sufficiently discrimination claims and that Defendant Doylestown Health breached its contractual obligations by interfering with Dr. Auteri's performance of Dr. Auteri's contractual obligations, which interference also violates the duty of good faith and fair dealing in the Employment Agreement.

## II.      RELEVANT ALLEGATIONS

Dr. Auteri contracted COVID-19 in May 2021 while treating patients. (Amended Complaint, ¶ 23). In the summer of 2021, Defendant Doylestown Health began to consider the imposition of the Mandate. (Amended Complaint, ¶ 25). Dr. Auteri studied the data on the effects of the COVID-19 vaccines on those whose immune systems were affected by a prior COVID-19 infection. (Amended Complaint, ¶ 26). That data included a January 2021 warning from a leading immunologist about the dangers of COVID-19 vaccination for persons previously infected with COVID-19 because the vaccine targeted the tissues which were damaged from the prior COVID-19 infection. (Amended Complaint, ¶ 27). After studying that data, Dr. Auteri told the Medical

Executive Committee at Defendant Doylestown Health that Dr. Auteri was concerned about the effect of the COVID-19 vaccines on those who had recovered from a prior COVID-19 infection, such as Dr. Auteri himself. (Amended Complaint, ¶ 30, 32). Dr. Auteri opposed the potential imposition of the Mandate and so notified the Medical Executive Committee at Defendant Doylestown Health. (Amended Complaint, ¶ 30). Defendant Doylestown Health began to retaliate against Dr. Auteri after Dr. Auteri protested the possible imposition of the Mandate. (Amended Complaint ¶¶ 36, 46, 47, 54, 55, 56, 57, 61). Dr. Auteri continued to research and study the effect of the COVID-19 vaccines on those who already recovered from the virus. (Amended Complaint, ¶ 41). Dr. Auteri continued to express his concerns to Defendant Doylestown Health about the effect of the COVID-19 vaccine on Dr. Auteri's medical condition; i.e. his altered immune system, and the effect of that vaccine on Dr. Auteri's body as designed by God. (Amended Complaint, ¶ 48, 56). Defendant Doylestown Health acknowledged Dr. Auteri's concerns about the effect that the COVID-19 vaccines would have on Dr. Auteri's altered immune system and how the vaccine's effect on that system could impact Dr. Auteri's other bodily functions and offered to compensate Dr. Auteri if he was injured by the COVID-19 vaccines. (Amended Complaint, ¶ 49). Dr. Auteri rejected that offer and pursued the Exemption Requests and the Second Exemption Requests. (Amended Complaint, ¶¶ 50, 58, 85). Defendant Doylestown Heath summarily denied Dr. Auteri's Exemption Requests without engaging at all in the interactive process required by law. (Amended Complaint, ¶ 78). In the Second Exemption Request, Dr. Auteri protested Defendant Doylestown Health's unlawful denial of the Exemption Requests, demanded that Defendant Doylestown Health engage in the interactive process as required by law, and proposed reasonable accommodations in connection with Dr. Auteri's requested Mandate exemption. (Amended Complaint, ¶ 85; see also Amended Complaint, Exhibit 6). Defendant Doylestown Health

retaliated against Dr. Auteri following Dr. Auteri's protest of Defendant Doylestown Health's unlawful conduct by suspending Dr. Auteri's medical staff privileges, failing entirely to engage in the interactive process as required by law, and ultimately terminating Dr. Auteri's employment. (Amended Complaint, ¶¶ 102, 128, 131).

Dr. Auteri and Defendant Doylestown Health were parties to a written Employment Agreement which set forth the terms and conditions of Dr. Auteri's employment, including compensation and benefits. (Amended Complaint, ¶¶13-16). The Employment Agreement contained a term of years with opportunities for renewal and was NOT an agreement for employment at will. (Amended Complaint, ¶ 14; see also Amended Complaint, Exhibit 2). Defendant Doylestown Health engaged in conduct which interfered with Dr. Auteri's ability to perform Dr. Auteri's obligations under the Employment Agreement in breach of the Employment Agreement, including the termination of Dr. Auteri's medical privileges at Doylestown Hospital. (Amended Complaint, ¶¶13, 73-77, 128-131, 201-206). Dr. Auteri suffered damages under the Employment Agreement, including the loss of pay and benefits (Amended Complaint, ¶¶162, 216). Dr. Auteri has made efforts to mitigate those damages (Amended Complaint, ¶¶ 165, 217).

### III.    STANDARD OF REVIEW

Defendant Doylestown Health seeks to dismiss Dr. Auteri's retaliation claims in Counts I and II, and III of the Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Such a motion requires the Court to examine the sufficiency of the Amended Complaint, including the allegations, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007).

Under such an analysis, a complaint is sufficient if that complaint complies with Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the

pleader is entitled to relief." Rule 8 "[does] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The United States Supreme Court also has explained that "[t]he plausibility standard is not akin to a 'probability requirement' but asks for more than a sheer possibility that the Defendant acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

In reviewing the sufficiency of a complaint, a court must "accept all factual allegations as true, construe the complaint in a light most favorable to the plaintiffs, and determine whether, under any reasonable reading, that plaintiffs may be entitled to relief." Fowler v. UPMC Shady Side, 578 F.3d 203, 210 (3d Cir. 2009)(citations omitted). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff[s] can prove those facts or will ultimately prevail on the merits." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Ultimately the court is directed to conduct specific contextual analysis which requires the court to employ "its judicial experience and common sense" to determine if the facts pled in the Complaint have "nudged [the plaintiff's] claims over the line from [merely] conceivable [or possible] to plausible." Iqbal, 556 U.S. at 680, 129 S. Ct. at 1950-51 (internal quotations omitted).

No complaint can be dismissed merely because the trial court does not believe the allegations or feels that recovery is unlikely. See Twombly, 550 U.S. at 555-56, 127 S. Ct. at 1965.

Federal Rule of Civil Procedure 8 permits a plaintiff to plead claims in the alternative, even if those claims are inconsistent and a plaintiff cannot prevail on both claims. Fed.R.Civ.P. 8(d)(2) and (3). See e.g., Cooper v. Charter Commc'ns Entm'ts. I, LLC, 760 F.3d 103, 112 (1st Cir. 2014). As the United States Supreme Court has directed, the Federal Rules of Civil Procedure do not

require a party to determine at the pleading stage upon which of the party's claims the party may prevail and expressly permit a party to plead alternate and inconsistent claims.  See Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 805 (1999).

The Amended Complaint's retaliation claims in Counts I and II, and the breach of contract claim in Count III are legally sufficient and the Motion should be denied for the reasons set forth below.

## IV.    ARGUMENT

### A.    Dr. Auteri's Claim for Breach of the Employment Agreement is Not Preempted by the ADA or Title VII and Dr. Auteri is Permitted to Plead Alternate Claims

Defendant Doylestown Health's claim that Count III for Breach of Contract is preempted by Title VII and the ADA is incorrect as a matter of law because discrimination statutes do not preempt claims for breach of a written employment agreement for a term.  Dr. Auteri has pled facts beyond those related directly to Dr. Auteri's discrimination and retaliation claims, and those facts support Dr. Auteri's breach of contract claim.  It is improper at the pleading stage of the case for Dr. Auteri to be required to determine upon which of his claims Dr. Auteri may prevail and Dr. Auteri is entitled to pursue his breach of contract claim, even if possibly inconsistent with Dr. Auteri's discrimination claims in Counts I and II of the Amended Complaint.

In ruling on Defendant Doylestown Health's Motion to Dismiss the Complaint, this Court provided Dr. Auteri the ability to plead separate facts not directly related to Dr. Auteri's discrimination claims to support a separate breach of contract claim.  Dr. Auteri did so in Paragraphs 201-206 of the Amended Complaint.  Those facts allege the existence of an alternate theory of liability against Defendant Doylestown Health unrelated to the discrimination alleged in Counts I and II by which Defendant Doylestown Health discriminated against Dr. Auteri on the

basis of Dr. Auteri's sincerely held religious beliefs and retaliation against Dr. Auteri. Those facts are deemed true in the determination of the instant Motion and although undated, plead sufficiently that in addition to discrimination, Defendant Doylestown Health engaged in conduct which breached the Employment Agreement and the duty of good faith and fair dealing. Dr. Auteri has met this Court's prior directive to plead additional, separate facts on Count III and Count III should proceed as pled.

Where an employee who is NOT an employee "at-will" but a party to a written employment agreement for a term brings a discrimination claim, that employee can maintain both contract and discrimination claims against the employer. Doe v. Kohn, Nast & Graf, P.C. d/b/a Kohn Klein Nast & Graf, P.C., et al., 862 F. Supp. 1310, 1324-25 (E.D. Pa. 1994). In Doe, an attorney plaintiff claimed that his law firm employer's conduct in terminating the attorney plaintiff violated the ADA, the PHRA, ERISA, and constituted a breach of the attorney's written employment agreement, including the duty of good faith and fair dealing in that agreement. Id. at 1313-14. This Court refused to dismiss the contract claims on summary judgment, finding that there existed factual issues about the manner in which the attorney plaintiff was terminated and whether the law firm employer violated the duty of good faith and fair dealing in the written employment agreement between the parties. Id. at 1324-25. As this Court stated:

> The general duty of good faith and fair dealing in the performance of a contract is found in Restatement (Second) of Contracts § 205, which provides that "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *See also Somers v. Somers*, 418 Pa. Super. 131, 613 A.2d 1211, 1213 (1992). The duty of "good faith" is defined by statute as "[h]onesty in fact in the conduct or transaction concerned." 13 Pa.C.S. § 1201. Examples of conduct which breaches the duty include evasion of the spirit of the bargain, and interference with or failure to cooperate in the other party's performance. *Id.* The duty to perform contractual obligations in good faith applies where the contract at issue is an employment contract. *Id.*

Doe, 862 F. Supp. at 1325 (emphasis added).

Given the fact-based nature of the inquiry, the question of whether a party's conduct constitutes bad faith in violation of the duty of good faith and fair dealing is one which a jury should answer.  <u>Lichtenstein v. Kidder, Peabody & Co., Inc.</u>, 777 F. Supp. 423, 427 (W.D. Pa. 1991)(citing <u>Grimes v. Prudential Ins. Co.</u>, 401 Pa. Super. 245, 585 A.2d 29 (1991)).

An employer's <u>written</u> contractual obligations to an employee are NOT preempted by Title VII or the ADA, and Defendant Doylestown Health cites no law supporting such a preemption claim.  Defendant Doylestown Health cites three cases to support Defendant Doylestown Health's claim that the Breach of Contract claim in Count III is preempted by Title VII and the ADA.  Two of those cases involve plaintiffs who were "at-will employees" and did not have a written employment agreement.  <u>See</u> <u>Weirich v. Horst Realty Corp., LLC</u>, 2007 WL 2071904 (E.D. Pa. July 13, 2007) and <u>Styles v. Phila. Elec. Co.</u>, 1994 WL 245469 (E.D. Pa. June 6, 1994), both of which are claims by "at-will" employees with no specific written employment agreement but who sought "contract" relief for employment claims.  The third case Defendant Doylestown Health cites, <u>Waggaman v. Villanova Univ.</u>, 2008 WL 4091015 at *21 (E.D. Pa. September 4, 2008), is not a preemption case and not analogous to the claims in the case at bar.  The <u>Waggaman</u> case involved a tenured university professor who was subject to a written tenure agreement, and this Court evaluated the factual record developed in discovery in ruling on a motion for summary judgment to determine whether the defendant employer followed the contractual tenure process prior to ruling.  The Court did not dismiss the contract claim on a "preemption" analysis.  <u>Id.</u>  The Court noted in a footnote that breach of contract claims of <u>at-will</u> employees alleging discrimination generally are preempted in Pennsylvania but did not decide the case on that basis.  <u>Id.</u> at n. 29 (citing <u>Keck v. Commercial Union Ins. Co.</u>, 758 F. Supp. 1034 (M.D. Pa. 1991)(case involving contract claim by at-will employee)).  In its opinion on Defendant Doylestown Health's

Motion to Dismiss the (Original) Complaint, this Court cited to <u>Keck</u> as requiring the preemption of a "contract" claim by an employee pursuing discrimination claims, but as stated above that case also involved an at-will employee with no written employment contract.  758 F. Supp. at 1034, 1039.  In so stating, the <u>Keck</u> Court indicated that the existence of a contract, as opposed to an implied contract at law or in a handbook, would be a "separate fact" to support a breach of contract claim not subject to preemption.  <u>Id.</u>  The <u>Keck</u> Court stated that "[t]here is no separate set of facts that support either the <u>existence of a contract</u> or a breach thereof that is outside of the act of discrimination."  <u>Id.</u> (emphasis supplied).

The existence of the Employment Agreement and the Employment Agreement's separate standards for termination is in itself a "separate set of facts" to support the existence of a breach of contract outside of discrimination.  As indicated by the <u>Keck</u> Court, the existence of the Employment Agreement is a separate fact which distinguishes Dr. Auteri's breach of contract claim from an implied contract claim where an employee at-will argues that the law or a handbook implies a contract that the employee be free from discrimination.  <u>See Keck</u>, 758 F. Supp. at 1039. Dr. Auteri alleged additional facts surrounding other hostilities Dr. Auteri faced from Defendant Doylestown Health's representative Dr. Levy but the existence of the Employment Agreement alone also is a "separate set of facts" which bars preemption.  As in <u>Doe</u>, Dr. Auteri is entitled to test in discovery the discussions surrounding Defendant Doylestown Health's unlawful termination of Dr. Auteri to determine Dr. Levy's separate efforts to terminate Dr. Auteri's contract and the impact thereof in addition to discovering additional facts regarding Defendant Doylestown Health's discrimination and retaliation against Dr. Auteri.  <u>See Doe</u>, 862 F. Supp. at 1324-25.

Dr. Auteri was NOT an employee at will and his contract claim is not subject to preemption. Exhibit 2 to the Amended Complaint is the Addendum to the Employment Agreement in place at the time Defendant Doylestown Health unlawfully terminated Dr. Auteri. Exhibit 1 to the Amended Complaint is the Employment Agreement executed in 2012 which contains the standards for termination. Exhibit 2 shows that Dr. Auteri had a written employment agreement through December 31, 2024 with an automatic two year renewal through 2026. The 2012 Employment Agreement, Exhibit 1 to the Amended Complaint, sets forth the standards and sole bases for which Defendant Doylestown Health could terminate Dr. Auteri's employment. Amended Complaint Exhibit 1, p. 12, Section 9.2. In Count III of the Amended Complaint Dr. Auteri alleges that Defendant Doylestown Health breached the very specific contractual standards for which Dr. Auteri negotiated in the Employment Agreement. The existence of the Employment Agreement and the separate standards for termination is the "separate set of facts," aside from the additional facts which Dr. Auteri alleged in Count III of the Amended Complaint, which takes Dr. Auteri's breach of contract claim outside of any preemption analysis. There simply is no legal authority permitting the preemption of a breach of contract claim by an employee with a written contract for a term simply because the employee also raises a discrimination claim. To do so would be to conclude that the written contract, the terms for which Dr. Auteri negotiated, are meaningless if Defendant Doylestown Health engaged in discrimination. Such a position is not and cannot be the law. Defendant Doylestown Health cannot escape its written contractual obligations to Dr. Auteri.

The Doe case provides the appropriate legal framework for evaluating Dr. Auteri's Breach of Contract claim and under that framework, Dr. Auteri's Breach of Contract claim sufficiently pleads a right to relief. As this Court found in Doe, Defendant Doylestown Health assumed certain specific duties to Dr. Auteri in the Employment Agreement, and those duties include the duty of

good faith and fair dealing in the performance and enforcement of the Employment Agreement. See Doe, 862 F. Supp. at 1325. Dr. Auteri is entitled to pursue his contract claims along with his discrimination claims. See Id. at 1324-25. Dr. Auteri pled the specific terms of the Employment Agreement (Amended Complaint, ¶¶13-16), Defendant Doylestown Health's conduct which interfered with Dr. Auteri's ability to perform Dr. Auteri's obligations under the Employment Agreement in breach of the Employment Agreement and the duty of good faith and fair dealing therein (Amended Complaint, ¶¶13, 73-77, 128-131, 201-206), Dr. Auteri's damages under the Employment Agreement (Complaint, ¶¶162, 216), and Dr. Auteri's efforts to mitigate those damages (Complaint, ¶¶ 165, 217). Count III sufficiently alleges a claim for breach of contract and the duty of good faith and fair dealing therein and Defendant Doylestown Health's "preemption" argument fails as a matter of law.

The preemption of Dr. Auteri's breach of contract claim at this stage of the case also violates Fed.R.Civ.P. 8(d)(2) and (3) which permit the pleading of alternative, even inconsistent, claims. Fed.R.Civ.P. 8(d)(2) permits multiple statements of a claim alternatively in separate counts. Fed.R.Civ.P. 8(d)(3) expressly permits a party to state as many separate claims as the party has, regardless of the consistency of those claims. The United States Supreme Court has explained the reason behind the ability to assert alternate claims, which protects the rights of the pleader:

> Our ordinary Rules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so permit parties to "set forth two or more statements of a claim or defense alternately or hypothetically," and to "state as many separate claims or defenses as the party has regardless of consistency."
>
> Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 805 (1999)(citing Fed.R.Civ.P. 8(e)(2), which was renumbered to Fed.R.Civ.P. 8(d)(2) and (3) in 2007).

Dr. Auteri is not required to predict in advance which of his claims may ultimately succeed and Dr. Auteri is permitted by the express terms of Fed.R.Civ.P. 8(d) to proceed upon both a

discrimination claim and a breach of contract claim. Dr. Auteri has a written employment agreement and is entitled to the rights under that agreement. Dr. Auteri has civil rights under Title VII and the ADA which Defendant Doylestown Health is not entitled to violate as a matter of law, regardless of the existence of Dr. Auteri's written employment agreement. Dr. Auteri is not required at this stage of the litigation to "forfeit" either his contractual rights under a written employment agreement or Dr. Auteri's civil rights and "guess" at which claim might be more successful.

This Court should deny the Motion as to Count III for Breach of Contract. Dr. Auteri pled additional facts in Count III but as set forth above, the existence of a written employment agreement for a term with separate contractual standards for termination is also a "separate set of facts" which prohibits the preemption of Dr. Auteri's contract claim by Dr. Auteri's discrimination claim. Even if this Court determines Dr. Auteri's discrimination and contract claims to be inconsistent, Fed.R.Civ.P. 8(d) protects Dr. Auteri's right to proceed under both types of claims. To the extent that this Court concludes that Count III does not sufficiently plead the requisite elements of a breach of contract claim and/or a specific claim for breach of the duty of good faith and fair dealing, Dr. Auteri requests this Court to permit Dr. Auteri to amend further the Amended Complaint.

**B.    Counts I and II Properly State Claims for Retaliation Under Title VII and the ADA Where Defendant Doylestown Health Retaliated Against Dr. Auteri After Dr. Auteri Engaged in Protected Activity Both Before and After the Imposition of the Mandate and Continued to Protest Defendant Doylestown Health's Unlawful Conduct Despite Defendant's Pervasive Retaliation**

**1.    Dr. Auteri Engaged in Protected Activity by Challenging the Imposition of the Mandate and the Mandate's Resulting Infringement of Dr. Auteri's Rights Before Defendant Doylestown Health Implemented the Mandate and Before Dr. Auteri Requested an Exemption**

Dr. Auteri alleged in the Amended Complaint that Dr. Auteri protested the Mandate prior to the Mandate's imposition and protested that the Mandate would violate Dr. Auteri's rights if Dr. Auteri was not granted an exemption.  Dr. Auteri alleged that Defendant Doylestown Health retaliated against Dr. Auteri after Dr. Auteri protested the prospective imposition of the Mandate and the administration of the Mandate as to Dr. Auteri up to the termination of Dr. Auteri's employment.  Dr. Auteri alleged in the Amended Complaint:

- Defendant Doylestown Health began to consider the implementation of the Mandate in the summer of 2021.  (Amended Complaint, ¶ 25).

- Dr. Auteri was studying the Covid-19 "vaccines" at that time and became aware that a leading immunologist warned the FDA that the Covid-19 "vaccines" posed a potential danger to those who were previously infected with Covid-19.  (Amended Complaint, ¶ 27).

- Dr. Auteri expressed his concerns about the Mandate to those who had a prior Covid-19 infection because of the manner in which the Covid-19 "vaccines" affected those whose immune systems had been altered from the Covid-19 virus.  (Amended Complaint, 30, 32, 34).

- Dr. Auteri opposed the potential imposition of the Mandate and so notified the Medical Executive Committee at Defendant Doylestown Health.  (Amended Complaint, ¶ 30).

- Defendant Doylestown Health began its adverse treatment of Dr. Auteri after Dr. Auteri protested the potential imposition of a Covid-19 vaccine Mandate and that treatment continued through Dr. Auteri's termination. (Amended Complaint, ¶ 36).

- Dr. Auteri continued to protest the imposition of the Mandate prior to Dr. Auteri's submission of the Exemption Requests, both on the basis of Dr. Auteri's altered immune system and the impact of the functioning of the Covid-19 vaccines on Dr. Auteri's body as designed by God. (Amended Complaint, ¶¶ 45, 48).

- Defendant Doylestown Health took several adverse actions, harassed, and retaliated against Dr. Auteri prior to the imposition of the Mandate and before Dr. Auteri submitted the Exemption Requests. (Amended Complaint, ¶¶ 36, 46, 47, 54, 55, 56, 57, 61).

- Defendant Doylestown Health notified Dr. Auteri prior to the submission of the Exemption Requests that Dr. Auteri had no choice but to get the Covid-19 vaccine or be terminated immediately, without any consideration of Dr. Auteri's protests prior to the Mandate or the ability of Dr. Auteri to request an exemption under the law. (Amended Complaint, ¶¶ 63-71).

### 2. Dr. Auteri Engaged in Protected Activity by Protesting Defendant Doylestown Health's Unlawful Conduct in Failing to Engage in the Interactive Process in Response to Dr. Auteri's Good Faith Requests for an Accommodation from the Covid-19 Vaccine Mandate

Dr. Auteri has pled sufficient facts to demonstrate that Dr. Auteri engaged in additional protected activity after Defendant Doylestown Health denied the Exemption Requests. As set forth in detail below, Dr. Auteri pled that after Defendant Doylestown Health denied Dr. Auteri's Exemption Requests, Dr. Auteri specifically protested that denial and in doing so, engaged in protected activity for which Dr. Auteri was then protected from retaliation. Dr. Auteri pled in the Amended Complaint:

- On October 13, 2021, Defendant Doylestown Health summarily denied Dr. Auteri's Exemption Requests and failed entirely to engage in the interactive process to determine whether an accommodation could be made in response to those Requests. (Amended Complaint, ¶ 78).

- On October 22, 2021, Dr. Auteri submitted the Second Exemption Request and protested the Exemption Denial. (Amended Complaint, ¶ 85).

- Dr. Auteri attached a copy of the Second Exemption Request as Exhibit 6 to the Amended Complaint. (Amended Complaint, ¶ 85).

- In the Second Exemption Request, Dr. Auteri specifically challenged Defendant Doylestown Health's denial of the Exemption Requests and Defendant Doylestown Health's refusal to engage in the interactive process. Dr. Auteri proposed specific reasonable accommodations to discuss with Defendant Doylestown Health. Dr. Auteri specifically stated that he was providing Defendant Doylestown Health the opportunity to "reconsider [Defendant Doylestown Health's] legal violations of Dr. Auteri's rights" and provide Dr. Auteri with reasonable accommodations. Amended Complaint, Exhibit 6, p. 1.

### 3. Defendant Doylestown Health Retaliated Against Dr. Auteri After Dr. Auteri Engaged in Protected Activity and Challenged Defendant Doylestown Health's Unlawful Conduct Both Before and After the Imposition of the Mandate

Dr. Auteri has pled sufficient facts to demonstrate that Defendant Doylestown Health retaliated against Dr. Auteri after Dr. Auteri engaged in protected activity both before and after the imposition of the Mandate, prior to Dr. Auteri's submission of the Exemption Requests, in the Second Exemption Request, through Dr. Auteri's termination, and thereafter. Dr. Auteri pled in the Amended Complaint:

- Dr. Auteri challenged the proposed Mandate prior to the Mandate's imposition and before Dr. Auteri submitted the Exemption Requests, and Defendant Doylestown Health began its retaliation against Dr. Auteri at that time.  See Section B.1 above, incorporated herein by reference.

- On November 9, 2021, Defendant Doylestown Health summarily denied the Second Exemption Request, claimed that Dr. Auteri was not "safe" to treat patients, and refused to engage in any manner in the interactive process.  (Amended Complaint, ¶ 102, 120-122; Amended Complaint, Exhibit 7).

- Two days later on November 11, 2021, Defendant Doylestown Health terminated Dr. Auteri's medical staff privileges at Doylestown Hospital allegedly because Dr. Auteri "failed" to comply with the Mandate and wrongfully claimed that Dr. Auteri was resigning from Dr. Auteri's employment without any acknowledgement of the Second Exemption Request or engaging in the interactive process as Dr. Auteri requested.  (Amended Complaint, ¶ 128; Amended Complaint, Exhibit 8).

- On November 18, 2021, less than thirty days after Dr. Auteri submitted the Second Exemption Request protesting Defendant Doylestown Health's violation of Dr. Auteri's civil rights and failure to engage in the interactive process as required by law, Defendant Doylestown Health terminated Dr. Auteri's Employment Agreement on the basis that Dr. Auteri failed to comply with the Mandate and that Dr. Auteri's medical staff privileges at Doylestown Hospital had been revoked.  (Amended Complaint, ¶ 131; Amended Complaint, Exhibit 9).

- Approximately one month after Dr. Auteri's termination, Defendant Doylestown Health implemented the same health screening regimen that Dr. Auteri requested as a reasonable accommodation in the Second Exemption Request.  In doing so, Defendant Doylestown Health admitted that Dr. Auteri's proposed reasonable accommodation was sufficient to protect patient

safety, contrary to Doylestown Health's response to the Second Exemption Request in the Second Exemption Denial.  (Amended Complaint, ¶¶ 98, 101, 102, 122).

- Following the Second Exemption Request, Defendant Doylestown Hospital offered other employees the same accommodations requested by Dr. Auteri but refused to discuss with or offer to Dr. Auteri any such accommodations.  (Amended Complaint, ¶¶ 140-143).

- After implementing the same accommodations for all employees as Dr. Auteri requested in the Second Exemption Request challenging Defendant Doylestown Health's unlawful conduct, Defendant Doylestown Health never offered Dr. Auteri reinstatement, despite Defendant Doylestown Health having terminated Dr. Auteri less than two months earlier.  (Amended Complaint ¶ 144).

- By harassing Dr. Auteri in response to Dr. Auteri's protests of the Mandate before and after the imposition of the Mandate, placing Dr. Auteri on unpaid leave for refusing to comply and without consideration of the Exemption Requests, revoking Dr. Auteri's medical staff privileges, terminating Dr. Auteri, and refusing to reinstate Dr. Auteri after Defendant Doylestown Health granted the same accommodations to other employees, all after Dr. Auteri protested Defendant Doylestown Hospital's unlawful conduct before the imposition of the Mandate and thereafter, including in the Second Exemption Request, Defendant Doylestown Health retaliated against Dr. Auteri in violation of Title VII and the ADA.  (See, e.g., Amended Complaint, ¶¶ 36, 37, 70, 160, 173, 179, 184, 193).

### 4.    Dr. Auteri Sufficiently Alleges Claims for Retaliation in Counts I (Title VII) and II (ADA)

There is no legal authority for a court to dismiss a retaliation claim where a plaintiff opposes a mandate before the mandate's imposition, after the mandate's imposition, prior to the submission of an exemption request, after the submission of an exemption request, and alleges

resulting retaliatory conduct throughout. The allegations which Dr. Auteri pled as outlined in Sections B.1 through 3 above, incorporated herein by reference, demonstrate retaliation which began due to Dr. Auteri's challenge to the Mandate before the Mandate's imposition, continued prior to the submission of the Exemption Requests, after Dr. Auteri's further challenge to Defendant Doylestown Health's unlawful conduct in the Second Exemption Request, and through to Defendant Doylestown Health's termination of and failure to offer reinstatement to Dr. Auteri after Defendant Doylestown Health implemented the same health screenings which Dr. Auteri requested as an accommodation less than two months earlier. Those allegations demonstrate that Defendant Doylestown Health retaliated against Dr. Auteri to harm Dr. Auteri and discourage others from challenging Defendant Doylestown Health's Mandate and seeking exemptions from the Mandate.

In the cases cited by Defendant Doylestown Health in which retaliation claims were dismissed, the claimants at issue did not engage in the pattern of conduct before and after the imposition of a mandate as that which Dr. Auteri alleged. In each of those cases (see Defendant Doylestown Health's Memorandum of Law in support of the instant Motion at p. 11-13), an employee's retaliation claim was dismissed because the employee did not challenge an employer's mandate until after the imposition of the mandate and/or the submission of an exemption request:

- Divine Equality Righteous v. Overbrook Sch. for the Blind, 2023 WL 4763994 at *10 (E.D. Pa. July 26, 2023): Employees challenged mandate after imposition of mandate and submission of exemption requests.

- Adams v. New York State Unified Ct. Sys., 2023 WL 5003593 at *4 (S.D.N.Y. Aug. 4, 2023): Covid-19 vaccine policy announced before employee requested a religious exemption.

- Jorgenson v. Conduent Transp. Sols., Inc., 2023 WL 1472022 at *6 (D. Md. Feb. 2, 2023): Court's decision to dismiss retaliation claim turned on the fact that an employer's mandatory Covid-19 vaccine attestation policy was "put in place before [the employee] expressed opposition or refused to comply with [the policy."

- West v. Scott Lab'ys, Inc., 2023 WL 2632210 at *6 (N.D. Cal. Mar. 24, 2023): Employee did not challenge policy before policy imposed; employee failed to comply with policy after imposed.

- Shklyar v. Carboline Co., 616 F. Supp. 3d 920, 927 (E.D. Mo. 2022): Employer policy in place before employee engaged in any protected activity.

- Lundstrom v. Contra Costa Health Servs., 2022 WL 17330842 at *6 (N.D. Cal. Nov. 29, 2022): Employer mandate in place before employee engaged in protected activity.

- Speaks v. Health Sys. Mgmt., Inc., 2022 WL 3448649 at *6 (W.D.N.C. Aug. 17, 2022): Employer's Covid-19 vaccine policy was in place before employee engaged in protected activity.

- O'Hailpin v. Hawaiian Airlines, Inc., 583 F. Supp. 3d 1294, 1311 (D. Haw. 2022): Employer vaccine policy in place before employee made exemption requests.

As set forth in detail above, Dr. Auteri challenged the Mandate generally and on religious and disability grounds specific to Dr. Auteri prior to the imposition of the Mandate.[2]  Dr. Auteri

---

[2] Dr. Auteri does not concede that the legal standards articulated in the cases addressed in this Section B.4 are correct and will assert as a general principle that employers who engage in conduct beyond the simple denial of a mandate can be subject to claims for retaliation.  Employers who belittle employees who seek exemptions or engage in other overtly hostile behavior toward employees for simply requesting an exemption engage in retaliatory conduct

again protested the Mandate after the Mandate's imposition and before the submission of the Exemption Requests. Dr. Auteri continued to protest after suffering retaliation and through to Dr. Auteri's termination and filing of an administrative charge of discrimination. Defendant Doylestown Health engaged in retaliation (and discrimination) against Dr. Auteri (1) before the imposition of the Mandate, (2) after the imposition of the Mandate and prior to Dr. Auteri's submission of the Exemption Requests and Second Exemption Request, (3) after Dr. Auteri's submission of those Requests in the process of Dr. Auteri's suspension without pay, revocation of medical staff privileges, and termination, and (4) in Doylestown Health's failure to offer Dr. Auteri reinstatement. That retaliatory conduct was unique to Dr. Auteri and not simply the denial of an exemption request in the ordinary course of following a company policy. <u>See</u> Sections B.1-3 above, incorporated herein by reference.

The additional facts which Dr. Auteri alleged in Count III do not affect the above analysis. In Count III, Dr. Auteri alleged certain additional, undated facts which are to be explored in discovery regarding Dr. Levy's handling of Dr. Auteri's contract. Dr. Auteri is entitled to explore in discovery how Dr. Levy's statements to Dr. Auteri affected Defendant Doylestown Health's handling of Dr. Auteri's contract. Dr. Levy's conduct is in addition to Defendant Doylestown Health's discrimination and retaliation and does not affect the specific allegations Dr. Auteri made as to those claims. Defendant Doylestown Health also disregards that Dr. Auteri engaged in specific protected activity related directly to the Mandate and the Mandate's impact on Dr. Auteri <u>before</u> the imposition of the Mandate and the Exemption Requests as detailed above which alone

under the law. Dr. Auteri does not concede that the correct legal standard for retaliation should require an employee to be aware of and protest a policy before a policy is implemented, as most employees do not have knowledge of not yet enacted employer policies. However, in Dr. Auteri's case and in order to refute directly Defendant Doylestown Health's argument for dismissal, Dr. Auteri references the many facts alleged in the Amended Complaint which demonstrate that Dr. Auteri meets the pleading standards for retaliation even under the overly restrictive standard alleged in the instant Motion.

are sufficient to maintain a retaliation claim.  <u>See</u> Section B.1 above, incorporated herein by reference.

This Court should deny the Motion as to Dr. Auteri's retaliation claims in Count I (Title VII) and Count II (ADA). To the extent that this Court concludes that Counts I and II do not sufficiently plead the requisite elements of a retaliation claim, whether in light of the intervening caselaw or otherwise, Dr. Auteri requests this Court to permit Dr. Auteri to amend further the Amended Complaint.

### C.    Dr. Auteri Should Be Granted Leave of Court to Amend the Amended Complaint to Include Dr. Auteri's Claims Under the Pennsylvania Human Relations Act

Dr. Auteri dual filed his discrimination and retaliation claims with the EEOC and Pennsylvania Human Relations Commission on February 25, 2022.  More than a year has passed without action on those claims by the Pennsylvania Human Relations Commission.  Dr. Auteri is entitled to pursue Dr. Auteri's discrimination and retaliation claims under the Pennsylvania Human Relations Act against Defendant Doylestown Health because sufficient time has passed without action by the Pennsylvania Human Relations Commission.  43 P.S. § 962(c)(1).  Defendant Doylestown Health was made aware of those claims and Dr. Auteri's intent to pursue those claims both in the Complaint at Footnote 1 and the Amended Complaint at Footnote 1.  Dr. Auteri seeks leave of Court to amend the Amended Complaint to assert Dr. Auteri's claims under the Pennsylvania Human Relations Act.

### V.    CONCLUSION

Plaintiff Dr. Auteri respectfully requests this Court to (1) deny Defendant Doylestown Health's Motion to Dismiss Count I (In Part), Count II and III of the Amended Complaint or in the alternative, to permit Dr. Auteri to amend further the Amended Complaint to the extent deemed

necessary by this Court, and (2) permit Dr. Auteri to amend the Amended Complaint to include

Dr. Auteri's claims against Defendant Doylestown Health under the Pennsylvania Human

Relations Act.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: _____

Kimberly L. Russell, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422
(610) 941-2541 (phone)
(610) 684-2026 (fax)
krussell@kaplaw.com

Attorneys for Plaintiff

**Dated:** January 3, 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH S. AUTERI, M.D.** | : | |
| Plaintiff, | : | No. 2:22-cv-03384 |
| | : | |
| v. | : | |
| | : | |
| **VIA AFFILIATES, d/b/a** | : | |
| **DOYLESTOWN HEALTH** | : | |
| **PHYSICIANS** | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Plaintiff's Response to Defendant's Motion to Dismiss Count I (In Part), Count II and III of the Amended Complaint," together with supporting Memorandum of Law, was caused to be sent electronically through the Court's ECF system to:

Christopher D. Durham, Esquire
Elisabeth G. Bassani, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103
Attorneys for Defendant

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: _____
Kimberly L. Russell, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422
(610) 941-2541 (phone)
(610) 684-2026 (fax)
krussell@kaplaw.com

Attorneys for Plaintiff

**Dated:** January 3, 2024