IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., | : CIVIL ACTION NO. 2:22-cv-03384 |
| Plaintiff, | : |
| v. | : |
| VIA AFFILIATES d/b/a DOYLESTOWN HEALTH PHYSICIANS, | : |
| Defendant. | : |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.   INTRODUCTION**

Defendant VIA Affiliates d/b/a Doylestown Health Physicians ("Defendant" or "Doylestown Health") submits this Reply Memorandum of Law in support of its Motion to Dismiss Count I (In Part), Count II and Count III of Plaintiff's Amended Complaint (the "Second Motion to Dismiss," ECF No. 14) to address Plaintiff's blatant disregard of the precedent set by the Court for this case and improper attempt to rewrite the Amended Complaint through his Response to Defendant's Second Motion to Dismiss (the "Response," ECF No. 15).

**II.   ARGUMENT**

**A.   Plaintiff Ignores This Court's Holding That Discrimination Laws Preempt Breach of Contract Claims That Arise Solely From Alleged Discriminatory Conduct.**

As an initial matter, because Plaintiff is seeking relief under federal and state law for alleged religious and disability discrimination and retaliation, *and as a matter of the law established by this Court*, he must plead "facts to support his breach of contract claim that are

distinct from the facts alleged in support of his discrimination claims." *Auteri v. VIA Affiliates*, No. CV 22-3384, 2023 WL 7129954, at *7 (E.D. Pa. Oct. 30, 2023) (Surrick, J.). In holding that Plaintiff failed to do so in his initial Complaint, the Court could not have been clearer:

> State and federal discrimination laws preempt breach of contract claims "that arise solely from alleged discriminatory conduct." *Weirich v. Horst Realty Corp., LLC*, No. 07-871, 2007 WL 2071904, at *2 (E.D. Pa. July 13, 2007); *see also Waggaman v. Villanova Univ.*, No. 04-4447, 2008 WL 4091015, at *21, n.29 (E.D. Pa. Sept. 4, 2008). When a plaintiff's breach of contract claim is "based entirely on the alleged acts of discrimination" that support the discrimination claim and "no separate set of facts to support a breach of contract claim ... outside of the acts of discrimination" are pled, the contract claim must be dismissed. *Styles v. Philadelphia Elec. Co.*, No. 93-4593, 1994 WL 245469, at *3 (E.D. Pa. June 6, 1994); *Weirich*, 2007 WL 2071904, at *2.

*Id*. at *6. In the Response, however, Plaintiff attempts to gaslight the Court and ignore the law of the case by arguing, without legal support, that "discrimination statutes do not preempt claims for breach of a written employment agreement for a term." Response[1] at 9.[2]

The Court was aware of Plaintiff's written employment agreement, which was attached as an exhibit to the Complaint (ECF No. 1), when it dismissed Plaintiff's breach of contract claim. The Court did not distinguish between implied versus written agreements – nor was there any basis for it to do so[3] – when the Court concluded that "[f]or a breach of contract claim, the

---

[1] Plaintiff's Response is not paginated. Accordingly, citations herein to pages of the Response refer to the page number added by the Court's ECF system.

[2] Plaintiff also brazenly accuses this Court of violating the Federal Rules of Civil Procedure when it dismissed Plaintiff's breach of contract claim. *See* Response at 14 ("The preemption of Dr. Auteri's breach of contract claim at this stage of the case also violates Fed.R.Civ.P. 8(d)(2) and (3) which permit the pleading of alternative, even inconsistent, claims."). Of course, this Court did not hold, and Defendant does not argue, that Plaintiff cannot plead inconsistent *claims*. What this Court held, and what Plaintiff still has failed to do, is that Plaintiff must plead *facts* distinct from his discrimination claims that plausibly entitle him to relief on his breach of contract claim.

[3] Plaintiff cites no cases in support of his novel legal theory that a written employment agreement for a term can never be preempted by discrimination statutes. Rather, Plaintiff facetiously argues that the absence of any case law (before the Court's decision in this case) directly contravening Plaintiff's theory somehow makes it black letter law.

breach complained of must be something other than the discrimination complained of." *Auteri*, 2023 WL 7129954 at *6 (citing *Keck v. Commercial Union Ins. Co.*, 758 F. Supp. 1034, 1039 (M.D. Pa. 1991)).

Thus, *under the law of this case*, even though Plaintiff was party to a written employment agreement and was not an at-will employee, Plaintiff is still required to plead facts separate from his discrimination claims to support his breach of contract claim. He has failed to do so.

As set forth in greater detail in Defendant's Second Motion to Dismiss, the Amended Complaint contains only a handful of vague allegations regarding the alleged "animosity" of Doylestown Hospital's Chief Medical Officer, Dr. Levy, toward Plaintiff. Am. Compl. ¶¶ 201-06. These allegations do not provide a distinct factual basis for Plaintiff's breach of contract claim, particularly where he alleges that Defendant actually went to great lengths to encourage him to comply with the mandate. Apart from passing reference, Plaintiff's Response essentially ignores the few facts added to the Amended Complaint and instead focuses almost entirely on the baseless argument that the written employment agreement forecloses preemption of his breach of contract claim, which is a tacit acknowledgement of his insufficient and futile attempt to save his breach of contract claim in the Amended Complaint.

Accordingly, for the reasons set forth in Defendant's Second Motion to Dismiss, Plaintiff's Amended Complaint should be dismissed with prejudice.

> **B. Plaintiff's Title VII and ADA Retaliation Claims in Counts I and II Should Be Dismissed as a Matter of Law Because Plaintiff Did Not Oppose An Unlawful Employment Practice and Plaintiff Cannot Establish Causation.**
>
> 1. <u>Plaintiff Improperly Attempts to Amend his Retaliation Claims in the Response.</u>

Plaintiff's retaliation claims in Count I and Count II of the Amended Complaint rest entirely on his accommodation requests and events that occurred *after* the implementation of the mandate. *See* Am. Compl., ¶¶ 173, 179, 193, 196. Neither Count I nor II alleges that Plaintiff was terminated for opposing the adoption of Doylestown Health's COVID-19 vaccine mandate. Plaintiff now improperly attempts to amend the Amended Complaint through his Response by arguing, for the first time, that his "protected activity" for purposes of his retaliation claims was opposition to the mandate prior to its implementation. It is well-established, however, that Plaintiff cannot amend his pleading via brief, and this argument should not be considered by the Court. *See, e.g.*, *Commw. of Pa. ex. rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("'It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (citation omitted).[4]

Plaintiff's last ditch effort to amend the Amended Complaint through the Response is another tacit admission that his retaliation claims as pled cannot survive dismissal as a matter of law.

---

[4] Defendant did not address this argument in its Second Motion to Dismiss because it did not have fair notice. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted) (noting that Fed. R. Civ. P. 8 requires a short and plain statement of the claim showing that the pleader is entitled to relief "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'").

2. <u>Plaintiff Did Not Oppose an Unlawful Employment Practice.</u>

Even if Plaintiff properly pled that his employment was terminated because of his alleged opposition to the vaccine mandate before it was adopted, the COVID-19 mandate itself was lawful (and later even legally required[5]) and Plaintiff did not oppose the mandate as an unlawful employment practice.

An employer violates the anti-retaliation provisions of Title VII and/or the ADA if the adverse employment action occurs because of the employee's opposition to conduct made an unlawful employment practice. *See* 42 U.S.C. § 2000e-3; 42 U.S.C. § 12203. At the time of Plaintiff's alleged pre-mandate opposition, Defendant was merely considering, and had not yet definitively established, a COVID-19 vaccination policy. Thus, there was no "unlawful employment practice" for Plaintiff to oppose prior to the mandate's implementation. *See Hunter v. AFGroup Emerging Markets*, No. 22-CV-990, 2023 WL 372204, at *2 (E.D. Wis. Jan. 24, 2023) (dismissing plaintiff's religious retaliation claim and holding that "[plaintiff's] request for a religious exemption was not in opposition to an unlawful employment practice. [Defendant] had not yet announced a vaccination policy at the time he made his request. Thus, there was nothing for [plaintiff] to oppose."). And, when Doylestown Health adopted its vaccine mandate, it allowed for religious and medical exemptions. *See* Exhibit A to Defendant's Second Motion to Dismiss (ECF No. 14).

Furthermore, Plaintiff never questioned the legality of the prospective vaccine mandate nor opposed it as unlawful under Title VII or the ADA. Instead, Plaintiff expressed *clinical* concerns about a COVID-19 vaccine mandate based on his study of "the data regarding the

---

[5] *See* Am. Compl., ¶ 38, n.2 ("Ultimately, the Centers for Medicare and Medicaid Services imposed a COVID-19 vaccine mandate for all healthcare providers receiving Medicare/Medicaid funds (the **"CMS Mandate"**), which included Doylestown Health and Doylestown Hospital.").

efficacy of the COVID-19 vaccines and the side effects thereof, as well as statistics surrounding the duration and efficacy of those who had natural immunity from a prior COVID-19 infection." Am. Compl. ¶ 26. "After studying that data, Dr. Auteri voiced his *clinical concerns* to the Medical Executive Committee about the imposition of a COVID-19 vaccine mandate and instead supported voluntary vaccination and enhanced safety precautions for all employees as Doylestown Health had done throughout the pandemic." *Id*. at ¶ 30 (emphasis added). *See also id*. at ¶¶ 31-35 (detailing the clinical concerns Plaintiff expressed to Doylestown Health about the proposed vaccine mandate), ¶¶ 26-29 (discussing some of the bases for the clinical concerns Plaintiff expressed about the mandate).

Accordingly, even if Plaintiff had alleged in the Amended Complaint that he suffered an adverse action because he opposed Doylestown Health's vaccine mandate *prior* to its adoption, such opposition cannot support his retaliation claim as a matter of law because it was clinical in nature, there was no mandate in place for him to oppose, and the eventual mandate that Doylestown Health implemented was unquestionably lawful. *See* CMS interim final rule, published Nov. 5, 2021 (86 FR 61555); *Biden v. Missouri*, 595 U.S. 87 (2022) (allowing CMS interim rule mandating COVID-19 vaccination for health care workers to go into effect).

       3.    <u>Defendant was Acting Along Lines Previously Contemplated by the Vaccine Mandate When it Terminated Plaintiff's Employment for Failure to Comply with the Mandate.</u>

Furthermore, as detailed in the Second Motion to Dismiss, Plaintiff's alleged protected activity *after* the mandate's implementation cannot establish the requisite causal connection between his protected activity and revocation of his medical privileges and termination where the consequences for failing to comply with the mandate were established *prior* to his alleged protected activity. *See, e.g., Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001) (holding that "proceeding along lines previously contemplated, though not yet definitively

6

determined, is no evidence whatever of causality"); *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 137 (3d Cir. 2006) ("If subsequent conduct could prevent an employer from following up on an earlier decision to terminate, employers would be placed in a judicial straight-jacket [sic] not contemplated by Congress.") (citing *Breeden*, 532 U.S. at 272). Doylestown Health denied Plaintiff's accommodation requests and subsequently revoked his medical privileges and termination *as contemplated by the vaccine mandate*. And Plaintiff does not allege (nor could he with a straight face) that Doylestown Health adopted its vaccine mandate requiring COVID-19 vaccination as a condition of employment for all employees in retaliation for Plaintiff's objections to the proposed mandate. Thus, as a matter of law Plaintiff cannot establish the requisite causal connection between his alleged post-mandate actions and the termination of his employment because Doylestown Health merely complied with and enforced the terms of the previously established mandate.

    4.    <u>Even if Plaintiff's Opposition to the Mandate Prior to its Adoption Constitutes Protected Activity, Plaintiff Cannot Establish Causation.</u>

Even if Plaintiff's opposition to the vaccine mandate prior to its adoption constitutes legally protected activity, which it does not, the adoption of the mandate and Plaintiff's noncompliance with the mandate were "intervening events" that broke the causal connection between his pre-mandate opposition and the revocation of his medical privileges and termination. Any "causal connection may be severed by . . . some legitimate intervening event." *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 330 (3d Cir. 2016). *See also George v. Rehiel*, 738 F.3d 562, 586 (3d Cir. 2013) (granting motion to dismiss retaliation claim, stating that "an obvious alternative explanation . . . negates any inference of retaliation"); *Weiler v. R & T Mech., Inc.*, 255 F. App'x 665, 668–69 (3d Cir. 2007) (determining causal chain between protected activity and termination was broken by plaintiff's misconduct); *Outten v. Genesis Health Care,*

*LLC*, No. CIV.A. 13-4708, 2014 WL 3964918, at *12 (E.D. Pa. Aug. 12, 2014) (recognizing that "a causal link between an employee's protected activity and an adverse employment action against that employee may be broken by intervening events"); *Drwal v. Bor. of West View*, 617 F. Supp. 2d 397, 423-24 (W.D. Pa. 2009) (stating that an "intervening impropriety" by the employee between the protected activity and the adverse employment action "breaks the chain of evidence").

As detailed in the Second Motion to Dismiss and above, Doylestown Health was merely acting along lines previously contemplated by its vaccine mandate when it revoked Plaintiff's medical privileges, resulting in the termination of his employment. Doylestown Health's implementation of the vaccine mandate and Plaintiff's subsequent noncompliance with the mandate constitutes an intervening event between Plaintiff's alleged pre-mandate opposition and the revocation of his medical privileges and ultimate termination, and precludes Plaintiff from establishing a causation connection between the two as a matter of law.

### III.  CONCLUSION

For the reasons set forth herein and in Defendant's Second Motion to Dismiss, Plaintiff's breach of contract claim (Count III) and his Title VII and ADA retaliation claims (in Counts I and II) should be dismissed with prejudice.

Respectfully submitted,

*s/ Christopher D. Durham*
Christopher D. Durham, Esquire
Elisabeth G. Bassani, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1510/1813

*Attorneys for Defendant VIA Affiliates
d/b/a Doylestown Health Physicians*

Date: January 10, 2024

## CERTIFICATE OF SERVICE

I, Elisabeth G. Bassani, certify that on January 10, 2024, I caused a copy of the foregoing Reply Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint to be filed electronically, and the same is available for viewing and downloading from the ECF System by the following counsel of record:

**Kimberly L. Russell, Esq.**
Kaplan Stewart Meloff Reiter & Stein, P.C.
Union Meeting Corp. Center
910 Harvest Dr.
P.O. Box 3037
Blue Bell, PA 19422
610-941-2541
krussell@kaplaw.com

*Attorney for Plaintiff*

*s/ Elisabeth G. Bassani*
Elisabeth G. Bassani, Esquire