**EXHIBIT "5"**

**EXEMPTION DENIAL**



## Doylestown Health

Doylestown Hospital

October 13, 2021

*UPS Next Day Air*

Joseph S. Auteri, M.D.
3007 Holicong Road
Doylestown, PA 18902

Dear Dr. Auteri:

I am writing to you on behalf of Doylestown Hospital ("DH") and VIA Affiliates ("VIAA"), as a follow-up to my October 12, 2021 email to you and our two meetings (September 15 and October 11, 2021), in which you requested an exemption from DH and VIAA' COVID-19 vaccination requirement notwithstanding your untimely request for an exemption and your acknowledgment that such an exemption would result in you receiving more favorable treatment than your fellow DH and VIAA Associates.

<u>Denial of Untimely Exemption Request</u>

As I informed you, because you neither received your COVID-19 vaccination by October 11, 2021, nor requested a medical or religious exemption from DHS' COVID-19 vaccination requirement by the September 10, 2021 deadline, you would be placed on a 30-day leave of absence effective October 12, 2021. I confirmed this information in an e-mail dated October 12, 2021.

Although you requested an exemption, you only did so after the September 10, 2021 deadline, by way of two letters to me dated October 6, 2021, which set forth two different grounds for your exemption request. In one of those letters, you base your exemption request on your May 2021 COVID-19 infection, which you assert "made you better protected than many others currently working at the hospital." Your letter further states: "I had a positive antigen test in May, and recently have been tested for both antibody and as well as T-Cell immunity and based on these results my physician describes me as having 'robust immunity.'" However, prior COVID-19 infection is not a basis for an exemption from DH's or VIAA's COVID-19 vaccination requirement.[1]

---

[1] Your assertions also are inconsistent with current CDC guidance, which specifically states that "None of the currently authorized SARS-CoV-2 antibody tests have been validated to evaluate specific immunity or protection from SARS-CoV-2 infection" and that "Antibody testing is NOT currently recommended to assess . . . Immunity to COVID-19 following COVID-19 vaccination [or] [t]he need for vaccination in an unvaccinated person." Furthermore, the CDC currently recommends that healthcare providers "Offer vaccination regardless of history of prior symptomatic or asymptomatic SARS-CoV-2 infection" and that "[w]hile there is no recommended minimum interval between infection and vaccination, current evidence suggests that the risk of SARS-CoV-2 reinfection is low in the months after initial infection but may increase with time due to waning immunity." *See* https://www.cdc.gov/vaccines/covid-19/hcp/faq.html.

With respect to your request for a religious exemption in your second letter dated October 6, 2021, your request was rejected because you did not submit it until well after the September 10, 2021 deadline.  However, even if DH and VIAA were to afford you special treatment and grant your request for an *exemption* from the vaccination requirement, DH and the VIAA would not be able to provide you with an *accommodation* that would enable you to continue performing heart surgery, as this would impose an undue hardship on DH and VIAA because the safety of the vulnerable and high-risk patient population for whom you care would be jeopardized by your performing heart surgery without being vaccinated for COVID-19, as determined by DH Infection Control.

<u>Notice of Breach of Employment Agreement and Opportunity to Cure</u>

As you further are aware, your medical staff membership and privileges at Doylestown Hospital were suspended by the Medical Executive Committee effective October 12, 2021, due to your failure to become vaccinated for COVID-19.

Your Employment Agreement with VIAA, as amended (the "Employment Agreement"), provides that VIAA may terminate your employment for cause immediately "[u]pon the . . . revocation, termination, suspension or limitation of [your] privileges at any hospital or facility" (Section 9.2.2.3) and/or "[i]f VIAA or [Doylestown] Hospital determine, in good faith after a reasonable investigation, that . . . the safety of patients is jeopardized by [your] continued services." (Section 9.2.2.8)

Furthermore, the Employment Agreement requires that you "remain a member in good standing of the Active Medical Staff of [Doylestown] Hospital and of any other hospital at which [you] obtain[] staff membership and privileges." (Section 2.1.8).  If you breach this obligation, and fail to cure such breach within 30 days of receiving written notice of the breach, VIAA may terminate your employment for cause.  (Section 9.2.2.9)

VIAA and DH value your significant contributions to the Heart Institute and DH patients over the years, and we want you to remain employed by VIAA and continue serving as the Medical Director of the Heart Institute and the Chief of Cardiovascular Surgery.  Accordingly, although VIAA has multiple grounds for cause to terminate your employment immediately pursuant to Sections 9.2.2.3 and 9.2.2.8, it is electing not to do so at this time, without prejudice to VIAA's right to terminate your employment for cause in the future for your current, or any future, violation of Section 9.2.2.3, Section 9.2.2.8 or any other provision of the Employment Agreement, which right is not waived and hereby expressly is reserved.

Instead, this letter constitutes thirty (30) days' notice of your breach of Section 2.1.8 of the Employment Agreement, pursuant to Section 9.2.2.9 and Section 12 of the Employment Agreement.

2

You may cure such breach by:

1.  Receiving at least the first dose in a two-dose COVID-19 vaccination series (or a single dose vaccine) during the 30-day notice period and submitting proof of such vaccination to Occupational Health by November 11, 2021.
2.  If you elect to receive the first dose in a two-dose COVID-19 vaccination series (as opposed to a single dose vaccine), you will be required to receive the second dose and submit proof of same to Occupational Health on or before December 11, 2021.

Communications with Third Parties Regarding Employment Status

We are aware that you have been informing third parties, including DH and VIAA patients and referring physician practices, that your employment has been terminated. However, we have not informed you that your employment has been terminated and this letter affirms that your employment has not been terminated.

While you are free to communicate truthfully with third parties regarding your employment status, knowingly making false statements to third parties with whom DH and VIAA have a business relationship (*e.g.*, DH and VIAA patients and referring physician practices) regarding your employment status potentially has the effect of interfering with DH's and VIAA's business relationship with those third parties.

We expect that moving forward, to the extent, you communicate with third parties regarding your employment status; particularly third parties with whom DH and VIAA has a business relationship, such communications will be truthful in nature.

*        *        *        *        *        *

It is our hope that you will become fully vaccinated for COVID-19 as soon as possible so that your staff membership and privileges can be reinstated and you can return to work.

However, if you do not cure your breach of the Employment Agreement by taking the steps set forth above, VIAA will terminate your employment for cause pursuant to Section 9.2.2.9 of the Employment Agreement.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Barbara Hebel
VP Human Resources

3