IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. AUTERI, M.D. | : | |
| Plaintiff, | : | No. 22-cv-03384 |
| | : | |
| v. | : | |
| | : | |
| VIA AFFILIATES, d/b/a | : | JURY TRIAL DEMANDED |
| DOYLESTOWN HEALTH | : | |
| PHYSICIANS | : | |
| Defendant. | : | |

**JOINT CASE MANAGEMENT REPORT**

I.  **STATEMENT OF FACTS**

   A.   Plaintiff's Statement

As set forth in detail in the Second Amended Complaint, incorporated herein by reference, the instant action stems from Doylestown Health's failure to grant Dr. Auteri's requests for a religious exemption from Doylestown Health's COVID-19 vaccine mandate, including Doylestown Health's failure to engage in the interactive process to discuss Dr. Auteri's proposed reasonable accommodation, failure to grant Dr. Auteri's accommodation request, Doylestown Health's creation of a hostile work environment, and Doylestown Health's retaliation against Dr. Auteri, culminating in Doylestown Health's termination of Dr. Auteri's employment and breach of Dr. Auteri's employment agreement, all of which has resulted in grievous and substantial harm to Dr. Auteri. After terminating Dr. Auteri's employment without any effort to engage in the interactive process to accommodate Dr. Auteri's exemption request, Doylestown Health began engaging in the same COVID-19 testing process which Dr. Auteri sought as a reasonable accommodation and required employees to work when infected with COVID-19, yet Doylestown Health refused to reinstate Dr. Auteri, demonstrating Doylestown Health's intentional discrimination against Dr. Auteri. Doylestown Health engaged in systemic and purposeful

discrimination against Dr. Auteri on the basis of Dr. Auteri's religious affiliation in violation of Title VII and the PHRA. Doylestown Health's intentionally discriminatory and harassing conduct must be eradicated and Doylestown Health must be made to remedy all such discrimination conduct in full.

Doylestown Health's claims that Doylestown Health acted in the name of "patient safety" in denying Dr. Auteri's exemption request and failing to engage in the interactive process as required by law is pretext and belied by Doylestown Health's own policies shortly after Dr. Auteri's termination which implemented the same accommodation which Dr. Auteri requested. As a result of Doylestown Health's unlawful conduct, Dr. Auteri was forced to engage in a nationwide search for alternate employment and spent over a year traveling all over the country taking temporary employment, away from his wife and family, before being forced to accept a permanent position halfway across the country away from Dr. Auteri's children and young grandchildren. Had Doylestown Health offered Dr. Auteri reinstatement in December 2021, approximately one month after Dr. Auteri's termination when Doylestown Health implemented a testing program for all employees which was the same as Dr. Auteri's requested accommodation, Dr. Auteri would have suffered only limited damages but due to Doylestown Health's discriminatory animus against Dr. Auteri on the basis of Dr. Auteri's well known religious convictions, Doylestown Health ignored Doylestown Health's legal obligations to Dr. Auteri.

    B.    <u>Defendant's Statement</u>

Plaintiff began his employment at Doylestown Health in 2007 as the Chief of Cardiovascular Surgery and the Medical Director of the Doylestown Heart Institute at Doylestown Hospital. During the COVID-19 Pandemic, Doylestown Health implemented a COVID-19 vaccine requirement, which is the subject of this litigation. In the Second Amended

Complaint, Plaintiff alleges that Doylestown Health discriminated against him based on the basis of his religious beliefs by denying him an exemption to the vaccine requirement and terminating his employment.

Doylestown Health set a deadline for employees to seek an exemption to the vaccine requirement on the basis of a medical condition or religious affiliation. Plaintiff did not submit an exemption request by the deadline. On October 11, 2021, Defendant suspended Plaintiff because he failed to comply with the COVID-19 vaccination requirement. Plaintiff then submitted two rounds of exemption requests from the vaccination requirement. First, on October 11, 2021, Plaintiff submitted a request for an exemption from the vaccine requirement on the basis of his alleged disability, and a separate request for an exemption based on his religious beliefs. On October 13, 2021, Doylestown Health denied Plaintiff's requests. On October 22, 2021, Plaintiff, through his legal counsel, submitted another request for an exemption on both medical and religious grounds. On November 9, 2021, Doylestown Health, through its counsel, denied Plaintiff's second request. On November 11, 2021, Doylestown Hospital terminated Plaintiff's medical privileges. On November 18, 2021, Doylestown Health terminated Plaintiff's employment because of the termination of his medical privileges at Doylestown Hospital.

Defendant denied Plaintiff's requests for a religious exemption from Doylestown Health's COVID-19 vaccine requirement because allowing him to continue working in his position as he had requested would have posed a significant and unacceptable risk to the health and safety of the extremely vulnerable heart patients whom Plaintiff treated and, in turn, would have imposed an undue hardship on Defendant. Doylestown Hospital's Medical Review Committee (the "Committee"), comprised of infection control specialists and physicians, evaluated the risks posed by the presence of unvaccinated employees at Doylestown Hospital,

and concluded that permitting unvaccinated employees to continue working in certain departments or service lines with vulnerable patient populations, including the Heart Institute, would unacceptably jeopardize patient health and safety. For that reason, employees working with such vulnerable patient populations were required to be vaccinated against COVID-19. Alternatively, if they requested and qualified for a medical or religious exemption, they were required to transfer to a department or service line with a less vulnerable patient population as an accommodation and required to follow enhanced safety measures, to the extent that a comparable position was available and the employee was qualified for the position. No unvaccinated Doylestown Health employee was permitted to continue working in a department or service line identified by the Committee as a particularly vulnerable patient population for whom the presence of unvaccinated providers would impose an unacceptable health and safety risk.

Plaintiff's cardiovascular patients were among the most vulnerable patients and were at higher risk of complications if they contracted COVID-19. For that reason, the Committee concluded that all workers in the cardiovascular service line would need to be vaccinated or, if they requested and qualified for a medical or religious exemption, transferred to a department or service line with less-vulnerable patients. As a very highly paid and specialized heart surgeon, there was no comparable position to which Plaintiff could have been transferred, and allowing him to continue working in the Heart Institute unvaccinated would have imposed an undue hardship on Doylestown Health.

## II.     THE COURT'S JURISDICTION OVER THE PARTIES AND THE ACTION

This Court has jurisdiction over the instant action under 28 U.S.C. §§ 1331 and 1343(a)(4) because the action arises under the laws of the United States and seeks redress under federal laws.  This Court has supplemental jurisdiction over Plaintiff's claim under the

Pennsylvania Human Relations Act because that claim arises out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

### III.   PLAINTIFF'S STATEMENT OF CAUSES OF ACTION AND RELIEF SOUGHT

Both Dr. Auteri's Title VII claim and his PHRA claim have the same essential elements, all of which Dr. Auteri has pled:

1. Dr. Auteri requested an exemption from Doylestown Health's Covid-19 "vaccine" Mandate on the basis of Dr. Auteri's sincerely held religious beliefs.

2. Dr. Auteri sought a reasonable accommodation of the Mandate requirements.

3. Doylestown Health denied Dr. Auteri's requests for an exemption of the Mandate requirements.

4. Doylestown Health refused to engage in the interactive process with Dr. Auteri in an effort to reach a reasonable accommodation of the Mandate requirements.

5. Dr. Auteri's accommodation requests did not impose an undue burden on Doylestown Health.

6. Doylestown Health terminated Dr. Auteri's employment for refusing to comply with the Mandate after Dr. Auteri requested an exemption and a reasonable accommodation.

7. The reasons Doylestown Health offered for Dr. Auteri's termination are pretext.

8. Shortly after Doylestown Health terminated Dr. Auteri's employment, Doylestown Health implemented the same COVID-19 testing and/or health screening protocols which Dr. Auteri sought as a reasonable accommodation following his request for a religious exemption from the Mandate.

9. Doylestown Health implemented those testing and/or health screening protocols approximately four to six weeks after Doylestown Health terminated Dr. Auteri, but Doylestown Health did not offer Dr. Auteri reinstatement.

10. Doylestown Health engaged in unlawful, intentional discrimination against Dr. Auteri by suspending Dr. Auteri without pay and thereafter terminating Dr. Auteri for Dr. Auteri's assertion of his right to religious freedom as protected by Title VII.

11. Dr. Auteri suffered substantial damages despite Dr. Auteri's extensive mitigation efforts.

Dr. Auteri seeks relief in the form of damages in the form of lost wages, compensatory damages, punitive damages, attorney's fees, and other relief as this Court deems appropriate and just.

## IV. DEFENDANT'S STATEMENT OF DEFENSES

### A. Defenses

Plaintiff cannot establish the essential elements of a Title VII or PHRA religious discrimination or failure to accommodate claim. First, Plaintiff cannot establish a discrimination claim because Plaintiff cannot prove that he had a sincerely held religious belief that conflicted with the vaccine requirement. Furthermore, Plaintiff cannot demonstrate disparate treatment because Defendant's vaccination policy applied equally to all employees, regardless of religious affiliation. In fact, Defendant accommodated employees who requested an exemption for religious reasons where the employee (1) did not work with a vulnerable patient population, or (2) worked with a vulnerable patient population but could transfer to a different unit with less vulnerable patients.

Furthermore, Plaintiff cannot establish a failure to accommodate claim or discrimination claim on the basis of his accommodation request because granting Plaintiff an exemption to the vaccine mandate would have created an undue hardship for Defendant. As detailed above, Plaintiff's exemption from the vaccination policy would have posed an unacceptable safety and health risk to vulnerable heart patients who were at high risk of severe illness if they contracted COVID-19.

B. Essential Elements of Affirmative Defenses

Defendant anticipates setting forth the following affirmative defenses, but reserves the right to incorporate additional affirmative defenses as raised in Defendant's Answer to the Second Amended Complaint.

*Failure to Mitigate Damages*:

(1) substantially equivalent work was available; and

(2) Plaintiff did not exercise reasonable diligence to obtain the employment.

V. **DISCLOSURE REQUIREMENTS PER FED.R.CIV.P. 26(a)(1)**

Dr. Auteri served Dr. Auteri's Initial Disclosures Under Fed.R.Civ.P. 26(a)(1) on October 1, 2024. Doylestown Health will serve Doylestown Health's Initial Disclosures Under Fed.R.Civ.P. 26(a)(1) within fourteen (14) days of the Rule 26(f) conference held on October 2, 2024.

VI. **ANTICIPATED DISCOVERY DEADLINE**

- Fact Discovery Deadline: February 12, 2025 (approximately 120 days from the date of the Pretrial Scheduling Conference)
- Plaintiff's Expert Report(s): 15 days after fact discovery deadline
- Defendant's Expert Report(s): 30 days after Plaintiff's Expert Report(s) deadline

- Dispositive Motions: 45 days after fact discovery deadline

### VII. ADDITIONAL PARTIES TO BE JOINED

None at this time.

### VIII. NEGOTIATIONS

Dr. Auteri issued a settlement demand on October 1, 2024, which Defendant is evaluating. Defendant is open to engaging in settlement negotiations in good faith at the appropriate stage of the matter.

### IX. LIST OF COUNSEL PARTICIPATING IN CONFERENCE

Counsel for Dr. Auteri:           Kimberly L. Russell, Esquire

Counsel for Doylestown Health:    Christopher D. Durham, Esquire
                                  Elisabeth G. Bassani, Esquire


**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

**By:** /s/Kimberly L. Russell
Kimberly L. Russell, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA 19422
(610) 941-2541 (phone)
(610) 684-2026 (fax)
krussell@kaplaw.com

Attorneys for Plaintiff

**DUANE MORRIS LLP**

**By:** /s/Christopher D. Durham
Christopher D. Durham, Esquire
Elisabeth G. Bassani, Esquire
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1510/1813 (phone)
(215) 689-4915/0855 (fax)
cddurham@duanemorris.com
ebassani@daunemorris.com

Attorneys for Defendant

**Dated:** October 4, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. AUTERI, M.D. | : | |
| Plaintiff, | : | No. 2:22-cv-03384 |
| | : | |
| v. | : | |
| | : | |
| VIA AFFILIATES, d/b/a | : | |
| DOYLESTOWN HEALTH | : | |
| PHYSICIANS | : | |
| Defendant. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of "Joint Case Management Plan" was caused to be served via email, by the undersigned on the date stated below, to the addressees stated below, and at the addresses stated below:

Christopher D. Durham, Esquire
Elisabeth G. Bassani, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103
cddurham@duanemorris.com
ebassani@daunemorris.com
Attorneys for Defendant

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:   */s/Kimberly L. Russell, Esquire*
Kimberly L. Russell, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422
(610) 941-2541 (phone)
(610) 684-2026 (fax)
krussell@kaplaw.com

Attorneys for Plaintiffs

**Dated:**  October 4, 2024