IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. AUTERI, M.D. | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:22-cv-03384 |
| v. | : | |
| | : | |
| VIA AFFILIATES, D/B/A DOYLESTOWN HEALTH PHYSICIANS | : | |
| | : | |
| | : | |
| Defendant. | : | |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2024, upon consideration of the parties' Confidentiality Agreement, in particular the representations made by the parties therein relating to the nature of the personal, proprietary, and/or confidential information at issue in this matter, and the Court finding that:

(a)  Courts in the Third Circuit must balance the private and public interests in disclosure, including, but not limited to, whether: (1) such disclosure will violate any privacy interests; (2) the information is being sought for a legitimate or improper purpose; (3) disclosure will cause a party embarrassment; (4) confidentiality is being sought over information important to public health or safety; (5) the sharing of information among the litigants will promote fairness and efficiency; (6) a party benefitting from the Order is a public entity or official; and (7) the case involves issues important to the public. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994).

(c)  For the following reasons, the balancing of the relevant private and public interests weighs in favor of approving and adopting as an Order of this Court the parties' Confidentiality Agreement;

(d)     First, certain of the documents and information the parties have requested or anticipate requesting from each other or third parties in discovery contain information that, if disclosed, likely would violate the privacy interests of at least the following people and/or entities: (1) Defendant, whose confidential and proprietary documents and information (including, but not limited to, business strategy, financial information, and human resources matters) appear in discoverable documents; (2) Plaintiff, whose personal and confidential information (including social security number and medical information) and financial information (including earnings and tax information) appear in discoverable documents; and (3) non-party employees or former employees of Defendant whose confidential information (including personnel files) may be the subject of discovery.

(e)     Second, this is a single-plaintiff employment discrimination and retaliation case, and the personal, confidential, and proprietary information belonging to Defendant, Plaintiff, and non-party employees and former employees of Defendant, is collateral to the core issues in this case, such that there is no legitimate need for this information to be made public in light of the claims and/or defenses of the parties;

(f)     Third, the disclosure of at least some of the personal, confidential and proprietary information sought to be protected by the Confidentiality Agreement (such as medical information of Plaintiff and personnel records for certain non-party employees and former employees of Defendant, which are likely discoverable in this case) would cause the parties and certain non-parties embarrassment;

(g)     No confidentiality protection is being sought by any governmental entity or official, the underlying litigation is not of importance to the public at large but merely a private dispute

2

between an individual and his former employer, and confidentiality is not being sought over information that is important to public health or safety;

(h)     Moreover, the Confidentiality Agreement sought in this case does not undermine fairness or efficiency in this case as evidenced by the consent of all parties to the request for entry of this Order and the Confidentiality Agreement; and

(i)     The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

It is hereby ORDERED that the parties' Confidentiality Agreement is APPROVED and ADOPTED as an Order of this Court.

BY THE COURT:

The Honorable Judge
R. Barclay Surrick

## CONFIDENTIALITY AGREEMENT

This Confidentiality Agreement is agreed to by Plaintiff Joseph S. Auteri, M.D. ("Plaintiff") and Defendant VIA Affiliates, d/b/a Doylestown Health Physicians ("Defendant") (referred to collectively as the "Parties" and individually as a "Party"), by and through their respective attorneys, for the purpose of facilitating mutual discovery by providing appropriate protections for discovery and other materials that any Party reasonably believes contain confidential financial information, confidential personnel information, confidential medical information, or other confidential or proprietary information.

WHEREAS, the Parties agree that certain documents and information subject to discovery may contain material that the producing/disclosing Party considers confidential such as trade secrets, non-public commercial information that is technical or commercially advantageous to its possessor, confidential personnel information, confidential medical information, and other information protectable in accordance with the Court rules;

WHEREAS, the Parties agree that disclosure of such documents and information will work a clearly defined and serious injury to the disclosing Party;

NOW, THEREFORE, the Parties agree as follows:

1.   "Confidential Information" means the following categories of documents that may be designated "CONFIDENTIAL" by the Party producing it in any formal or informal discovery:

   (a)   Compensation records of current or former employees;

   (b)   Personnel files and records of current or former employees;

   (c)   Any confidential or personal medical records of Plaintiff and of current or former employees;

(d) Any Party's financial information (including Plaintiff's W-2 and 1099 forms and tax returns, and documents reflecting financial information of Defendant that is not publicly available);

(e) Any proprietary business information belonging to Defendant; and

(f) Defendant's proprietary information (including business plans and financial information) and trade secret information.

The categories of records listed in Paragraph 1(a)-1(f) shall be deemed Confidential Information whether they are produced directly from third parties or whether they are included in the confidential records produced by the Parties. Notwithstanding the foregoing, Confidential Information does not include information that is readily available to the public or is rightfully acquired by any Party or counsel without restriction as to use or obligation as to confidentiality. Such Confidential Information shall be used solely for the purpose of conducting this litigation and not for any business or other purpose whatsoever, and shall be subject to the terms of this Agreement.

2. Materials believed to be confidential (the "Confidential Materials") shall be stamped or designated "CONFIDENTIAL" and shall be maintained and disclosed subject to the provisions of this Agreement. Unless otherwise agreed to by the Designating Party in writing, Confidential Materials filed with the Court shall be filed under seal and kept under seal until further Order of Court. The sealed envelope in which such Confidential Material is filed shall be prominently marked as "CONFIDENTIAL: Not to be used, copied or disclosed except as authorized by Court Order." One copy of any Confidential Material filed with the Court shall be furnished to opposing counsel in a sealed container prominently marked "CONFIDENTIAL."

3. Confidential Materials to be produced to another Party by way of an electronic sharefile shall be prominently marked as "CONFIDENTIAL" prior to inclusion in the sharefile. The producing Party shall make the sharefile containing the Confidential Materials available to the other Party only by means of a password-protected sharefile link.

4. In the event that a Party objects at any time to the designation of a document, testimony, or information as "Confidential" (which right is hereby reserved), the Objecting Party shall notify the Designating Party of its objection in writing. The Parties shall then endeavor to resolve any such disputes informally. In the event that the dispute cannot be resolved informally, either Party may apply to the Court by way of motion for a ruling as to the appropriateness of the designation in light of the terms of this Confidentiality Agreement, and based upon prevailing law. Until the Court enters an order affecting the designation of the document, testimony or information, it shall be treated as "Confidential" in accordance with this Confidentiality Agreement.

5. The failure of a Party or non-party producing or receiving documents in the course of this matter to designate any document, testimony and other information as "Confidential" shall not constitute an admission that such document, testimony, or other information is not confidential, or that it should not be protected under common law or statute.

6. Except as otherwise provided herein, Confidential Material shall be used solely for the prosecution and defense of the claims in the Litigation, and not for any business or other purpose whatsoever. Unless the Court rules otherwise upon a showing of good cause, information designated as "CONFIDENTIAL" shall not be disclosed to any person other than the Court and the following individuals:

(a) the Parties to the Litigation and their officers, employees, insurers, re–insurers, and agents;

(b) the Court and Court personnel for any purpose the Court deems to be necessary;

(c) counsel of record in the Litigation and members and associates of their law firm;

(d) the clerical and paralegal staff of counsel of record in the Litigation;

(e) persons retained by counsel of record to furnish expert services or advice or to give expert testimony in the Litigation;

(f) any person whose testimony is taken or may be taken in this action, except that such person may only see and retain copies of the Confidential Information during his/her testimony, in preparation therefore, or in discussions with persons described in subparagraphs 6(a) through (c) above regarding possible testimony, and may not thereafter retain any Confidential Information; and

(g) court personnel at trial of the Litigation.

Material stamped "CONFIDENTIAL" shall not be disclosed to any other person not included within subparagraphs (a) through (g) of this paragraph except as otherwise agreed upon in writing by the Designating Party or except as permitted by Order of Court.

7. Before disclosure of the Confidential Information to any person as permitted by Paragraph 6(e) or 6(f), such person shall read a copy of this Confidentiality Agreement and sign an Individual Confidentiality Agreement in the form attached hereto as Exhibit A. Counsel obtaining such Individual Confidentiality Agreement shall retain the executed original Individual Confidentiality Agreement and shall forward a copy of the executed Individual Confidentiality Agreement to opposing counsel promptly following its execution. The disclosure to the producing Party of the identity of persons to whom Confidential Information has been

disseminated and a copy of the Individual Confidentiality Agreement for such person shall not constitute a waiver of any privilege which may be available to the receiving Party.  No Confidential Information shall be disclosed pursuant to Paragraph 6(e) or 6(f) to any person who refuses to sign an Individual Confidentiality Agreement.  In the event any person who has signed an Individual Confidentiality Agreement refuses to comply therewith, or to knowledge of counsel, fails to adhere to the terms thereof, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the producing Party.

8. The receiving Party shall not duplicate any Confidential Information except working copies and for filing with the Court.

9. Any person who makes any disclosure of the Confidential Information permitted under this Confidentiality Agreement shall advise each person to whom such disclosure is made concerning the terms of this Confidentiality Agreement.  This Confidentiality Agreement shall be binding upon the Parties, their officers, agents, independent contractors, servants, employees, and upon those persons in active concert or participation with them who receive actual notice of this Confidentiality Agreement, to the same effect and with the same authority as an injunctive order of this Court.

10. At any deposition or portion thereof in which Confidential Information will be inquired into and/or disclosed, the producing Party may require the deposition witness and/or reporter to read and sign an Individual Confidentiality Agreement if he or she has not already done so.  Persons in attendance at depositions, other than those listed in Paragraph 6 hereof, shall be limited at the request of the producing Party during the discussion of or disclosure of Confidential Information.  The producing Party shall have twenty (20) days after the deposition transcript has been made available to designate those portions of the deposition testimony or

exhibits which they deem to contain or reveal Confidential Information and a notice of such designation must be promptly sent to opposing counsel and the court reporter.  The portions of any deposition transcript or exhibits thereto designated or deemed to be Confidential by the producing Party shall be separately transcribed by the court reporter and marked with the legend "CONFIDENTIAL" and shall have a rebuttable presumption of Confidentiality unless and until the Court orders otherwise upon motion to the Court by the receiving Party.  Confidential Information shall not lose its confidential status by its use in other depositions, discovery, or court proceedings, and if filed with the Court, shall be filed under seal as set forth in Paragraph 2 hereof.

11. Subject to the applicable rules of evidence, the Confidential Information may be offered in evidence at trial.  No later than fifteen (15) days before the date of trial established by order of the Court, any Party may move the Court for an order that evidence be received in camera or under other conditions to prevent unnecessary disclosure.  The particular Confidential Information, or portions thereof, for which protection is sought, shall be specified in the motion. The Court will determine in its pretrial order whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

12. The provisions of this Confidentiality Agreement shall not terminate at the conclusion of this litigation but shall survive the termination of the litigation.  Within thirty (30) days after final conclusion of all aspects of this litigation, the receiving Party shall use her or its best efforts to return to the producing Party or destroy the Confidential Information and all copies of same (other than exhibits of record).  The receiving Party shall make certification of

compliance herewith and, if not destroyed, the Confidential Information shall be delivered to the producing Party's counsel not more than thirty (30) days after final termination of this litigation.

13. The attorneys for the Parties shall be permitted to retain copies of any Confidential Materials for a period necessary for professional liability purposes after which they shall be either destroyed or returned to the producing Party. Any attorneys retaining the Confidential Materials for such purpose shall protect their confidentiality pursuant to this Agreement until they are either destroyed or returned.

14. Nothing in this Confidentiality Agreement shall be construed in any way to control the use, dissemination, publication, or disposition by the producing Party of the Confidential Information. Nothing in this Confidentiality Agreement shall be construed as a waiver of any privilege and/or work product that may be applicable to any documents or information. However, any publication by the producing Party of Confidential Information shall be a waiver of the confidential nature of that information placed in the public court record.

15. Non-Disclosure and Claw Back Agreement.

(a) The inadvertent disclosure or production by any of the Parties to this Agreement of attorney-client privileged communications, attorney work product or any other documents subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery ("Privileged Information") shall not constitute a waiver of the immunity or privilege.

(b) If a Party inadvertently discloses or produces Privileged Information, the disclosing Party shall promptly upon discovery of such inadvertent disclosure or production, inform the receiving Party in writing, and the receiving Party shall immediately destroy such Privileged Information and all copies thereof (as well as

all notes or other work product reflecting the contents of such Privileged Information) or return such Privileged Information and all copies thereof (as well as all notes or other work product reflecting the contents of such Privileged Information) to the Party which inadvertently disclosed such Privileged Information, and shall delete such Privileged Information from any litigation support or other database or electronic medium.

(c) No use shall be made of such Privileged Information during depositions or at trial or for any other purpose, nor shall it be disclosed to anyone who was not given access to it prior to the request to return or destroy it.

(d) To the extent such Privileged Information may have been disclosed to persons other than authorized persons described in this Agreement, the receiving Party shall: (1) promptly inform the disclosing Party of any disclosure to any non-authorized person and (2) make every reasonable effort to retrieve the information promptly from such persons to avoid further disclosure to non-authorized persons.

(e) In the event that the receiving Party discovers or reasonably believes that it has received Privileged Information, the receiving Party shall promptly (1) so advise the producing Party in writing, (2) refrain from further review of the Privileged Information, and (3) return such Privileged Information and all copies thereof within five (5) days of receiving a written request from the producing Party to return such Privileged Information, unless the receiving Party disputes the claim of privilege under Paragraph 15(f) below.  No Party to this action shall thereafter assert that such disclosure waived any privilege or immunity.

  (f)  If a receiving Party of claimed Privileged Information disputes the privileged nature of the disclosure or production, such receiving Party shall bring the matter to the attention of the Court within seven (7) calendar days of the receiving Party notifying the producing Party of such a dispute.

  16.  This Confidentiality Agreement shall become effective immediately upon execution by the Parties.

Entered into by and among the Parties this 25 day of November, 2024:

| | |
|---|---|
| */s/ Kimberly L. Russell* | */s/ Christopher D. Durham* |
| Kimberly L. Russell, Esquire | Christopher D. Durham, Esquire |
| Kaplin Stewart Meloff Reiter & Stein, P.C. | Elisabeth G. Bassani, Esquire |
| Union Meeting Corp. Center | Duane Morris LLP |
| 910 Harvest Dr. | 30 South 17th Street |
| P.O. Box 3037 | Philadelphia, PA 19103 |
| Blue Bell, PA 19422 | (215) 979-1000 |
| 610-941-2541 | cddurham@duanemorris.com |
| krussell@kaplaw.com | ebassani@duanemorris.com |
| | |
| Attorneys for Joseph S. Auteri, M.D. | Attorneys for Defendant VIA Affiliates, d/b/a Doylestown Health Physicians |

## **EXHIBIT A**

## **INDIVIDUAL AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I have read and understand the Confidentiality Agreement in the case of <u>Joseph S. Auteri, M.D. v. VIA Affiliates, d/b/a Doylestown Health Physicians</u>, Civil Action No. 2:22-cv-03384 pending in the United States District Court for the Eastern District of Pennsylvania. A copy of the Confidentiality Agreement has been delivered to me with my copy of this Individual Agreement. I agree to be bound by all the terms of this Individual Agreement. I agree to be bound by all the terms of the Confidentiality Agreement, regardless of whether it is entered by the Court, and hereby agree not to use or disclose the Confidential Information to be disclosed to me except for purposes of this litigation as required by the Confidentiality Agreement. I further agree and attest to my understanding that a breach of this Individual Agreement may be directly actionable, at law and equity, and may constitute a violation of the Confidentiality Agreement, and that in the event I fail to abide by the terms of the Confidentiality Agreement, or if I disclose or make use of any Confidential Information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure.

Dated: _____

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City      State      Zip

_____
Employer