**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | CIVIL ACTION NO. 2:22-cv-03384 |
| VIA AFFILIATES d/b/a DOYLESTOWN : | |
| HEALTH PHYSICIANS, : | |
| : | |
| Defendant. : | |

## ORDER

AND NOW this ___ day of _____, 2025, upon consideration of the Motion of Non-Party Alex Gorsky to Quash Subpoena and for a Protective Order, and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motion is GRANTED and the subpoena directed to Alex Gorsky is QUASHED. It is further ORDERED that Plaintiff is forbidden prospectively from seeking third-party discovery from Alex Gorsky.

**IT IS SO ORDERED.**

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., | : |
| Plaintiff, | : |
| v. | : |
| VIA AFFILIATES d/b/a DOYLESTOWN HEALTH PHYSICIANS, | : CIVIL ACTION NO. 2:22-cv-03384 |
| Defendant. | : |

**MOTION OF NON-PARTY ALEX GORSKY TO QUASH SUBPOENA AND
FOR A PROTECTIVE ORDER**

Non-Party Alex Gorsky hereby moves pursuant to Federal Rules of Civil Procedure 45(d)(3)(A) and 26(c)(1) to quash the subpoena directed to him that Plaintiff, Joseph S. Auteri, M.D., purported to serve on or about February 11, 2025, and for a protective order against future attempts to obtain discovery from Mr. Gorsky. The bases for this Motion are set forth in the attached Memorandum of Law and the Declaration of Alex Gorsky, which are incorporated herein.

Respectfully submitted,

*/s/ Christopher D. Durham*
Christopher D. Durham, Esquire
Adam D. Brown, Esquire
Elisabeth G. Bassani, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1800

*Attorneys for Non-Party Alex Gorsky*

Dated: February 14, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>VIA AFFILIATES d/b/a DOYLESTOWN :<br>HEALTH PHYSICIANS, :<br>:<br>Defendant. :<br>: | CIVIL ACTION NO. 2:22-cv-03384 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
NON-PARTY ALEX GORSKY TO QUASH SUBPOENA AND
<u>FOR A PROTECTIVE ORDER</u>**

Non-party Alex Gorsky respectfully submits this Memorandum of Law in support of his Motion to Quash Subpoena and for a Protective Order.

**I.   INTRODUCTION**

Mr. Gorsky is a well-known executive and philanthropist who, together with his spouse, has been a prominent donor to and participant in fundraising for a non-profit foundation affiliated with Defendant VIA Affiliates d/b/a Doylestown Health ("Defendant" or "Doylestown Health"). He is a non-party to this matter who is not, and has not during the relevant time, been employed by Defendant. He is only tangentially involved in the events related to this litigation by way of a single telephone conversation he had with Plaintiff, which Plaintiff described in his interrogatory answers served on Defendant almost three months ago. Despite having the entire fact discovery period in this case to seek discovery from Mr. Gorsky, and opportunity by way of written and deposition discovery to obtain the same information from Defendant, Plaintiff improperly has attempted to compel Mr. Gorsky by subpoena to appear for a deposition *on one*

*day's notice on the last day of the fact discovery deadline* established by the Court.  Furthermore, Plaintiff attempted to effect "service" of the subpoena *ad testificandum* by (according to his counsel's representation) delivering it via certified mail to a New York City address allegedly associated with Mr. Gorsky at which neither Mr. Gorsky nor any person authorized to accept service on his behalf resides or was present at the time of delivery.  In fact, Mr. Gorsky still has not received a physical copy of the Subpoena.  The Court should not allow this discovery abuse.

Plaintiff's alleged attempt to serve the subpoena and the deposition it purports to require violate Federal Rule of Civil Procedure 45 and the Court's Scheduling Order in multiple respects: (1) service by mail on a non-party is not effective; (2) one day is not a reasonable time to comply with a subpoena; and (3) any reasonable compliance period would have constituted an impermissible attempt to conduct discovery beyond the fact discovery deadline set forth in the Court's Scheduling Order.  Furthermore, Plaintiff's proposed deposition of Mr. Gorsky would impose an undue burden on him by forcing him to testify about matters that are irrelevant to the issues in this case and could have been more conveniently obtained from other sources, including through written discovery and representatives of Defendant who can testify about any communication(s) that relevant decision-makers had with Mr. Gorsky regarding his call with Plaintiff.

Accordingly, as set forth more fully below, the Court should (1) quash the subpoena at issue, and (2) forbid any future attempts by Plaintiff to take discovery from Mr. Gorsky.

## II.     BACKGROUND

In this action, Plaintiff claims that Defendant failed to accommodate his religious beliefs and otherwise treated him wrongfully by not exempting him from a COVID-19 vaccination mandate that Defendant implemented in 2021.  *See generally* Plaintiff's Second Amended Complaint, ECF Doc. No. 20.  Among Plaintiff's allegations are that "Doylestown Health

requested multiple large donors to the hospital, including donors to the cardiac program which Dr. Auteri was continuing to build, to meet with Dr. Auteri in an effort to 'persuade' Dr. Auteri to comply with the Mandate." *See id.* at ¶ 47.

Alex Gorsky and his spouse are well-known, longtime supporters of the Doylestown Health Foundation, the philanthropic arm of Doylestown Health whose mission includes raising funds to support Doylestown Health's patient-care initiatives.[1]  Mr. Gorsky has not been employed by Defendant or provided services to Defendant or its affiliated entities at any relevant time, he has no decision-making authority with respect to Doylestown Health employment matters, and he had no involvement in any decisions relating to the employment of Plaintiff or the termination of that employment.  *See* Declaration of Alex Gorsky ("Gorsky Decl."), attached hereto, at ¶¶ 4–6.

Pursuant to the Court's October 10, 2024 Scheduling Order (ECF Doc. No 25; the "Scheduling Order"), the parties were required to complete all discovery in this matter "no later than February 12, 2025," i.e. within four months.  Scheduling Order ¶ 2.  The Court's Policies and Procedures set forth "a general policy of adhering to originally scheduled dates unless a compelling reason is presented that justifies a change," which "policy applies to . . . discovery deadlines [among other things]."  Hon. Barclay R. Surrick Policies and Procedures, Continuances and Extensions, *General Policy*, ¶ 2.

---

[1] *See* https://doylestownhealthfoundation.org/about-the-doylestown-health-foundation/; https://doylestownhealthfoundation.org/donor-stories/pat-and-alex-gorsky/; https://doylestownhealthfoundation.org/press/gorsky-gift/. The Court may take judicial notice of this publicly available information.  *See Reivia Ashley, LLC v. Paselo Logistics, LLC*, No. CV 14-5092, 2017 WL 6001640, at *2 (E.D. Pa. Dec. 1, 2017) (citing Fed. R. Evid. 201 and *O'Neal v. Rogers*, No. 14-3722, 2015 WL 5063955, at *2 (E.D. Pa. Aug. 27, 2015)) ("At any stage of a case, a court may take judicial notice of matters of public record.").

3

On December 16, 2024, Plaintiff served his answers to Doylestown Health's First Set of Interrogatories. *See* Plaintiff's Answers to Defendant's First Set of Interrogatories, attached hereto as Exhibit A. Interrogatory 1 asked Plaintiff to identify all persons with whom he had communicated about his allegations and claims in this matter. *Id.* at 5. In his answer, Plaintiff identified various individuals, including Mr. Gorsky, who Plaintiff stated had called him in October 2021 to attempt to convince him to get a COVID-19 vaccination. *Id.* at 6.

On January 31, 2025, Doylestown Health took Plaintiff's deposition, and Plaintiff testified about the conversation with Mr. Gorsky and his subjective interpretation of that conversation. Plaintiff has conducted six depositions of Doylestown Health representatives and had ample opportunity to examine – and did examine – those witnesses about their knowledge, if any, of the circumstances of Plaintiff's call with Mr. Gorsky and the involvement, if any, of any actual Doylestown Health decision-makers who played a role in the underlying facts of this case. One final deposition, of Doylestown Hospital Chief Executive Officer ("CEO") James Brexler, is scheduled for February 17, 2025 (after having been rescheduled due to a conflict that arose for Mr. Brexler).

On February 5, 2025, seven days before the February 12, 2025, discovery deadline, Plaintiff's counsel sent an email to counsel for Doylestown Health stating that Plaintiff intended to serve a subpoena on Mr. Gorsky and attaching a copy of a proposed subpoena (the "Subpoena").[2] *See* email dated February 5, 2025, from Kimberly Russell to Christopher Durham, with accompanying Subpoena, attached hereto as Exhibit B. The Subpoena purported

---

[2] Mr. Gorsky has not seen a copy of the subpoena allegedly delivered by certified mail to an address in New York. *See* Gorsky Decl. ¶¶ 10–11. For purposes of this Motion, Mr. Gorsky assumes that the subpoena pursuant to which Plaintiff purports to command his deposition is the same one that his counsel sent to Defendant's counsel by email dated February 5, 2025.

4

to require Mr. Gorsky to appear in person for a deposition at Plaintiff's counsel's offices on February 12, 2025 (i.e., the fact discovery deadline), at 9:30 a.m. *See id.*

On February 11, 2025, Mr. Gorsky received two text messages from Plaintiff's counsel on his mobile phone, the second message stating as follows:

> Hello again, Mr. Gorsky, we received confirmation this afternoon that the copy of the subpoena sent by certified mail to your New York address was delivered today. I am checking in to see whether you intend to appear for deposition tomorrow as scheduled or whether you would like to reschedule? I am happy to do so. Please let me know what dates are convenient for you in the next week or two. Thank you.

*See* Gorsky Decl. ¶¶ 7–8, Ex. 1; screenshot of text message from Kimberly Russell to Alex Gorsky, attached hereto as Exhibit C. The text message did not identify the "New York address" to which it referred. *See* Ex. C.

Mr. Gorsky lives in Pennsylvania, not in New York. *See* Gorsky Decl. ¶¶ 2–3. Neither Mr. Gorsky nor any person authorized to accept service of a subpoena in this matter on his behalf was present in New York on February 11, 2025. *See* Gorsky Decl. ¶ 9. No subpoena has been delivered to Mr. Gorsky personally, and he has not received the subpoena that Plaintiff's counsel represented she delivered by certified mail to an address in New York. *Id.* ¶¶ 10–11.

Upon learning of the text message and the purported service of the Subpoena by certified mail at an address in New York City, undersigned counsel for Mr. Gorsky[3] wrote to Plaintiff's counsel informing her that Mr. Gorsky would not appear for a deposition at 9:30 a.m. the next morning or at any time unless ordered to do so by the Court, and identifying several procedural and substantive grounds for Mr. Gorksy's objection to the subpoena. *See* email dated February 11, 2025, from Christopher Durham to Kimberly Russell, attached hereto as Exhibit D. Mr.

---

[3] Counsel for Doylestown Health also represents Mr. Gorsky in this matter.

5

Gorsky's counsel also made clear that "Mr. Gorksy has not authorized us (or any other person) to accept service of any subpoena or other process in this matter on his behalf." *Id.*

Later on February 11, 2025, Plaintiff's counsel replied, "Thank you for letting me know about tomorrow's deposition and for confirming that you now represent Mr. Gorsky. Please provide me with alternate dates for Mr. Gorsky's deposition. Thank you." *See* email dated February 12, 2025, from Kimberly Russell to Christopher Durham, attached hereto as Exhibit E. Plaintiff's counsel did not address any of Mr. Gorsky's objections to the Subpoena. *See id.*

On February 12, 2025, counsel for Mr. Gorsky asked Plaintiff's counsel to provide documentation that the Subpoena was in fact delivered to a "New York address" as counsel had represented. *See* email dated February 12, 2025, from Christopher Durham to Kimberly Russell attached hereto as Exhibit F. Plaintiff's counsel replied later that afternoon, stating her belief that the Subpoena "is moot now that you represent Mr. Gorsky" (notwithstanding the fact that Mr. Gorsky's counsel had expressly stated that he was not authorized to accept service on Mr. Gorsky's behalf) and that she would "send the green card once received." *See* email dated February 12, 2025, from Kimberly Russell to Christopher Durham attached hereto as Exhibit G. Plaintiff's counsel further stated her position that, because the Subpoena allegedly was served before the discovery deadline, Mr. Gorsy would be required to appear at "a mutually agreeable date" after the discovery deadline, and that "[a]bsent receiving a date, Plaintiff reserves his right to compel Mr. Gorsky's deposition." *See id.*

Faced with the threat of a motion to compel his testimony pursuant to a procedurally and substantively defective subpoena, a physical copy of which he has not even received, Mr. Gorsky now moves this Court to quash the Subpoena and for a protective order.

6

### III.   LEGAL STANDARDS

When a party seeks the deposition of a non-party by way of a subpoena, "[p]ersonal service is required." *Whitmer v. Lavida Charter, Inc.*, No. CIV. A. 91-0607, 1991 WL 256885, at *2 (E.D. Pa. Nov. 26, 1991). "'[I]t is not sufficient to leave a copy of the subpoena at the dwelling place of the witness.'" *Id.* (quoting Wright & Miller, Federal Practice and Procedure, § 2461 (1971)).

Additionally, under Federal Rule of Civil Procedure 45(d)(3)(A), a court "*must* quash or modify" a subpoena that "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i) (emphasis added). A court also "*must* quash or modify" a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added).

"Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable." *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-CV-1665, 2011 WL 5429005, at *7 (E.D. Pa. Nov. 7, 2011). On the other hand, "[f]ederal courts have also found that seven days is clearly unreasonable." *Verisign, Inc. v. XYZ.com, LLC*, No. CV 15-MC-175-RGA-MPT, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015) (internal quotation marks and citation omitted).

Further, Rule 45 directs that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). A subpoena imposes an undue burden when "the burden to the subpoenaed party [outweighs] the value of the information to the serving party." *Spring Pharmaceuticals, LLC v. Retrophin, Inc.*, No. 18-cv-4553, 2019 WL 3731725, at *3 (E.D. Pa. Aug. 8, 2019) (internal quotation marks omitted) (quoting *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014)). And "[t]he unwanted burden thrust upon non-parties" is afforded "special weight in evaluating the balance

of competing needs in a Rule 45 inquiry." *Id.*  In other words, "[t]he standards for nonparty discovery require a stronger showing of relevance than for simple party discovery." *Burgess v. Galloway*, Civ. No. 20-06744, 2021 WL 2661290, at *2 (D.N.J. Jan. 28, 2021) (internal quotation marks omitted) (quoting *Stamy v. Packer*, 138 F.R.D. 412, 419 (D.N.J. 1990)).  Accordingly, "[a] court's 'restriction [on discovery] may be broader when a non-party is the target of discovery.'" *Id.* (quoting *Dart Indus. Co., Inc. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)).

Finally, Rule 26(c) provides that a court may enter an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Such a protective order may, among other things, "forbid[ ] the disclosure or discovery[.]" Fed. R. Civ. P. 26(c)(1)(A).

**IV.     ARGUMENT**

The Subpoena is procedurally and substantively deficient in multiple respects.  First, Plaintiff did not serve the Subpoena in compliance with Rule 45.  Rule 45 requires personal service, and service by mail – no less to an address that is not the intended recipient's primary residence, and at which neither the intended recipient nor any person authorized to accept service on his behalf resides or was present at the time of delivery by mail – does not comply with that requirement.  Second, even assuming it was properly served, the Subpoena did not provide a reasonable time for compliance as required by Rule 45.  The Subpoena designated 9:30 a.m. on February 12, 2025, i.e., one day after it was delivered by mail to an address in New York at which Mr. Gorsky was not present, *see* Gorsky Decl. ¶ 9, as the date and time for Mr. Gorsky's deposition to take place in Blue Bell, Pennsylvania.  This is well short of what courts have recognized to be reasonable time period for compliance.  Third, any reasonable time for compliance would necessarily be after the fact discovery deadline established by this Court more

than four months prior. Plaintiff's attempt to provide Mr. Gorsky with one day's notice for a deposition on last day of fact discovery and then offer to conduct it at a later date is an impermissible attempt to circumvent the Court's Scheduling Order. Finally, the Subpoena would impose an undue burden on Mr. Gorsky, forcing him to appear for a deposition to testify about matters that are irrelevant to the material issues in this case and about which Plaintiff has had ample opportunity to obtain discovery from other sources, including representatives of Defendant who can testify about any communication(s) that relevant decision-makers had with Mr. Gorsky regarding his call with Plaintiff.

For these reasons, as set forth in greater detail below, the Court should quash the Subpoena and, in light of Plaintiff's threats to seek to compel Mr. Gorsky's deposition, issue a protective order precluding any discovery from Mr. Gorsky.

### A. The Court Should Quash the Subpoena Because Plaintiff Did Not Serve It in Compliance With Rule 45.

Rule 45 provides that "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The well-established majority view among courts in the Third Circuit is that, to satisfy the service requirement of Rule 45(b)(1), a party must deliver the subpoena in-hand to its intended non-party recipient. *See, e.g.*, *Dally v. Restore Integrative Wellness, LLC*, No. 23-4035, 2024 WL 5057195, at *1 (E.D. Pa. Dec. 10, 2024) ("[T]he longstanding interpretation of Rule 45 has been that personal service is required.") (cleaned up); *Hamilton v. Radnor Twp.*, 662 F. Supp. 3d 536, 541 (E.D. Pa. 2023) (same); *Manivannan v. U.S. Dep't of Energy*, No. 18-297, 2023 WL 7132129, at *3–4 (W.D. Pa. Oct. 30, 2023) (same).[4]

---

[4] *See also Smith v. Club Exploria LLC*, No. 20-580, 2021 WL 4375907, at *2–3 (M.D. Pa. Sept. 24, 2021) ("The majority view [is] that personal service of subpoenas is required."); *Vogt v. Wetzel*, No. 17-1407, 2022 WL 686225, at *3 ("Rule 45 is generally construed to require personal service."); *Farley-Skinner v. Adventure Aquarium, Inc.*, No. 17-04797, 2018 WL 3647209, at *2 (D.N.J. Aug. 1, 2018) ("[C]ourts within the Third Circuit have interpreted the word 'delivering' in Fed. R. Civ. P. 45(b)(1) literally,

9

"'[A]bsent compelling circumstances that would justify a departure from the wider accepted interpretation of those courts in our circuit,'" a subpoena delivered by certified mail "is not properly served." *Hamilton*, 662 F. Supp. 3d at 541 (quoting *Fiorentino v. Cabot Oil & Gas Corp.*, No. 3:09-CV-2284, 2012 WL 12861600, at *2 (M.D. Pa. Jan. 6, 2012)); *see also Farley-Skinner*, 2018 WL 3647209, at *2 (noting that service of subpoena is "[u]nlike service of a summons and complaint" and service by certified mail does not comply with Rule 45(b) because it does not constitute "serv[ing the individual] personally").

Here, Plaintiff purported to serve the Subpoena by certified mail to an address allegedly associated with Mr. Gorsky in New York City. Mr. Gorsky was not present at the address at the time, did not physically receive a copy of the subpoena, and learned of its purported delivery only when Plaintiff's counsel sent him a text message. See Gorsky Decl. ¶¶ 7–9. Plaintiff has offered no compelling circumstance that could justify the Court in departing from the "accepted view" that such purported service by mail is ineffective. *Hamilton*, 662 F. Supp. 3d at 541. For this reason alone, the Court should quash the Subpoena.

---

requiring that an individual is served personally."); *Trs. of the Int'l Union of Operating Eng'rs Local 825 Emp. Benefit Funds v. J.T. Cleary, Inc.*, No. 17-5962, 2018 WL 1972790, at *2 (D.N.J. Apr. 26, 2018) ("Because Petitioners have failed to comply with the personal service requirement of Rule 45(b)(1), the Court declines to hold Mr. Cleary (a nonparty) in contempt for failing to submit to such discovery at this time."); *Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, No. 09-3543, 2011 WL 1542670 (E.D. Pa. Apr. 25, 2011) ("[P]ersonal service of subpoenas is required. The use of the word 'delivering' in subdivision (b)(1) of the rule with reference to the person to be served has been construed *literally*.") (cleaned up); *In re Craig B. Rosen*, 542 B.R. 177, 180 (Bankr. E.D. Pa. 2015) (holding that "actual notice of the Subpoena does not obviate the requirement of proper service"); *Leboon v. Alan McIlvain Co.*, No. 12-2574, 2014 WL 11429343, at *1 (E.D. Pa. Mar. 14, 2014) ("Under Fed. R. Civ. P. 45, personal service of subpoenas is required."); *Bd. of Sapphire Bay Condominiums West v. Simpson*, No. 04-62, 2010 WL 2521088, at *2 (D.V.I. June 18, 2010) ("Pursuant to Rule 45's language, the Rule requires personal service of a subpoena.").

**B.     The Court Should Quash the Subpoena Because It Is Untimely and Violates the Court's Scheduling Order.**

Even had Plaintiff used a permitted service method – which he did not – the Subpoena still would be impermissible because it did not give Mr. Gorsky a reasonable time to comply, and any such reasonable time for compliance would be after the fact discovery deadline set forth in the Scheduling Order. The Court should quash the Subpoena for these separate and independent reasons.

**1.     The Subpoena Does Not Provide a Reasonable Time for Compliance.**

Mr. Gorsky first learned from Plaintiff's counsel of the Subpoena on February 11, 2025, when Plaintiff's counsel sent him two text messages, the latter representing that the Subpoena had been delivered by certified mail to a New York address at which neither he, nor anyone authorized to accept service on his behalf, was present. *See* Ex. C; Gorsky Decl. ¶¶ 7–9. Plaintiff's counsel notified Mr. Gorsky that his deposition was "scheduled" for the following day, and indeed the Subpoena purports to require Mr. Gorsky to appear for a deposition at Plaintiff's counsel's offices the next day, at 9:30 a.m. *See* Ex. C.

"Federal courts have . . . found compliance times of eight and seven days not to be reasonable." *Akishev v. Kapustin*, No. CV 13-7152 (NLH/AMD), 2017 WL 11637308, at *4 (D.N.J. Mar. 9, 2017) (internal quotation marks and citation omitted); *see also Moquin v. Outback Steakhouse of Fla., Inc.*, 2008 WL 11383499, at *1 (D.N.J. July 30, 2008) (finding party did not satisfy Rule 45(b) because "less than six days notice is not adequate and does not provide a reasonable time for compliance"). Accordingly, providing a non-party with less than 24 hours to comply with a subpoena is patently unreasonable.

Plaintiff's attempt to have Mr. Gorsky comply with the Subpoena on less than a day's notice is all the more unreasonable given that Plaintiff has had at least several months to seek

11

Mr. Gorsky's deposition, after disclosing him as a potential witness in Plaintiff's December 2024 interrogatory answers. *See* Ex. A. Plaintiff also has known of the February 12, 2025 fact discovery deadline since October 10, 2024. Scheduling Order, ECF Doc. No 25, ¶ 2.

Simply put, even assuming Plaintiff had effected service in compliance with Rule 45, there is no basis and no excuse for Plaintiff to have failed to provide Mr. Gorsky with the generally accepted 14 days' notice that Plaintiff wished to take his deposition. The Court therefore should quash the Subpoena as untimely.

### 2. The Subpoena Violates the Court's Scheduling Order.

Courts also have held that a subpoena is untimely where, as here, a party serves it on the eve of the discovery deadline and purports to require compliance in an unreasonably short period of time, whether that time is within or beyond the discovery period. *See Doherty v. Allstate Indem. Co.*, 734 F. App'x 817, 823–24 (3d Cir. 2018) (affirming order quashing subpoenas for depositions that were served by plaintiffs on eve of discovery deadline, noting that "[t]he denial of such an eleventh-hour request is far from an abuse of discretion"); *Moore v. Walton*, No. CV 14-3873, 2024 WL 4756902 (E.D. Pa. Nov. 12, 2024) (quashing subpoena because, among other reasons, "it was . . . unreasonable for [plaintiff] to serve [a] subpoena two days before the close of discovery and purport to schedule a deposition for after the discovery deadline"); *Duardo v. City of Hackensack*, No. 17-CV-02308-WJM-ESK, 2021 WL 3508781, at *3 (D.N.J. Aug. 9, 2021) (quashing subpoena as untimely where its "date of compliance . . . was merely fifteen days before the discovery deadline" following extension of discovery period). That is exactly what Plaintiff impermissibly has attempted to do here.

Further, Plaintiff's counsel's suggestion that she would be "happy to" reschedule Mr. Gorsky's deposition for a future date after the discovery deadline, in lieu of purporting to require Mr. Gorsky to appear for a deposition on the last day permitted for fact discovery and on less

12

than 24 hours' notice (*see* Ex. C), is an impermissible attempt to circumvent a long-established, Court-ordered deadline without leave of the Court or the consent of the other party to the action. "Many courts have exercised their discretion to quash subpoenas that ignore discovery deadlines when there is no reason why the subpoena could not have been brought during the discovery period." *Moore*, 2024 WL 4756902 (collecting cases) (internal quotation marks and citation omitted).

Plaintiff has known about the February 12, 2025, discovery deadline for four months, and there is "no legitimate justification for waiting until the eleventh hour to drop this subpoena on" Mr. Gorsky. *Id.* Plaintiff's violation of the Scheduling Order in this regard is an additional basis for the Court to quash the Subpoena.

### C. The Court Should Quash the Subpoena Because it Imposes an Undue Burden on Mr. Gorsky.

The Court should quash the Subpoena for yet another, independent reason: it seeks to impose an undue burden on Mr. Gorsky, forcing him to appear for a deposition to provide information that is, at best, tangential to the material issues in this litigation and could have been obtained by Plaintiff through less obtrusive means, i.e., from Plaintiff himself and Defendant's representatives.

"Under Rule 45(c)(3)(A), a motion to quash a subpoena to testify must be granted if the subpoena is unduly burdensome," and "[d]etermining whether a subpoena imposes an undue burden requires courts to weigh the burden to the subpoenaed party against the value of the information to the serving party[.]" *Spring Pharms.*, 2019 WL 3731725 at *4 (internal quotation marks and citation omitted). "[E]ven relevant discovery can be circumscribed," including where it "'can be obtained from some other source that is more convenient, less burdensome[.]'" *Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)(i).

13

Here, Mr. Gorsky is not, nor at any relevant time has he been, an employee or other representative of Defendant, nor was he involved in the actions that Plaintiff alleges were unlawful. *See* Gorsky Decl. ¶¶ 4–6. The record, as Plaintiff himself has developed it, reflects that the extent of Mr. Gorsky's knowledge regarding the underlying facts of this case is that he had a single telephone call with Plaintiff in or around October 2021. Plaintiff has testified as to his version of what he and Mr. Gorsky discussed during the call. It is plain that the minimal (if any) potential benefit of further discovery regarding this phone call is outweighed by the burden of compelling Mr. Gorsky to appear for a deposition to testify about the call. Plaintiff is and always has been free to inquire about the circumstances of the call, including any communication or coordination between Doylestown Health representatives and Mr. Gorsky, through written discovery and in depositions of Defendant's representatives.[5] And Plaintiff still has another opportunity to explore these issues at the deposition of Doylestown Health CEO Jim Brexler. Requiring Mr. Gorsky to provide testimony on the same subject would be cumulative, wasteful, and oppressive, and it would not be proportional to the needs of the case.

Courts should not allow discovery "based on pure speculation that amount[s] to nothing more than a 'fishing expedition' into actions . . . not related to the alleged claims or defenses." *Startzell v. City of Philadelphia*, No. 05-cv-5287, 2006 WL 2945226, at *5 (E.D. Pa. Oct. 13, 2006) (citing *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004)). That is exactly the type of discovery Plaintiff seeks here. For this additional reason, the Court should quash the Subpoena.

---

[5] By way of example only, if Plaintiff wanted to know about any conversations between Defendant's representatives and Mr. Gorsky regarding Mr. Gorsky's telephone conversation with Plaintiff, or otherwise with respect to the issues in the case, Plaintiff could have propounded an interrogatory to that effect, and then, if necessary, sought to depose any individual identified by Defendant in response to the interrogatory.

14

### D.     The Court Should Issue a Protective Order Prohibiting the Discovery Plaintiff Seeks from Mr. Gorsky.

Finally, to prevent Plaintiff's further attempts to harass and burden Mr. Gorsky, which Plaintiff has demonstrated a willingness to do notwithstanding the fact discovery deadline in this case, the Court should issue a protective order against any effort(s) by Plaintiff to serve a future discovery subpoena on Mr. Gorsky. Plaintiff has made no proffer that could justify compelling Mr. Gorsky to testify or produce documents at any time prior to trial, nor can he do so. The only conceivable purpose of such compulsion would be to annoy, embarrass, and oppress Mr. Gorsky, and subject him to undue burden and/or expense. Fed. R. Civ. P. 26(c)(1). Mr. Gorsky anticipates that, even if the Court quashes the Subpoena, Plaintiff may continue to harass him by seeking to involve him in this litigation for no legitimate purpose. Therefore, the Court should issue an order forbidding Plaintiff from seeking discovery from Mr. Gorsky. Fed. R. Civ. P. 26(c)(1)(A).

### V.     CONCLUSION

The Subpoena that Plaintiff has attempted to serve on Mr. Gorsky does not comply with applicable requirements of Rule 45, including as to service method and timeliness; it violates the Court's Scheduling Order; and it further violates Rule 45 by seeking to impose an undue burden on Mr. Gorsky. The information Plaintiff seeks regarding a single telephone call in October 2021 is neither relevant to any party's claim or defense nor proportional to the needs of the case, and forcing Mr. Gorsky to sit for a deposition regarding that call would serve only to annoy, embarrass, and oppress him. Therefore, for the reasons set forth more fully above, Mr. Gorsky respectfully requests that the Court (1) quash the Subpoena, and (2) enter a protective order forbidding Plaintiff from making further attempts to compel Mr. Gorsky's deposition.

|  | Respectfully submitted, |
|---|---|
|  | */s/ Christopher D. Durham*<br>Christopher D. Durham, Esquire<br>Adam D. Brown, Esquire<br>Elisabeth G. Bassani, Esquire<br>Duane Morris LLP<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1510/1813 |
| Date:  February 14, 2025 | *Attorneys for Non-Party Alex Gorsky* |

## CERTIFICATE OF SERVICE

I, Adam D. Brown, certify that on February 14, 2025, I caused a copy of the foregoing Motion to Quash Subpoena and for a Protective Order to be filed electronically, and the same is available for viewing and downloading from the ECF System by the following counsel of record:

**Kimberly L. Russell, Esq.**
Kaplan Stewart Meloff Reiter & Stein, P.C.
Union Meeting Corp. Center
910 Harvest Dr.
P.O. Box 3037
Blue Bell, PA 19422
610-941-2541
krussell@kaplaw.com

**Karyn L. White, Esq.**
Pacific Justice Institute
PA/NJ Office P.O. Box 276600
Sacramento, CA 95827
609-335-4833
kwhite@pji.org

*Attorneys for Plaintiff*

                                               */s/ Adam D. Brown*
                                               Adam D. Brown, Esquire