**EXHIBIT "H"**

*February 11, 2025 Email from Defendant's Counsel regarding Alex Gorsky Subpoena*

**Danielle M Gosciniak**

| | |
|---|---|
| **From:** | Durham, Christopher D. <CDDurham@duanemorris.com> |
| **Sent:** | Tuesday, February 11, 2025 5:53 PM |
| **To:** | Kimberly L Russell |
| **Cc:** | Bassani, Elisabeth; Brown, Adam |
| **Subject:** | Alex Gorsky |

Kim:

Alex Gorsky reached out to me following his receipt of multiple communications from you today. He has engaged us to represent him in this matter. For the avoidance of doubt, Mr. Gorksy has <u>not</u> authorized us (or any other person) to accept service of any subpoena or other process in this matter on his behalf.

Mr. Gorsky relayed that you communicated the following to him:

> *Mr. Gorsky, we received confirmation this afternoon that the copy of the subpoena sent by certified mail to your New York address was delivered today. I am checking in to see whether you intend to appear for deposition tomorrow as scheduled or whether you would like to reschedule? I am happy to do so. Please let me know what dates are convenient for you in the next week or two. Thank you.*

As an initial matter, please provide all documentation reflecting the alleged "delivery" of the "copy" of the subpoena by certified mail to the "New York address" referenced above, including a copy of all documents and other items delivered.

Please be advised that Mr. Gorsky will not be appearing for a deposition tomorrow, or at any other time unless he is ordered to do so by the Court.

The subpoena is procedurally defective and otherwise subject to being quashed pursuant to Rule 45(d)(3), or Mr. Gorsky's proposed deposition prohibited by a protective order pursuant to Rule 26(c), for several reasons including, but not limited to:

1. Service is/was defective and not in compliance with Rule 45. The subpoena was not personally served on Mr. Gorsky. And, even if service by mail (to some address associated with Mr. Gorsky or otherwise) was permitted by Rule 45, it was not delivered to Mr. Gorsky himself (or even his permanent/primary residence). (We await the documentation requested above to ascertain where the subpoena was actually delivered by mail, and whether it is defective in additional respects under Rule 45.) Notably, as of when I write this email, Mr. Gorsky has not even seen the subpoena you have purported to have "delivered."

2. The time for compliance in the subpoena is unreasonable. The subpoena (based on the copy you sent us last week) purports to require Mr. Gorsky to appear for a deposition <u>tomorrow</u>, one day after it was "delivered" by mail. While we understand you are proposing dates in the future, you cannot cure unreasonable notice on the face of the subpoena by simply offering to reschedule (and your offer to reschedule the deposition in your communication to Mr. Gorsky today itself is a tacit acknowledgement that the time for compliance is unreasonable). Plaintiff had ample opportunity to timely attempt to serve Mr. Gorsky with a subpoena as evidenced by, among other things, Plaintiff's identification of Mr. Gorsky in his Answers to Defendant's First Set of Interrogatories dated *December 16, 2024*, i.e., almost three months ago. Plaintiff failed to do so.

3. Relatedly, Plaintiff is not entitled to conduct fact discovery after the fact discovery deadline in this case, i.e. tomorrow, February 12, 2025, as set forth in the Court's October 10, 2024 Scheduling Order. Given that Rule 45 requires that a party served with a subpoena be given a reasonable time to comply, and courts have been clear

that a <u>minimum</u> of 7 days (and, more typically, 14 days) is required to meet this reasonableness standard, the subpoena necessarily is seeking this third party discovery after the fact discovery deadline.  As such, the subpoena is barred by the Court's Scheduling Order.

4. Finally, as discussed previously, Plaintiff's asserted need for Mr. Gorsky's deposition is not proportional to the needs of the case.  Plaintiff testified to his sole conversation with Mr. Gorsky, and Plaintiff did not allege in the Second Amended Complaint that Mr. Gorsky was employed by Doylestown Health or involved in any way in the decisions/actions of Doylestown Health that Plaintiff alleges are unlawful.  Here, on the eve of the fact discovery deadline, there is no evidence of record to suggest otherwise.  On the other hand, Mr. Gorsky is a prominent, well-respected figure in the community and a well-known significant donor to the Doylestown Foundation, and based on Plaintiff's spurious and speculative assertion that Mr. Gorsky was attempting to "bribe" him, it is clear that the purpose of seeking his testimony at a minimum constitutes annoyance and/or embarrassment entitling Mr. Gorsky to a protective order under Rule 26(c).

Chris



**Christopher D. Durham**
Partner

Duane Morris LLP         P: +1 215 979 1510
30 South 17th Street      F: +1 215 689 4915
Philadelphia, PA 19103-4196   C: +1 215 837 2764

E-MAIL | BIO | VCARD

Visit www.duanemorrisinstitute.com for information on training on employment, labor, benefits and immigration.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.