**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JOSEPH S. AUTERI, M.D., | : : : | |
| Plaintiff, | : : | |
| v. | : : : | |
| VIA AFFILIATES d/b/a DOYLESTOWN HEALTH PHYSICIANS, | : : : | CIVIL ACTION NO. 2:22-cv-03384 |
| Defendant. | : : : : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
NON-PARTY ALEX GORSKY TO QUASH SUBPOENA AND
FOR A PROTECTIVE ORDER**

Non-party Alex Gorsky respectfully submits this Reply Memorandum of Law in support

of his Motion to Quash Subpoena and for a Protective Order, as necessary to address new

matters raised by Plaintiff in opposition to Mr. Gorsky's Motion.

**I.    INTRODUCTION**

In his opposition to Mr. Gorsky's Motion, Plaintiff provides no good cause for the

untimeliness and improper service method of the Subpoena,[1] and he does not give the Court any

basis to conclude that enforcing the Subpoena would allow Plaintiff to obtain information of

relevance to this matter that outweighs the burden on Mr. Gorsky, a non-party.  Accordingly, for

the reasons set forth below, the Court should grant Mr. Gorsky's Motion.

---

[1] Capitalized terms herein have the same meanings as defined in Mr. Gorsky's opening Memorandum of
Law (ECF No. 30).

II.    **ARGUMENT**

    A.    **Plaintiff's Purported Excuses for the Defective Subpoena Improperly Conflate Mr. Gorsky, a Non-Party Movant, With the Defendant.**

Plaintiff's attempt to explain why he did not pursue the Subpoena until the eleventh hour of a four-month fact discovery period rests largely on two false premises: (1) that Mr. Gorsky is bound by discussions between counsel for Plaintiff and Defendant about the timing of *party* depositions; and (2) that Plaintiff did not know about Mr. Gorsky's purported involvement until after depositions commenced, shortly before the fact discovery deadline.  These arguments do not justify subjecting Mr. Gorsky to a deposition after the fact discovery deadline.

Plaintiff repeatedly refers to "Defendant's counsel" and "Defendant" as the movant, suggesting that discussions between counsel for *the parties* during discovery are relevant to whether the Subpoena is enforceable.  (*See, e.g.*, ECF Doc. No. 32 at 4 (alleging timing of depositions was due to scheduling agreements with "Defendant's counsel"); 16 ("By filing this motion, Defendant merely seeks to protect [Mr. Gorsky]"); *id.* at 17 ("Contrary to Defendant's assertions, the [Subpoena] was procedurally and substantively acceptable[.]").)  Essentially, Plaintiff appears to argue[2] that the timing of *party depositions*, as agreed to by *Doylestown Health's* counsel, prevented Plaintiff from seeking Mr. Gorsky's deposition until the very end of the discovery period or otherwise justified his delay.  (*Id.* at 3-5.)  Plaintiff intimates that *Defendant's* counsel's offer to allow party depositions to occur after the close of discovery (if necessary) was tantamount to an agreement by *Mr. Gorsky*, a then-unrepresented non-party with

---

[2] Plaintiff does not argue this point expressly, instead setting forth the chronology of discovery and suggesting his counsel could not make an informed decision about whether to seek Mr. Gorsky's deposition until after her own client gave testimony about Mr. Gorsky.  (ECF Doc. No. 32 at 3-5.)  As discussed below, this argument has no merit, because Plaintiff and his counsel could have made this decision months ago and pursued the deposition in accordance with Scheduling Order and applicable law.

no knowledge of or involvement in those discussions, that conducting his deposition after the fact discovery deadline was acceptable. (*Id.* at 4.)

But the Defendant is not the movant here. Mr. Gorsky has moved as a non-party for relief from Plaintiff's abuses. He did not become involved in this matter until he received an unsolicited text message from Plaintiff's counsel attempting to schedule his deposition for the next day, the last day of fact discovery; well after the parties' counsel discussed the timing of *party* depositions. (See ECF Doc. No. 32 at 6.) Mr. Gorsky promptly retained counsel and filed his Motion three days later, on February 14, 2025. (ECF No. 30.) That Mr. Gorsky retained the same counsel representing the Defendant is irrelevant, because the Defendant's counsel had no authority to speak or act on his behalf, or otherwise to represent his interests in any way, during discussions with Plaintiff's counsel regarding party depositions. Plaintiff's attempt to cast Mr. Gorsky as equivalent to the Defendant, and thus bound by discussions regarding party discovery, is inappropriate and ineffective.

Furthermore, the timing of depositions in this matter did not, as Plaintiff contends, prevent him from seeking Mr. Gorsky's deposition until the eve of the discovery deadline. Plaintiff maintains that "[it] was based upon" his own January 31, 2025, deposition testimony about a phone call with Mr. Gorsky that Plaintiff's counsel "decided that [Plaintiff] would need to depose Mr. Gorsky." (ECF Doc. No. 32 at 5.) That testimony was in response to questions Doylestown Health's counsel asked based on Plaintiff's own December 2024 disclosure of a conversation he had with Mr. Gorsky. (*See* ECF Doc. No. 30, Ex. A.) Because that subject matter was within Plaintiff's own knowledge, the testimony was not necessary for Plaintiff and his counsel to decide whether to subpoena Mr. Gorsky for a deposition.

3

Critically, apart from Plaintiff's baseless insinuation that the backloaded schedule of party depositions somehow prevented him from deciding to serve a subpoena on Mr. Gorsky until just before the end of a four-month fact discovery period, Plaintiff offers no justification for his violation of the Court's Scheduling Order.  Plaintiff knew about his own conversation with Mr. Gorsky and identified Mr. Gorsky and the conversation in his interrogatory answers in mid-December 2024.[3]  Plaintiff's silence on this issue in his opposition effectively concedes the untimeliness of the Subpoena.  *See, e.g.*, *Duardo v. City of Hackensack*, No. 17-CV-02308-WJM-ESK, 2021 WL 3508781, at *3 (D.N.J. Aug. 9, 2021) (granting motion to quash, noting "Plaintiffs are surprisingly silent in response to [non-party subpoena recipient's] arguments as to the timeliness of the . . .  Subpoena").  *See also Moore v. Walton*, No. CV 14-3873, 2024 WL 4756902 (E.D. Pa. Nov. 12, 2024) (quashing subpoena served days before discovery deadline where court's scheduling order provided for five months of discovery and noting that the "last-minute subpoena could have been served at any time during the past five months").

In short, neither the discussions of party counsel in December and January nor the timing of Plaintiff's deposition justify his attempt to seek Mr. Gorsky's deposition after the fact discovery deadline set forth in the Scheduling Order.  The Subpoena therefore is untimely, and the absence of any meaningful argument by Plaintiff to the contrary requires that the Court grant Mr. Gorsky's request to quash the Subpoena and issue a protective order.

---

[3] Plaintiff regarded Mr. Gorsky as a potential witness at least as early as December 16, 2024, when he disclosed Mr. Gorsky as a person he maintained had relevant knowledge and described – in a detailed interrogatory answer exceeding 250 words – the matters as to which he asserted Mr. Gorsky was knowledgeable.  (*See* ECF Doc. No. 30, Ex. A.)

**B.    A Clear Majority of Courts Have Held that Personal Service of a Subpoena Is Necessary to Comply with Rule 45.**

Plaintiff does not cite a single decision from the Eastern District of Pennsylvania permitting service of a subpoena solely by certified mail, and the Court should reject Plaintiff's invitation for the Court to break new ground in this regard.

Contrary to Plaintiff's suggestion, the notion that a party may serve a subpoena by certified mail is "a minority-held position among the federal courts." *Alfamodes Logistics Liab. Co. v. Catalent Pharma Sols., LLC*, No. CIV.A. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011).[4] Most of the decisions Plaintiff cites for this argument appear in a footnote to the *Alfamodes* decision as examples of this minority view. *Id.* at *1 n.5. And as one of those decisions observes explicitly, courts generally have allowed such service "only after the plaintiff had diligently to attempted to effectuate personal service and presented proof [of such]." *Cartier v. Geneve Collections, Inc.*, No. CV 2007-0201 DLI MDG, 2008 WL 552855, at *1 (E.D.N.Y. Feb. 27, 2008). Plaintiff has made no such diligent attempt here, having tried only *once* to serve Mr. Gorsky personally before resorting to certified mail. (ECF No. 32 at 5, 9.)

Notably, Plaintiff relies heavily for his argument on *dicta* from *Ninaltowski née Stadler v. Moore*, a case in which the defendant both sent the subpoena at issue by certified mail and served it personally, so that the court did not decide whether certified mail was a proper service method under Rule 45. No. 2:20-CV-01808-JMG, 2021 WL 3051932, at *3 n.5 (E.D. Pa. July 20, 2021) ("Because defense counsel eventually personally served the subpoenas on the nonparties, the Court need not resolve, at this time, whether service by certified mail fulfills the requirements

---

[4] *Alfamodes*, which Plaintiff contends supports his argument that certified mail is proper, did not "consider the merits or applicability of such an argument," since it did not "appear from the record that the [plaintiffs] ha[d] attempted to deliver the subpoenas by certified mail." *Id.*

of Rule 45.").  Here, by contrast, Plaintiff never served Mr. Gorsky personally and instead asks

the Court to approve service *only* by certified mail.

Put simply, the cases Plaintiff cites as supposedly endorsing certified mail as an

acceptable method of serving a subpoena do not support a departure from the generally accepted

majority view that personal service is required, particularly under the circumstances present here.

For this reason alone, the Court should grant Mr. Gorsky's Motion.

      **C.**      **Plaintiff's Proposed Areas of Inquiry for Mr. Gorsky Are Speculative, Invasive and Have No Basis in the Record.**

Now that Plaintiff has identified the subject matter on which he wishes to depose Mr.

Gorsky, it is clear that the Subpoena is nothing more than a fishing expedition seeking to support

Plaintiff's fact-bereft conjecture.  Because this proposed subject matter is not relevant to

Plaintiff's claims, the Subpoena imposes an undue burden on Mr. Gorsky and should be quashed.

To be permissible, discovery must be "relevant to the subject matter involved in the

pending action."  Fed. R. Civ. P. 26(b)(1).  And information sought by way of a subpoena "*is not*

*relevant to subject matter involved in the pending action if the inquiry is based on the party's*

*mere suspicion or speculation.*"  *Barry v. Medtronic, Inc.*, No. 16-47, 2016 WL 1056783, at \*1

(E.D. Pa. Mar. 17, 2016) (emphasis added) (internal quotation marks and citation omitted)

(quashing subpoena where plaintiff "ha[d] not offered any factual basis for his allegation" of

wrongdoing by non-party to which plaintiff directed subpoena).  Thus, such "discovery may be

denied where, in the court's judgment, the inquiry lies in a speculative area."  *Id.*

Here, the only record evidence of Mr. Gorsky's knowledge regarding this matter is (1)

the Defendant's CEO's testimony that he asked Mr. Gorsky to speak with Plaintiff to address his

concerns about the COVID-19 vaccine, and (2) Plaintiff's testimony and interrogatory answer

that Mr. Gorsky did in fact speak with Plaintiff.  (*See* ECF Doc. No. 30-2 at 7; ECF Doc. No. 32

at 4-5, 12-13.)  Mr. Gorsky has averred, under penalty of perjury, that he did not provide any

services to Doylestown Health or its affiliates during the relevant time and had no involvement

in any decisions relating to the employment, or termination of employment, of Plaintiff with

Doylestown Health.  (ECF Doc. No. 30-1, ¶¶ 4-5.)  Plaintiff's opposition, however, posits the

following, additional topics he contends should be subjects of inquiry directed to Mr. Gorsky:

> Dr. Auteri seeks to determine, based on Mr. Gorsky's prominent standing in the
> hospital, what influence, role, or participation Mr. Gorsky or Mr. Gorsky's then
> pharmaceutical company employer, Johnson & Johnson, held with respect to
> Defendant's COVID-19 vaccine mandate regarding the hospital staff, including
> physicians such as Dr. Auteri. Dr. Auteri seeks to determine how or if Mr. Gorsky's
> willingness to fundraise and donate to Defendant would have been impacted by Dr.
> Auteri's repeated expression of concern regarding the safety of the COVID-19
> vaccine as a member of the [Medical Executive Committee].

(ECF Doc. No. 32 at 14.)

Not only do these proposed topics have no basis in the record, but they also are highly

invasive and improper.  There is no record evidence supporting the existence of such alleged

"motives."  Nor, to the extent Plaintiff believes he needs to probe such matters, is there any

legitimate need for him to compel a non-party, non-employee, and non-decision-maker like Mr.

Gorsky to give testimony for that purpose.  Indeed, Plaintiff's suggestion that he seeks, with no

factual predicate, Mr. Gorsky's testimony about Johnson & Johnson alone justifies the Court's

entry of a protective order, at a minimum.  There is no colorable or proper basis for Plaintiff to

depose the former CEO of one of the world's most prominent pharmaceutical companies about

the actions of that company.  The discovery Plaintiff seeks to prop up his speculation about

"motives" lacks any support in the factual record he has had ample opportunity to develop

through written discovery and the depositions of seven of the Defendant's representatives.

The scope of discovery "is not unlimited . . . and should not serve as a fishing

expedition." *Saller v. QVC, Inc.*, No. CV 15-2279, 2016 WL 8716270, at *5 (E.D. Pa. June 24,

2016) (internal quotation marks and citation omitted). "As with all discovery, [a] subpoenaing party bears the initial burden of demonstrating the requested discovery is relevant, as defined by Rule 26." *ITOCHU Int'l, Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (internal quotation marks and citation omitted). Plaintiff has not met that burden here. He relies on his speculation about third-party involvement in the Defendant's vaccine mandate and his belief that his unwillingness to get vaccinated would have affected the Defendant's fundraising efforts. Plaintiff's speculation is not a basis for him to compel Mr. Gorsky's deposition. *See, e.g.*, *Hu v. Merck Sharp & Dohme LLC*, No. CV 23-754, 2023 WL 5598450, at *3 (E.D. Pa. Aug. 29, 2023) (quashing subpoena seeking evidence of certain allegations because defendant "ha[d] not articulated a sufficient basis to expect that such evidence exists" and "[a]bsent such a basis, [the subpoena's] requests [we]re impermissibly speculative and overly broad").

The Court should not allow Plaintiff to cast blindly for evidence to support his speculation regarding Mr. Gorsky (and, apparently, Johnson & Johnson).

## III.  CONCLUSION

For the reasons set forth above, Plaintiff fails in his attempt to excuse the untimeliness, ineffective service, and substantive impropriety of the Subpoena. Accordingly, the Court should grant Mr. Gorsky's Motion, quash the Subpoena, and enter the requested protective order.

Respectfully submitted,

*/s/ Christopher D. Durham*
Christopher D. Durham, Esquire
Adam D. Brown, Esquire
Elisabeth G. Bassani, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1510/1813

Date:  March 7, 2025                    *Attorneys for Non-Party Alex Gorsky*

8

**CERTIFICATE OF SERVICE**

I, Adam D. Brown, certify that on March 7, 2025, I caused a copy of the foregoing Reply

in Further Support of Motion to Quash Subpoena and for a Protective Order to be filed

electronically, and the same is available for viewing and downloading from the ECF System by

the following counsel of record:


**Kimberly L. Russell, Esq.**
Kaplan Stewart Meloff Reiter & Stein, P.C.
Union Meeting Corp. Center
910 Harvest Dr.
P.O. Box 3037
Blue Bell, PA 19422
610-941-2541
krussell@kaplaw.com

**Karyn L. White, Esq.**
Pacific Justice Institute
PA/NJ Office P.O. Box 276600
Sacramento, CA 95827
609-335-4833
kwhite@pji.org

*Attorneys for Plaintiff*


/s/ Adam D. Brown
Adam D. Brown, Esquire