IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH S. AUTERI, M.D. | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 22-3384 |
| | : | |
| VIA AFFILIATES, d/b/a | : | |
| DOYLESTOWN HEALTH PHYSICANS. | : | |

## MEMORANDUM

**SURRICK, J.**                                                                                    **APRIL 11, 2025**

Plaintiff Joseph S. Auteri filed a Complaint on August 24, 2022 alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), as well as breach of contract against Defendant Via Affiliates d/b/a Doylestown Health Physicians. Following motion practice and amendments, the remaining claims in Plaintiff's Second Amended Complaint involve whether Defendant discriminated against Plaintiff under Title VII and the Pennsylvania Human Relations Act ("PHRA") based on his religious affiliation. (*See* ECF No. 20.) Specifically, Plaintiff claims that Defendant engaged in discrimination by denying his requests for an exemption to its Covid-19 vaccination policy and terminating his employment. As part of his discovery efforts, Auteri seeks to depose Alex Gorsky, a well-known executive and philanthropist, regarding a telephone conversation between Gorsky and Auteri that occurred around October 2021. Since Gorsky is a non-party to this matter, Plaintiff attempted to serve a subpoena on Gorsky to require his attendance at a deposition.

On February 14, 2025, Alex Gorsky filed a Motion to Quash Subpoena and for a Protective Order. The Motion has been fully briefed and is ripe for disposition.

I.  **THE MOTION TO QUASH WILL BE GRANTED.**

Federal Rule of Civil Procedure 45(c)(3)(A) provides that a court shall quash or modify a subpoena if it fails to allow a reasonable time for compliance. Here, the time for compliance was less than one week, which falls outside the bounds of what courts have found to be reasonable. *Compare* (Pl. Resp. Ex. J, ECF No. 32-10 (showing receipt date of February 7, 2025) *and* (*id.* at Ex. F, ECF No. 32-6 (noticing Alex Gorsky's deposition for February 12, 2025)) *with Verisign, Inc. v. XYZ.com, LLC*, No. 15-cv-175, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015) ("[f]ederal courts have also found that seven days is clearly unreasonable."); *see also Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, No. 11-cv-1665, 2011 WL 5429005, at *7 (E.D. Pa. Nov. 7, 2011) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable."). Therefore, Plaintiff's subpoena to Gorsky will be quashed.

Moreover, Plaintiff still has not personally served the subpoena on Gorsky, and Plaintiff argues that the Court should excuse him from this requirement. For support, Plaintiff references several cases where service of a subpoena has been permitted by means other than personal service. However, to the extent Plaintiff cites cases from this District, the subpoenaing parties in those cases had effectuated personal service or served an authorized agent, so those cases do not adequately support his argument. *See Ninaltowski v. Moore*, No. 20-cv-01808, 2021 WL 3051932, at *3 (E.D. Pa. July 20, 2021) ("[T]hese documents were ultimately personally served on the nonparties prior to the show cause hearing."); *High Tech Nat'l, LLC v. Stead*, No. 19-191, 2020 WL 3605286, at *1 (E.D. Pa. July 2, 2020) (subpoena served on a clerical employee of subpoenaed party where employee represented she was authorized to accept service). Moreover, the majority of Third Circuit courts continue to require personal service under Rule 45. *See Daly v. Restore Integrative Wellness, LLC*, No. 23-4035, 2024 WL 5057195 (E.D. Pa. Dec. 09, 2024) ("[T]he

majority view in this circuit is that personal service is generally required[.]"). Plaintiff is therefore not excused from the personal service requirement under Rule 45.[1]

II. **THE MOTION FOR PROTECTIVE ORDER WILL BE DENIED.**

With respect to Gorsky's request for a protective order, the request will be denied. Gorsky argues that "the only conceivable purpose" of compelling his attendance at a deposition "would be to annoy, embarrass, and oppress" him. (Motion at 17.) However, the parties do not seem to dispute that Gorsky did have a telephone call with Plaintiff around October 2021, in which they discussed topics related to the Covid-19 vaccination policy, at the request of Defendant's CEO James Brexler. (*See* Pl. Resp. at 12.) Plaintiff argues that the circumstances surrounding this conversation relate to "Defendant's motives in denying" his request for an exemption to the vaccination policy, which in turn relates to whether Defendant's proffered reasons for its denial are pretextual. (*Id.*) We find that this information falls within the scope of discovery as set forth in Rule 26. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ."); *see also Thorpe v. City of Philadelphia*, No. 19-cv-5094, 2021 WL 2554625, at *2 (E.D. Pa. June 22, 2021) ("Rule 26 provides for liberal and broad discovery[.]"). Gorsky's request for a protective order will therefore be denied.

III. **PLAINTIFF WILL BE PERMITTED A BRIEF EXTENSION OF FACT DISCOVERY FOR THE LIMITED PURPOSE OF SERVING A COMPLIANT SUBPOENA AND DEPOSING ALEX GORSKY.**

Having found that Plaintiff's subpoena must be quashed and that a protective order is not warranted, the remaining issue is whether Plaintiff should be granted leave to serve a proper subpoena on Alex Gorsky after the close of fact discovery. Although Plaintiff has failed to

---

[1] If Plaintiff proceeds with good faith efforts to fulfill the requirements for service under Rule 45 but his efforts are obstructed, the Court will consider whether a departure from the usual personal service requirement is warranted.

3

explicitly move for an extension, we construe his response as seeking an extension of fact discovery for the limited purpose of deposing Alex Gorsky.

Although parties do not have a right to take depositions after the close of discovery, whether to permit an extension for this purpose is within the discretion of this Court. *See Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir. 1969) ("It is a well-established principle that the scope and conduct of discovery are within the sound discretion of the trial court."). Gorsky cites several cases in which courts have quashed subpoenas and not granted leave to serve after the close of discovery. (*See* Gorsky Reply, ECF No. 33 at 4.) However, Gorsky's referenced cases are distinguishable. For example, in *Duardo v. City of Hackensack,* No. 17-cv-02308, 2021 WL 3508781, at *1 (D.N.J. Aug. 9, 2021) fact discovery had been extended nine times. Likewise, in *Moore v. Walton*, No. CV 14-3873, 2024 WL 4756902 (E.D. Pa. Nov. 12, 2024) the discovery was limited to the issue of whether the defendant had notice of the lawsuit, and the court had already extended the deadline previously.

Here, there have not been prior extensions to the discovery period, the parties already permitted some depositions to proceed after the close of discovery, and Plaintiff attempted to serve the subpoena prior to the close of discovery. (*See* Pl. Resp. at 4, Ex. J.) The Court will therefore permit a brief extension of fact discovery for the limited purpose of allowing Plaintiff to serve a compliant subpoena and deposing Alex Gorsky.

IV.   **CONCLUSION**

For the foregoing reasons, Alex Gorsky's Motion will be granted to the extent he seeks to quash the subpoena Plaintiff previously attempted to serve, and denied to the extent Gorsky seeks a protective order. Plaintiff will be permitted a brief extension to fact discovery of 21 days from the issuance of the order for the limited purpose of serving a compliant subpoena and taking the deposition of Alex Gorsky. An appropriate order will follow.

BY THE COURT:


*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**