IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., | : |
| Plaintiff, | : |
| v. | : |
| VIA AFFILIATES d/b/a DOYLESTOWN HEALTH PHYSICIANS, | : CIVIL ACTION NO. 2:22-cv-03384 |
| Defendant. | : |

## **DECLARATION OF BARBARA HEBEL**

I, Barbara Hebel, pursuant to 28 U.S.C. § 1746(2), do hereby declare and state as follows:

1. I am over the age of 18 years and have personal knowledge of the matters herein.

2. I am the Vice President of Human Resources for Doylestown Hospital, a position I have held since July 9, 2008.

3. Defendant, VIA Affiliates d/b/a Doylestown Health Physicians ("Doylestown Health") is an entity that employs physicians and other medical professionals who work at Doylestown Hospital and thus fall within my oversight responsibilities.

4. In August 2021, during the COVID-19 pandemic, Doylestown Health implemented a policy that required each of its employees to become vaccinated for COVID-19 (the "Mandate").

5. In connection with the implementation of the Mandate, Doylestown Health developed a process for considering and accommodating exemption requests that would account for the relative risks that exemptions posed to various patient populations.

6.  As part of the development of that process, Doylestown Health, in consultation with subject-matter experts in its Infection Control department ("Infection Control") and with input from other sources, determined which of its departments and service lines involved relatively greater contact with more vulnerable patients, such that having unvaccinated healthcare workers in those areas would unacceptably risk those patients' health and safety.

7.  With input from Infection Control and other sources, Doylestown Health determined that the only available accommodation for employees who worked in departments and service lines it had identified as involving such contact was, where feasible, reassignment to a department or service line that involved contact with less vulnerable patients.

8.  Additionally, based in part on recommendations from Infection Control, Doylestown Health established enhanced safety precautions for any employee granted a medical or religious exemption from the Mandate, including double-masking, social distancing, refraining from eating in groups in the hospital cafeteria, and twice-weekly COVID-19 testing.

9.  Consistent with this process, Doylestown Health accepted and duly considered every exemption request it received.

10.  Ultimately, Doylestown Health granted 95 such requests, including numerous religious exemption requests submitted by employees based on their professed beliefs as Christians.

11.  In my capacity as Chief Human Resources Officer, I was responsible for receiving, considering, and deciding whether to grant religious exemptions from the Mandate.

12.  In considering religious exemption requests, I did not seek to make any factual determination as to whether the stated religious belief was sincerely held. Nor did I assess whether the stated belief would qualify as religious under applicable law. Rather, if the request

2

on its face asserted a basis for seeking an exemption from the Mandate that could reasonably be construed as religious, I assumed, solely for purposes of considering the request, that the stated belief was religious.

13. Therefore, my consideration of each religious exemption request generally was limited to an evaluation of whether Doylestown Health could accommodate the request without imposing an undue hardship.

14. On October 11, 2021, I received a request for an exemption from the Mandate from Plaintiff, Joseph S. Auteri, M.D., Chief of Cardiovascular Surgery and Medical Director of Cardiovascular Surgery and Cardiology at the Center for Heart and Vascular Care (the "Heart Institute") at Doylestown Hospital.

15. Doylestown Health had identified the Heart Institute as an area requiring contact with more vulnerable patients and thus an area where unvaccinated employees could not safely work.

16. Therefore, Doylestown Health determined that no unvaccinated employee could provide direct care in the Heart Institute.

17. I understood that, as part of his duties within the Heart Institute, Plaintiff performed heart surgery on vulnerable cardiac patients, and that permitting him to perform such work while unvaccinated would unacceptably risk those patients' health and safety.

18. Additionally, because Plaintiff was contractually obligated to serve as head of the Heart Institute and perform heart surgery, and because he had a specialized, non-fungible skill set as a heart surgeon, Doylestown Health determined that it could not reassign him to another department or service line.

3

19. Accordingly, I made the decision to deny Plaintiff's request for an exemption from the Mandate.

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*
BARBARA HEBEL

Executed: May 12, 2025