**EXHIBIT "6"**
**Second Exemption Request**



**Kimberly L. Russell, Esquire**
Direct Dial: (610) 941-2541
Direct Fax: (610) 684-2026
Email: krussell@kaplaw.com
www.kaplaw.com

October 22, 2021

**EMAIL AND REGULAR MAIL**

Barbara Hebel, VP, Human Resources
Doylestown Health
595 West State Street
Doylestown, PA  18901

RE:   **Joseph S. Auteri, M.D.**

Dear Ms. Hebel:

Kaplin Stewart Meloff Reiter & Stein, P.C. represents Joseph S. Auteri, M.D.  This is in response to your letter dated October 13, 2021 which improperly denied Dr. Auteri's requests for an exemption from Doylestown Health System's and VIA Affiliates' (collectively, **"DH"**) COVID-19 vaccination requirement and memorialized DH's refusal to engage in the interactive process to establish a reasonable accommodation for Dr. Auteri.  The purpose of this letter is to provide DH with the opportunity to reconsider its legal violations of Dr. Auteri's rights, provide Dr. Auteri with reasonable accommodations, cease DH's breach of Dr. Auteri's contractual rights and slander of Dr. Auteri, and remedy the retaliation Dr. Auteri suffered following Dr. Auteri's report of harassment and a hostile work environment.

**Timing of Dr. Auteri's Exemption Requests**

Your October 13, 2021 letter denies Dr. Auteri's medical and religious exemption requests in part because those requests allegedly were received after DH's alleged "deadline" of September 10, 2021.  That establishment of an arbitrary deadline and apparent adherence to such a deadline is a violation of state and federal law.  Title VII of the Civil Rights Act of 1964 (**"Title VII"**), the Americans with Disabilities Act (**"ADA"**), and the Pennsylvania Human Relations Act (**"PHRA"**) do not permit employers to establish "deadlines" beyond which an employee is not permitted to seek an exemption from a workplace standard and resulting reasonable accommodation request.  To the extent that DH denied Dr. Auteri's exemption requests in whole or in part due to Dr. Auteri's alleged failure to meet DH's "deadline" for such requests, DH must reconsider those requests immediately in order to avoid a claim for a violation of Dr. Auteri's civil rights.

**Kaplin Stewart**
Union Meeting Corporate Center
910 Harvest Drive, P.O. Box 3037
Blue Bell, PA  19422-0765
610-260-6000 tel

*Offices in*
Pennsylvania
New Jersey

P0000713

Barbara Hebel, VP, Human Resources
October 22, 2021
Page 2

**Dr. Auteri's Request for Medical Exemption and Reasonable Accommodation**

Dr. Auteri submitted a valid request for medical exemption to DH's COVID-19 vaccine mandate on October 6, 2021 and enclosed with this letter is another request for medical exemption. The enclosed exemption request is a certification by Dr. Auteri's treating physician that Dr. Auteri should not receive the COVID-19 vaccine. Dr. Auteri's request meets the requirements to obtain a reasonable accommodation under the ADA and PHRA. DH's refusal of Dr. Auteri's prior request for medical exemption based upon CDC guidance is improper under the ADA and PHRA.[1] CDC guidance is just that – guidance – and not law which supersedes the ADA and PHRA. CDC guidance does NOT permit the violation of an employee's civil rights. Even the CDC guidance as cited in your October 13, 2021 letter merely "recommends" that health care providers "offer" vaccination regardless of prior infection. CDC guidance is not a lawful basis to deny a valid request for medical exemption. Dr. Auteri expects that DH will grant his medical exemption request and grant the reasonable accommodation requested below, which accommodation is consistent with DH's past and current practices to mitigate the risk of COVID-19 exposure and transmission in DH facilities.

**Dr. Auteri's Request for Religious Exemption and Reasonable Accommodation**

Dr. Auteri submitted a valid request for a religious exemption to DH's COVID-19 vaccine mandate on October 6, 2021. In that request, Dr. Auteri articulated a sincerely held religious belief which exceeds the requirements to grant such an exemption. Dr. Auteri articulated that as a person of faith and follower of Jesus Christ, his sincerely held religious beliefs do not permit him to take the COVID-19 vaccine. DH is not permitted as a matter of law under Title VII or the PHRA to deny such an exemption request, and certainly cannot deny that request because of the request's "untimeliness" as discussed above. Your statement that the grant of a legally protected exemption from a workplace standard on the basis of a sincerely held religious belief would be "special treatment" is a violation of Dr. Auteri's civil rights which DH must cure immediately to avoid legal action. Dr. Auteri expects that DH will grant his religious exemption request and grant the reasonable accommodation requested below, which accommodation is consistent with DH's past and current practices to mitigate the risk of COVID-19 exposure and transmission in DH facilities.

**Dr. Auteri's Reasonable Accommodation Request**

In your October 13, 2021 letter denying Dr. Auteri's exemption requests, after denying those valid requests in violation of Dr. Auteri's civil rights, you summarily state that no accommodation would be available which would enable Dr. Auteri to perform his work and not impose an "undue hardship" on DH "because the safety of the vulnerable and high-risk patient population" which Dr. Auteri treats would be "jeopardized" by Dr. Auteri's vaccine exemption,

---

[1] DH also has acknowledged the potential for the COVID-19 "vaccine" to cause harmful side effects, as DH offered to compensate Dr. Auteri if the vaccine resulted in a side effect which would preclude Dr. Auteri from performing surgery. Dr. Auteri's proposed reasonable accommodation described in this letter addresses patient safety, Dr. Auteri's medical condition, and potential adverse side effects from the vaccine.

Barbara Hebel, VP, Human Resources
October 22, 2021
Page 3

as determined by "DH Infection Control." Leaving aside the qualifications of those involved in "DH Infection Control" as it relates to COVID-19 matters, your statement that no accommodation is available is false and a violation of Dr. Auteri's civil rights.

When an employee is entitled to an exemption from a workplace standard on the basis of a medical or religious reason, the employer must engage in an interactive process with the employee to determine, in joint consultation, whether a reasonable accommodation is available. Employers who claim that they cannot grant a reasonable accommodation due to an "undue hardship" have an exceedingly high burden to meet. Your letter fails entirely to articulate that hardship and violates Dr. Auteri's civil rights. Contrary to your statement, a reasonable accommodation is available and is readily achievable by DH as a healthcare provider and facility.

Dr. Auteri requests that his exemption requests be granted and that as a reasonable accommodation, Dr. Auteri submit to (1) a daily healthcare screening in which Dr. Auteri's temperature is taken and Dr. Auteri certifies that he has not been exposed to or experiencing any symptoms of COVID-19, and (2) weekly COVID-19 testing. DH certainly can conduct such basic screenings and the additional time and/or expense required to do so does not meet the high burden to demonstrate an "undue hardship." DH has conducted health screenings and COVID-19 testing throughout the pandemic and now cannot claim an undue hardship in doing so. Nor can DH legally claim that Dr. Auteri remaining unvaccinated but subject to testing jeopardizes patient safety because DH's Vice President and Chief Medical Officer, Scott Levy, M.D. acknowledged in an August 15, 2021 email to the Bucks County Health Commissioner (copy enclosed) "the ability of the vaccinated to transmit the virus [i.e. COVID-19]." DH's denial of Dr. Auteri's privileges of employment due to his need for an exemption to the vaccine mandate and reasonable accommodation, where DH admits through one of its top executives that vaccinated individuals can transmit COVID-19, is a violation of Dr. Auteri's civil rights. By agreeing to daily health screenings and weekly testing for COVID-19, Dr. Auteri poses <u>less</u> of a COVID-19 transmission risk than vaccinated personnel who are capable of transmitting the virus but not subjected to testing. Dr. Levy also previously equated patients who have been vaccinated with those who have already been infected with COVID-19 and exempted those patients from pre-procedure COVID-19 testing. <u>See</u> Dr. Levy's January 8, 2021 email (copy enclosed) stating in pertinent part "[a]nalogous to patient (sic) who have already had infection with COVID; those individuals who have been fully vaccinated for Covid do NOT need to have preprocedure testing done." There can be no lawful, nondiscriminatory, and/or nonretaliatory basis to deny Dr. Auteri's requested reasonable accommodation.

**<u>Breach of Dr. Auteri's Contractual Rights</u>**

The claims in your October 13, 2021 letter that Dr. Auteri has breached his Employment Agreement are based upon the entirely false premise that Dr. Auteri engaged in conduct which jeopardizes patient safety and justifies the revocation or suspension of Dr. Auteri's privileges. As demonstrated above, Dr. Auteri has engaged in no conduct which jeopardizes patient safety and Dr. Auteri's proposed reasonable accommodation actually makes him less of a "hazard" to

P000715

Barbara Hebel, VP, Human Resources
October 22, 2021
Page 4

patient safety than untested, vaccinated individuals who, by DH's admission, also are capable of transmitting the COVID-19 virus. Contrary to the claims in your October 13, 2021 letter, DH is in breach of Dr. Auteri's Employment Agreement because DH suspended Dr. Auteri's privileges without cause and then used that improper suspension to give notice of Dr. Auteri's impending termination. Dr. Auteri hereby demands that DH immediately reinstate Dr. Auteri's privileges, pay to Dr. Auteri all lost pay and benefits, and provide the reasonable accommodation requested above. If DH fails to do so and terminates Dr. Auteri in violation of the Employment Agreement, Dr. Auteri will take legal action against DH for breach of contract and seek all available remedies against DH. DH cannot breach Dr. Auteri's Employment Agreement and then seek to benefit from DH's breach by terminating Dr. Auteri in violation of that Agreement. DH must cure its breach immediately.

**Dr. Auteri has Communicated Truthfully with Third Parties about DH's Improper Conduct and DH's Threat to Terminate Dr. Auteri's Employment**

In your October 13, 2021 letter, you falsely accused Dr. Auteri of telling third parties that he "has been terminated" and "interfering with [DH's] business relationship with those third parties." I do not know the basis of your false statements, but your statements are without basis in fact and seem only to evidence DH's continued retaliation against Dr. Auteri (discussed in further detail below). Enclosed is a copy of Dr. Auteri's October 16, 2021 text message, which he has sent multiple times to multiple individuals, in which Dr. Auteri accurately states that (1) Dr. Auteri requested an exemption from the vaccine mandate, (2) DH then placed Dr. Auteri on an unpaid suspension, and (3) "in 30 days that will turn into a termination." Dr. Auteri's text is an entirely accurate summary and representation of Brenda Foley, M.D.'s October 11, 2021 letter to Dr. Auteri stating in pertinent part that Dr. Auteri is "being placed on a 30 day precautionary suspension from the medical staff" and your October 13, 2021 letter stating that if Dr. Auteri does not "cure his breach" by submitting proof of vaccination, DH "will terminate [Dr. Auteri's] employment for cause." Do not again accuse Dr. Auteri of "interfering with DH's business relationships" without first obtaining evidence of that interference. Dr. Auteri is permitted to communicate with employees and third parties about the terms and conditions of his employment and such communications are protected as a matter of law under the National Labor Relations Act.

**DH's Slander of Dr. Auteri**

It has come to Dr. Auteri's attention that DH has instructed staff in Dr. Auteri's office to advise patients seeking care that Dr. Auteri is on a "personal leave of absence." That statement is absolutely false and misleads patients. Stating that Dr. Auteri is on a personal leave of absence falsely implies that Dr. Auteri requested and/or is taking a leave of absence due to some problem with Dr. Auteri which renders Dr. Auteri unable to care for Dr. Auteri's patients. Nothing could be further from the truth, and DH's directive to the staff in Dr. Auteri's office is directing the slander of Dr. Auteri which will lead patients to question Dr. Auteri's fitness to practice medicine. Such a result damages Dr. Auteri's reputation by DH's knowingly false statement and constitutes slander. DH has suspended Dr. Auteri due to DH's improper denial of Dr.

Auteri's requests for an exemption from the COVID-19 vaccine mandate and reasonable accommodation. If DH insists upon communicating about Dr. Auteri's absence from work, DH should state the truth or communicate nothing at all. If DH continues damaging Dr. Auteri in such a manner, Dr. Auteri will take appropriate legal action. DH cannot evade the consequences of its unlawful violations of Dr. Auteri's civil rights by defaming Dr. Auteri's reputation.

### DH's Retaliation Against Dr. Auteri Following Dr. Auteri's Report of Harassment and a Hostile Work Environment

On September 10, 2021, Dr. Auteri reported that he was being subjected to harassment and a hostile work environment by Dr. Levy, Dr. Auteri's direct supervisor. Dr. Auteri copied you on an email in which he specifically stated that Dr. Levy was repeatedly engaging with Dr. Auteri in a "heated," "angry" way and with a raised voice. Dr. Levy repeatedly has yelled at and demeaned Dr. Auteri in front of other DH staff. Dr. Auteri reported that Dr. Levy was unable to have a conversation with Dr. Auteri without Dr. Levy becoming "agitated." As a Human Resources professional, you certainly must be aware that your receipt of such a communication triggers your obligation to investigate further Dr. Auteri's allegations. Dr. Auteri is entitled to know exactly what was done to investigate his complaint and the result of that investigation. As of this writing, you have not provided that investigation information to Dr. Auteri. Please provide me with that investigation information immediately, including evidence of the action you took to rectify Dr. Levy's improper conduct.

Following that report of harassment and a hostile work environment, DH retaliated against Dr. Auteri by summarily denying Dr. Auteri's exemption requests, failing to grant Dr. Auteri a reasonable accommodation and without engaging in the interactive process as required by law, and suspending Dr. Auteri in breach of Dr. Auteri's Employment Agreement and violation of Dr. Auteri's civil rights. On October 16, 2021, Dr. Auteri again reported "abuse" and "harassment" at the hands of Dr. Levy. On October 10, 2021, Dr. Levy threatened Dr. Auteri by telling Dr. Auteri that Dr. Auteri would be terminated immediately if Dr. Auteri did not forfeit Dr. Auteri's civil rights and comply with the "vaccine mandate." Dr. Levy harassed Dr. Auteri and said that Dr. Auteri's "legacy" would be that of a "loser" if Dr. Auteri did not forfeit Dr. Auteri's civil rights by succumbing to the "mandate." Dr. Levy threatened Dr. Auteri's business reputation and welfare by stating that Dr. Auteri would never get a job as a cardiac surgeon in the United States again if Dr. Auteri did not forfeit Dr. Auteri's civil rights and succumb to the mandate. Dr. Levy violated HIPAA in the course of Dr. Levy's threats by naming three other unvaccinated physicians on the DH staff, defamed those physicians by stating that Dr. Auteri was "not in good company" by failing to comply and forfeit Dr. Auteri's civil rights, all of which was presented as a threat to Dr. Auteri. The day after Dr. Levy's threats and Dr. Auteri's refusal to forfeit his civil rights, and immediately after asserting those rights by requesting exemptions and accommodations, DH retaliated against Dr. Auteri by summarily denying those exemptions and requests for accommodations without appropriate legal justification to do so.

As of this writing, you have had six days to investigate Dr. Auteri's October 16, 2021 report of harassment and retaliation. Dr. Auteri is entitled to know exactly what was done to investigate

Barbara Hebel, VP, Human Resources
October 22, 2021
Page 6

his complaint and the result of that investigation. As of this writing, you have not provided that investigation information to Dr. Auteri. Please provide me with that investigation information immediately, including evidence of the action you took to rectify Dr. Levy's improper conduct. Dr. Levy apparently has no intention of ceasing his improper conduct, and DH apparently cannot control Dr. Levy's improper conduct. DH apparently took no action to rectify Dr. Levy's conduct following notice to you on September 10, 2021, and Dr. Levy believed that he could continue his improper conduct and retaliate against Dr. Auteri. Dr. Auteri hereby demands that DH commence an immediate investigation of Dr. Levy's conduct and that Dr. Levy be removed from DH premises pending the outcome of that investigation so that Dr. Auteri and all DH staff are not subjected to Dr. Levy's improper and uncontrolled conduct.

**Conclusion**

Dr. Auteri expects that his exemption requests will be granted and reasonable accommodations adopted as set forth above. Dr. Auteri expects that he will be reinstated immediately and all lost pay and benefits restored. Dr. Auteri will not forfeit his civil rights and will not tolerate DH's continued violation of those rights and refusal to protect Dr. Auteri's rights as stated herein. Make no mistake - Dr. Auteri is not resigning as stated in Dr. Foley's October 11, 2021 letter and on November 11, 2021, if DH pursues its wrongful path as stated in your October 13, 2021 letter and terminates Dr. Auteri's employment, DH will do so in violation of Dr. Auteri's civil rights and Employment Agreement.

If DH has denied other employee's exemption requests as it did Dr. Auteri's and failed to provide reasonable accommodations as required by law, DH had best reconsider and rectify its decisions or DH may be subject to class litigation for DH's civil rights violations, which litigation would seemingly be meritorious on its face. It is unfathomable that DH would flagrantly violate its employees' civil rights and terminate staff or otherwise retaliate against highly skilled staff by effectively demoting those employees to lower paying positions and at the same time jeopardizing patient safety by reducing the availability of such staff. DH is demonstrating a complete disregard of its employees' civil rights and its patients' rights to prompt and effective treatment. DH knows that its position is not based in fact and universal employee vaccination will not stop the spread of COVID-19 (per Dr. Levy's admissions). DH must rectify immediately its conduct or face the severe legal consequences.

Sincerely,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: Kimberly L. Russell, Esquire

KLR:dg

Enclosures