IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., | : |
| Plaintiff, | : |
| v. | : |
| VIA AFFILIATES d/b/a DOYLESTOWN HEALTH PHYSICIANS, | : CIVIL ACTION NO. 2:22-cv-03384 |
| Defendant. | : |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF <u>DR. PETER MCCULLOUGH</u>**

**I.     INTRODUCTION**

In response to Defendant's Motion to Exclude the Report and Testimony of Dr. Peter McCullough, Plaintiff unironically contends that Doylestown Health[1] does not address the substance of the McCullough Report and then proceeds to avoid addressing head-on any of Defendant's arguments. Instead, Plaintiff asserts that the Court cannot rely on other courts' determinations (e.g., in *Slattery v. Main Line Health*) that Dr. McCullough is unqualified because his opinion in this case is not exactly the same as those rejected in other cases; disowns Dr. McCullough's plainly incorrect opinion that that COVID-19 vaccines are "gene therapy products" that alter human DNA; and dodges the fatal flaw of his opinion that vaccinated

---

[1] Capitalized terms herein have the same meanings as defined in Defendant's opening Memorandum of Law (ECF No. 39; "Def.'s Mem. of Law").

persons can transmit COVID-19, i.e., that it is only half-true because it ignores that vaccination makes a person less likely to contract COVID-19 in the first place.

On these flimsy arguments, Plaintiff asks the Court to abdicate its gatekeeper function under *Daubert* and permit Dr. McCullough, a fount of COVID-19 misinformation who publicly has spread false or misleading claims about vaccines over the course of several years, to appear at trial (if one is necessary) to repeat those claims in front of a jury. The Court should decline this invitation and should exclude Dr. McCullough's report and testimony.

## II.    LEGAL ARGUMENT

### A.    Dr. McCullough Is Not Qualified to Provide Expert Opinions Regarding COVID-19 or Related Subject Matter.

In *Slattery v. Main Line Health, Inc.*, the court held unequivocally that "Dr. McCullough is **not qualified** to give opinions related to **COVID-19, the COVID-19 vaccine, or the public health response to COVID-19**." No. CV 22-4994, 2025 WL 897526, at *7 (E.D. Pa. Mar. 24, 2025) (emphasis added). The holding of the *Slattery* court on this question was based not only on Dr. McCullough's total lack of relevant experience and training in the fields of either vaccinology or epidemiology, but also on his pattern of publicly presenting fiction as fact, as other courts have recognized. *Id.* (collecting cases). Importantly, the *Slattery* court found Dr. McCullough's was unqualified to testify as an expert for *all* purposes related to COVID-19, vaccines, and related public health measures. *Id.* Its conclusion was *not* predicated on the claims at issue in that matter or the specific opinions he was offering.

Apparently recognizing this, Plaintiff makes no serious attempt to explain how Dr. McCullough somehow is qualified in this case to give opinions on essentially those *exact same* topics. Instead, Plaintiff labels *Slattery* "a different Court's determination" and states, irrelevantly, that "[d]eterminations regarding the *reliability* of a report must be specific to the

report itself." Pl.'s Mem. of Law 4 (emphasis added). Putting aside that qualifications and reliability are two entirely different questions (though, as the *Slattery* court recognized, they may overlap, *see* 2025 WL 897526, at *7 n.8), Plaintiff ignores the fact that qualifications are about the proffered expert's "skills, knowledge, education, experience, and training" on the topics to which the opinions relate. *Id.* at *3. Under this standard, the conclusion and reasoning of the *Slattery* court—that the court was "unwilling to certify an expert on a relatively novel virus when they have had no previous experience with epidemiology, immunology, or infectious disease"—are directly applicable here and require the same outcome. *Id.* at *7.

Plaintiff has not identified a single decision in which a court found Dr. McCullough qualified under *Daubert* to present opinions on these topics. Nor has he cited any authority allowing a comparably inexperienced and untrained medical practitioner to offer opinions about COVID-19, the vaccines and/or public health measures designed to reduce the spread of the virus.

Rather than addressing head-on Defendant's argument that Dr. McCullough is unqualified to be an expert in this case, Plaintiff cites to *Lauria v. Amtrak*, a case from more than 27 years ago involving a slip-and-fall incident on a railroad track, in which the plaintiff sought to introduce expert testimony on the railroad company's allegedly negligent track maintenance. 145 F.3d 593, 597-98 (3d Cir. 1998). The *Lauria* court held that the proffered expert, who had broad "experience in railroad track operations," including track maintenance, was qualified to provide opinions on whether the railroad adequately maintained the section of track where the incident occurred. *Id.* at 598-99.

*Lauria* self-evidently has no relevance here. Significantly, the proffered expert in *Lauria* had at least *some* relevant experience and training, whereas "prior to the COVID-19 pandemic,

3

[Dr. McCullough's] practice was entirely internal medicine," not a relevant field such as vaccinology or epidemiology. *Slattery*, 2025 WL 897526, at *7. The *sole basis* Plaintiff puts forth in support of his assertion that Dr. McCullough has relevant experience is that he claims to have treated patients with COVID-19 (*see* Pl.'s Mem. of Law 7). This "experience" is woefully insufficient: nearly *any* medical provider who practiced during the pandemic could make the same claim.[2]

Similarly, Plaintiff argues in conclusory fashion that the "concerns" the *Slattery* court articulated about Dr. McCullough's history of spreading misinformation were "not a proper basis for disqualifying Dr. McCullough." Pl.'s Mem. of Law 6. But Plaintiff does not explain how the subject matter of those "concerns," i.e., Plaintiff's history of false statements about COVID-19, as recognized by multiple other courts, should not also be of concern to this Court for the same reasons. Those false statements, especially coupled with Dr. McCullough's lack of credentials, are directly relevant to whether Dr. McCullough is qualified to opine on COVID-19 in a way that would assist, rather than mislead and confuse, a trier of fact. The Court should not accept Plaintiff's invitation to ignore them.

For the myriad reasons outlined in Doylestown Health's opening brief and discussed further above, the Court should not qualify Dr. McCullough as an expert and allow him to present his uninformed opinions to any factfinder. Instead, the Court should follow the sound

---

[2] The revocation of Dr. McCullough's board certifications for spreading COVID-19 misinformation is further evidence that he is not qualified to give any opinions that would help a trier of fact int this case. *See* Def.'s Mem. of Law, Ex. G at 4 (noting that Dr. McCullough's false public statements about COVID-19 were" inimical to the ethics and professionalism standards for board certification"). Plaintiff calls the ABIM's findings about Dr. McCullough's false statements "unfounded," but he offers no support for this assertion, nor does he offer any substantive challenge to the findings.

4

reasoning of *Slattery*, strike Dr. McCullough's expert report from the record, and preclude any reliance on his opinions in this matter.

        **B.**        **Dr. McCullough's Opinions Do Not Meet the Requirements of *Daubert*.**

The "ultimate touchstone" for evaluating admissibility under Rule 702 and *Daubert* is "helpfulness to the trier of fact." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 744 (3d Cir. 1994). "Permitting [an expert] witness to offer an opinion unsupported by a sufficient factual foundation would significantly increase the risk of misleading the jury and confusing the issues," which the Federal Rules of Evidence are designed to guard against. *Elcock v. Kmart Corp.*, 233 F.3d 734, 756 n.13 (3d Cir. 2000) (citing Fed. R. Evid. 403); *see also Estate of Schneider*, 320 F.3d at 404 (holding that "testimony must be relevant for the purposes of the case and must assist the trier of fact").

Plaintiff fails to establish that Dr. McCullough's factually unsupported, unreliable and irrelevant opinions meet these standards. Thus, even in the unlikely event he is deemed qualified, his report and testimony should be excluded for these additional reasons.

        **1.**        **Dr. McCullough's Purported Opinion that COVID-19 Vaccines Are "Gene Therapy Products" Is Pure Misinformation That Is Both Unreliable and Irrelevant.**

Just as Plaintiff cannot obscure Dr. McCullough's lack of qualifications, so too can he not blind the Court to the unreliability of Dr. McCullough's opinions. Plaintiff acknowledges Defendant's argument, based in part on the unambiguous official statements of the FDA, CDC, and NIH that COVID-19 vaccines do not alter one's DNA, that there is no scientific basis for Dr. McCullough's opinion that the COVID-19 vaccines available to Plaintiff "were in essence genetic biotechnology products which have been shown to alter the human genome by reverse transcription." Pl.'s Mem. of Law 8; McCullough Report at 7-8. But Plaintiff fails to address squarely Defendant's argument and the basis therefor, which would be necessary for Plaintiff to

justify Dr. McCullough's stated opinion that the vaccines "have the ability to alter the human genome." Instead, Plaintiff runs away from Dr. McCullough's unreliable opinion by claiming Dr. McCullough "did not conclude that the COVID-19 vaccines alter DNA as a factual statement." Pl.'s Mem. of Law 8.

Plaintiff's curious position in this regard raises a significant question: what is Dr. McCullough's actual conclusion if it is not that COVID-19 vaccines alter DNA, since the entire purpose of his opinion, as Plaintiff himself argues, is to "justify[ ] [Plaintiff's] religious basis for refusing to take a vaccine which enters the cell and alter the body as designed by God." Pl. Mem. of Law 15. Regardless of the answer (if any) to that question, Plaintiff's concession that Dr. McCullough does not even reach any conclusion about alleged genetic alteration renders his opinion both unreliable and irrelevant.

The opinion that COVID-19 vaccines "have the ability to alter the human genome" is unreliable under *Daubert* because, as Plaintiff now appears to concede, there is no factual basis for such a conclusion. Doylestown Health has explained at length why this is so and need not repeat that discussion here. *See* Def.'s Mem. of Law 10-12. It is unclear if Plaintiff now attempts to draw a distinction between whether the vaccines "have the ability to" alter DNA and whether they *actually do* cause such alteration. Ultimately, however any such distinction does not matter if Plaintiff cannot point to any facts contradicting the scientific conclusions of the FDA, CDC, and NIH that COVID-19 vaccines *do not* alter DNA.[3]  *See id.*

---

[3] Plaintiff suggests that the Court cannot take judicial notice of these facts (Pl.'s Mem. of Law 9-10), but courts consistently take judicial notice of facts on government websites such as the CDC's, and "[c]ourts have routinely relied on CDC recommendations in their decisions." *Slattery*, 2025 WL 897526, at *9 n.9 ("The Court takes judicial notice, notes, and incorporates, the CDC information available at [CDC website]."); *see also Matias v. Terrapin House, Inc.*, No. 5:21-CV-02288, 2021 WL 4206759, at *5 (E.D. Pa. Sept. 16, 2021) ("This Court takes judicial notice of certain facts regarding COVID-19 that are posted by the CDC on its official website."). Plaintiff cites no authority to suggest courts are wrong to do so.

6

Importantly, while Plaintiff criticizes Doylestown Health for not addressing every article on which Dr. McCullough purports to rely for this assertion (Pl.'s Mem. of Law 9), Plaintiff conspicuously does *not* argue that those articles support any conclusion that the vaccines alter one's DNA. All Plaintiff is willing to say is that, based on the articles, Dr. McCullough believes that the vaccines are "genetic biotechnology products," *not* that they alter DNA. Pl.'s Mem. of Law 9.

This opinion also is irrelevant and thus fails *Daubert*'s fit requirement. As Doylestown Health has explained, Plaintiff's alleged beliefs about vaccines and DNA are scientific beliefs, not religious ones, and that is the determination a factfinder would need to make—not whether COVID-19 alters DNA as a factual matter. Def.'s Mem. of Law 18-19; *see Slattery v. Main Line Health, Inc.*, No. 22-4994, 2025 WL 1758616, at *4 (E.D. Pa. June 25, 2025) (emphasis added) (holding beliefs about genetic alteration are not religious, but rather, "*medical or scientific beliefs* about a particular medical device or mechanism, in this instance a vaccine, that are couched with religious language"). Accordingly, Dr. McCullough's purported *scientific* opinion about the vaccines' "mode of action" and that they "enter the cells of the human body" could not assist any trier of fact in determining whether Plaintiff's beliefs were religious or not. If anything, it would only diminish Plaintiff's case by demonstrating that they must have been scientific. This opinion should be excluded as unreliable and irrelevant.

> **2.    Dr. McCullough's Opinion Regarding Transmission of COVID-19 by Vaccinated Individuals is Unreliable and Irrelevant Because It Ignores the Effect of Vaccination on the Risk of Infection.**

Dr. McCullough's other opinion is that Plaintiff, as an unvaccinated doctor providing direct care to patients, posed no greater health and safety risk than did his vaccinated colleagues. Pl.'s Mem. of Law 10-11. According to Dr. McCullough, this is because vaccinated individuals can transmit COVID-19 if they become infected. *Id.* at 10-12. This opinion is both unreliable

7

and irrelevant because it is patently incomplete: it ignores the fact that vaccination reduces the likelihood of an individual becoming infected in the first place, which in turn reduces the likelihood of infection.  Def.'s Mem. of Law 13-16, 19-20.  Yet again, however, Plaintiff completely avoids addressing Defendant's argument, supported by facts presented by Defendant and its expert, Dr. Salmon, establishing that transmission is less likely where infection is less likely.  This means that allowing Plaintiff to perform heart surgery while unvaccinated would have imposed an undue hardship by creating an unacceptable health and safety risk that vaccination could significantly mitigate.  Def.'s Mem. of Law, Ex. E.

In lieu of confronting Defendant's argument, Plaintiff resorts to (1) criticizing Defendant for not addressing every article Dr. McCullough cites in support of his assertion about transmissibility,[4] and (2) pointing out superficial differences in the case law Doylestown Health has cited recognizing the half-true nature of Dr. McCullough's opinion about transmissibility.  Pl.'s Mem. of Law 11-14.  Neither argument meets Plaintiff's "burden to demonstrate that Dr. McCullough meets the *Daubert* criteria." *Slattery*, 2025 WL 897526, at *9 (citing *Bardo v. Norfolk S. Ry. Co.*, 459 F. Supp. 3d 618, 624 (M.D. Pa. 2020)).

With respect to the articles on which Dr. McCullough relies, while Plaintiff implies they support his opinion, he does not explain how.  Pl.'s Mem. of Law 11.  "It is not the Court's job to search for the reliability of [Dr. McCullough's] methods through piecemeal articles cited to support conclusions that veer far from main-stream science[.]"  *Slattery*, 2025 WL 897526, at *9.  Suffice it to say, however, that none of the articles could possibly dispute the uncontroversial

---

[4] Doylestown Health has noted for the Court that the *Lancet* article about transmissibility, on which Dr. McCullough's opinion relies, is one that multiple courts have flagged as not supporting any anti-vaccine argument based on transmissibility.  *See* Def.'s Mem. of Law 13-15.

fact that a vaccinated person cannot transmit the virus unless infected in the first place. Nor does Plaintiff or Dr. McCullough dispute the fact that vaccination reduces the likelihood of infection.

The cases Doylestown Health has identified recognize the unreliability and irrelevance of Dr. McCullough's claim that the transmissibility of the virus by vaccinated persons renders vaccination "at best worthless." Def.'s Mem. of Law, Ex. D at 10-11. Plaintiff's arguments that those cases do not apply because, for example, some of them involved injunctive relief (Pl.'s Mem. of Law 12-13), only serve to sidestep the underlying factual reality: focusing solely on transmissibility leaves out half of the equation by disregarding that vaccination lowers infection rates. For that reason, Dr. McCullough's half-true opinion is unreliable and irrelevant, and should be excluded.

## III. CONCLUSION

For the reasons set forth above, Defendant, VIA Affiliates d/b/a Doylestown Health Physicians, respectfully requests that the Court exclude and strike from the record the Expert Report of Dr. Peter A. McCullough, MD, MPH, and preclude Dr. McCullough from offering any expert testimony in this matter.

|  | Respectfully submitted, |
|---|---|
|  | /s/ Christopher D. Durham<br>Christopher D. Durham, Esquire<br>Adam D. Brown, Esquire<br>Elisabeth G. Bassani, Esquire<br>Duane Morris LLP<br>30 South 17th Street<br>Philadelphia, PA 19103<br>(215) 979-1800 |
| Date: July 3, 2025 | *Attorneys for Defendant, VIA Affiliates d/b/a Doylestown Health Physicians* |

## **CERTIFICATE OF SERVICE**

I, Adam D. Brown, certify that on July 3, 2025, I caused a copy of the foregoing Defendant's Reply in Further Support of Motion to Exclude the Report and Testimony of Dr. Peter McCullough to be filed electronically, and the same is available for viewing and downloading from the ECF System by the following counsel of record:

**Kimberly L. Russell, Esq.**
**Daniel Zachariah, Esq.**
Kaplan Stewart Meloff Reiter & Stein, P.C.
Union Meeting Corp. Center
910 Harvest Dr.
P.O. Box 3037
Blue Bell, PA 19422
610-941-2541
krussell@kaplaw.com
dzachariah@kaplaw.com

**Karyn L. White, Esq.**
Pacific Justice Institute
PA/NJ Office P.O. Box 276600
Sacramento, CA 95827
609-335-4833
kwhite@pji.org

*Attorneys for Plaintiff*

/s/ Adam D. Brown
Adam D. Brown, Esquire