IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., | : |
| Plaintiff, | : |
| v. | : |
| VIA AFFILIATES d/b/a DOYLESTOWN HEALTH PHYSICIANS, | : CIVIL ACTION NO. 2:22-cv-03384 |
| Defendant. | : |

# **ORDER**

AND NOW this ___ day of _____, 202__, upon consideration of Plaintiff's Cross-Motion to Exclude the Report and Testimony of Dr. Daniel Salmon, Ph.D., MPH, and all documents submitted in support thereof and in opposition thereto, it is ORDERED that the Motion is DENIED.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH S. AUTERI, M.D., | : |
| Plaintiff, | : |
| v. | : |
| VIA AFFILIATES d/b/a DOYLESTOWN HEALTH PHYSICIANS, | : CIVIL ACTION NO. 2:22-cv-03384 |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF
<u>DR. DANIEL SALMON, PH.D., MPH</u>**

**I.   INTRODUCTION**

Plaintiff's motion to exclude the report and testimony of Dr. Daniel Salmon, Ph.D., MPH, appears to be nothing more than a halfhearted attempt to make each side's proffered expert seem equally vulnerable to exclusion under Federal Rule of Evidence 702.  But the two experts are nothing alike and, while Defendant's Motion to Exclude the Report and Testimony of Dr. Peter McCullough (ECF No. 39) was supported with case law and substantive argument, Plaintiff's competing motion cites *not one case* in its discussion of Dr. Salmon's written report (the "Salmon Report").  Plaintiff instead relies largely on conclusory statements such as that Dr. Salmon's opinions are "irrelevant" or "will not assist the trier of fact," accompanied by little if any analysis.  He provides no basis for the exclusion of Dr. Salmon's opinions.

In this action, Plaintiff asserts that Doylestown Health wrongfully did not accommodate his alleged religious beliefs because it denied his request for an exemption from its COVID-19 vaccination requirement for medical staff during the pandemic.  More specifically, he contends

that Doylestown Health should have permitted him to perform heart surgery on vulnerable cardiac patients while unvaccinated. One of Doylestown Health's defenses to Plaintiff's claim is that it would have incurred an undue hardship by accepting the health and safety risk to patients and staff that would have resulted from such an exemption. Plaintiff contests this point and has put forth his own purported expert, Dr. McCullough, who opines that no undue hardship would have existed.

Dr. Salmon is a vaccinologist whose opinions Doylestown Health has proffered to explain, among other things, the health and safety threats of COVID-19, the role of COVID-19 vaccines and vaccine mandates in managing those threats, the inadequacy of alternative infection-control measures, and the validity of distinguishing between more and less vulnerable patients for purposes of determining whether individuals could provide direct care while unvaccinated.

This subject matter is a quintessential example of one for which an expert's scientific, technical and specialized knowledge would help the trier of fact understand the evidence and determine facts in issue. Not surprisingly, therefore, courts repeatedly and consistently have relied on Dr. Salmon's opinions regarding COVID-19 and related topics in summary judgment proceedings in this exact context and in analogous ones. This Court should do the same.

**II.    LEGAL STANDARD**

Federal Rule of Evidence 702 governs the admissibility of expert testimony, as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training or education may testimony in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principals and methods; and

(d) the expert has reliably applied the principals and methods to the facts of the case.

Fed. R. Evid. 702.

### III.   LEGAL ARGUMENT

While Plaintiff does not attempt to direct the Court to any authority supporting his arguments for exclusion, those arguments appear to fall roughly into three legal categories. First, Plaintiff argues that Dr. Salmon's opinions about the threats of the COVID-19 pandemic to healthcare workers and the safety and efficacy of COVID-19 vaccines should not be admitted because they are not based on scientific, technical, or other specialized knowledge. Pl.'s Mem. of Law 8-19. Second, Plaintiff argues that Dr. Salmon's opinions about the role of vaccines and vaccination mandates in managing the threats of COVID-19, the effect of non-medical exemptions from vaccination mandates, and the relative ineffectiveness of different infection-control measures are "irrelevant." *Id.* at 21-23.[1] Third, Plaintiff maintains that Dr. Salmon's opinions regarding the distinction between more and less vulnerable patients for purposes of granting non-medical exemptions is not "the product of reliable principles and methods." *Id.* at 24. None of these arguments justifies the exclusion of Dr. Salmon's report or testimony.

    **A.**    **Dr. Salmon's Opinions Regarding the Threats of COVID-19 Are Based on Scientific, Technical, and Other Specialized Knowledge.**

Plaintiff argues that Dr. Salmon's opinions on the science of COVID-19, including the threat it posed to human health, how readily it could spread from person to person, and how it uniquely affected healthcare facilities during the pandemic, are "based on information that a jury

---

[1] Because Plaintiff improperly submitted his cross-motion regarding Dr. Salmon as part of the same document containing his opposition to Doylestown Health's Motion to Exclude the Report and Testimony of Dr. Peter McCullough (ECF No. 44), references to "Pl.'s Mem. of Law" herein are to that document, in which the cross-motion to which this submission responds begins on page 16.

of lay people is more than capable of understanding." Pl.'s Mem. of Law 19. Plaintiff offers no analysis or substantive discussion in support of this argument, and the argument fails.

Consideration of the undue hardship defense to a failure-to-accommodate claim in the context of a healthcare facility includes non-economic factors such as health and safety risks, and courts have recognized that Dr. Salmon's opinions on the technical aspects of those risks plainly are relevant in this context. *See Bushra v. Main Line Health, Inc.*, 709 F. Supp. 3d 164, 175 (E.D. Pa. Mar. 21, 2024) (considering Dr. Salmon's opinions regarding transmission and infection risk in granting summary judgment for defendant hospital on undue hardship defense); *Slattery v. Main Line Health, Inc.*, No. 22-4994, 2025 WL 1758616, at *5 (E.D. Pa. June 25, 2025) ("Defendant's expert, Dr. Salmon opines that health care personnel were at an increased risk of exposure to COVID-19 cases. . . . In particular, Dr. Salmon states that health care workers with direct patient care had 4 times the risk of contracting COVID-19 compared with health care workers without direct patient care."). And at least one court has rejected the same argument Plaintiff makes here, i.e., that this type of opinion would not help lay people understand the issues bearing on undue hardship, in a case involving a *Daubert*[2] challenge to Dr. Salmon's opinions. *Welcome v. Amplity, Inc.*, No. 4:22-CV-00830-RK, 2024 WL 6045692, at *6 (W.D. Mo. Dec. 4, 2024) ("Because Dr. Salmon's report addresses the safety risk involved if [employer] permitted field-based employees to remain unvaccinated, it provides sufficiently relevant insight to the question of whether accommodating Plaintiffs would cause undue hardship to [employer].").

Plaintiff's argument that these opinions would not help a trier of fact understand facts in issue rests largely on Plaintiff's repeated, blanket criticism that the opinions do not state a legal

---

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

conclusion, i.e., "whether it would be an undue hardship for [Doylestown Health] to have granted Plaintiff's request for an accommodation to the COVID-19 vaccine Mandate[.]"  Pl.'s Mem. of Law 17, 21-22.  This argument misapprehends the role of an expert witness: in fact, "[d]istrict courts in this Circuit have applied Rule 702 to allow the testimony of experts concerning both broad and narrow areas of law, but have been careful to *prevent* experts from offering conclusions of law."  In re Wellbutrin SR Antitrust Litig., No. CIV.A. 04-5525, 2010 WL 8425189, at *3 (E.D. Pa. Mar. 31, 2010) (emphasis added) (collecting cases).

As Plaintiff has not provided the Court any basis to exclude Dr. Salmon's opinions on the threats and risks of COVID-19, the Court should reject his request that it do so.

    **B.**    **Dr. Salmon's Opinions Regarding the Role of Vaccines, Vaccine Mandates and Other Infection-rControl Measures in Managing the Threats of COVID-19 Are Directly Relevant to Plaintiff's Claims and Doylestown Health's Undue Hardship Defense.**

Plaintiff next argues that Dr. Salmon's opinions on how vaccines and vaccine mandates can help control the spread of COVID-19, thereby reducing the health and safety risks associated with COVID-19, and the relative ineffectiveness of alternative infection-control measures, are "irrelevant" to the issues in this case.  Pl.'s Mem. of Law 19-23.  Plaintiff is wrong.

Multiple courts have relied on Dr. Salmon's opinions regarding vaccines, vaccine mandates, and other infection-control measures in granting summary judgment for defendants on the undue hardship defense.  See Bushra v. Main Line Health, Inc., 709 F. Supp. 3d 164, 175 (E.D. Pa. 2023), aff'd, No. 24-1117, 2025 WL 1078135, at *2 (3d Cir. Apr. 10, 2025) ("Dr. Salmon explains that vaccines were proven to be highly effective in preventing the disease at the time that [hospital] instituted the [COVID-19 vaccine] mandate."); Aukamp-Corcoran v. Lancaster General Hospital, 2022 WL 507479, at *6 (E.D. Pa. Feb. 18, 2022) ("Dr. Salmon opined that providing non-medical exemptions to mandatory vaccination programs for healthcare

5

workers increases the risk that vaccine-preventable disease will spread. . . . He also opined that use of surgical masks is less effective at preventing the spread of influenza in healthcare facilities than vaccination."). Plaintiff does not even address these cases or cite any contrary authority.[3]

At least one court recently has held specifically that expert opinion on this subject matter is admissible under *Daubert*, denying a substantially similar motion to exclude such opinion. *Sanchez v. Rock Island Cnty. Health Dep't*, No. 4:23-CV-04007-SLD, 2025 WL 1372977, at *4 n.3 (C.D. Ill. May 12, 2025) (denying motion to exclude different expert's report on COVID-19 threats and stating "[i]t is worthwhile to note that the *Slattery* court identified no issue with the expert opinion of Dr. Daniel Salmon, the Director of the Institute for Vaccine Safety at Johns Hopkins Bloomberg School of Public Health"). This Court, too, should reject Plaintiff's arguments and hold that Dr. Salmon's opinions are admissible under Rule 702.

      **C.**    **Dr. Salmon's Opinions Regarding the Distinction Between More Vulnerable and Less Vulnerable Patients Is Reliable.**

Finally, Plaintiff argues that Dr. Salmon's opinion about the propriety of distinguishing between more and less vulnerable patients in evaluating exemption requests is not "the product of reliable sources and methods." Pl.'s Mem. of Law 24. Dr. Salmon explains clearly in his report that "[m]any patients in this setting were at increased risk of severe disease, while other patients were not at increased risk of severe disease." *Id.*, Ex. 2 at 19. He further opines that cardiac patients were among those who were at increased risk of severe disease and thus, according to the American Heart Association, were more vulnerable to serious consequences of COVID-19 such as heart failure, coronary artery disease, and cardiomyopathies. *Id.* at 5.

---

[3] Plaintiff argues that Dr. Salmon's acknowledgement that vaccine effectiveness "'goes down over time' completely nullifies" his opinions about the efficacy of the vaccine. Pl.'s Mem. of Law 20. This argument is nonsensical on its face, because diminished effectiveness does not equate to total ineffectiveness.

Plaintiff simply ignores this explanation, claiming that "Dr. Salmon does not provide this Court with any definition of who is 'more' vulnerable and who is 'less' vulnerable in a hospital." Not only is Plaintiff's claim in this regard belied by the discussion in Dr. Salmon's report, it is further undermined—and its disingenuity laid bare—by *Plaintiff's own testimony* that the patients with cardiac disease that he treated were at increased risk for serious consequences from COVID-19, which made them more vulnerable than other patients to the health and safety risks of COVID-19.  *See* ECF No. 40, Def.'s Mem. of Law in Supp. of Mot. for Summ. J., Ex. 3, Pl. Dep. 60:10-61:11.

For these reasons, the Court should find admissible Dr. Salmon's opinion about the propriety of distinguishing between more and less vulnerable patients in evaluating exemption requests.

### IV. CONCLUSION

For the reasons set forth above, Defendant, VIA Affiliates d/b/a Doylestown Health Physicians, respectfully requests that the Court deny Plaintiff's Cross-Motion to Exclude the Report and Testimony of Dr. Daniel Salmon, Ph.D., MPH.

Respectfully submitted,

*/s/ Christopher D. Durham*
Christopher D. Durham, Esquire
Adam D. Brown, Esquire
Elisabeth G. Bassani, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
(215) 979-1800

Date:  July 3, 2025

*Attorneys for Defendant, VIA Affiliates d/b/a Doylestown Health Physicians*

**CERTIFICATE OF SERVICE**

I, Adam D. Brown, certify that on July 3, 2025, I caused a copy of the foregoing Defendant's Memorandum of Law in Opposition to Plaintiff's Cross-Motion to Exclude the Report and Testimony of Dr. Daniel Salmon, Ph.D., MPH to be filed electronically, and the same is available for viewing and downloading from the ECF System by the following counsel of record:

**Kimberly L. Russell, Esq.**
**Daniel Zachariah, Esq.**
Kaplan Stewart Meloff Reiter & Stein, P.C.
Union Meeting Corp. Center
910 Harvest Dr.
P.O. Box 3037
Blue Bell, PA 19422
610-941-2541
krussell@kaplaw.com
dzachariah@kaplaw.com

**Karyn L. White, Esq.**
Pacific Justice Institute
PA/NJ Office P.O. Box 276600
Sacramento, CA 95827
609-335-4833
kwhite@pji.org

*Attorneys for Plaintiff*

/s/ *Adam D. Brown*
Adam D. Brown, Esquire