IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSEPH S. AUTERI, M.D.** | : | |
| Plaintiff, | : | No. 2:22-cv-03384 |
| | : | |
| v. | : | |
| | : | |
| **VIA AFFILIATES, d/b/a** | : | |
| **DOYLESTOWN HEALTH** | : | |
| **PHYSICIANS** | : | |
| Defendant. | : | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXCLUDE THE REPORT AND TESTIMONY OF DR. DANIEL SALMON, PH.D., MPH**

**I.     INTRODUCTION**

Defendant offers no substantive opposition to Plaintiff's motion to exclude Dr. Salmon's testimony. Defendant simply claims that because other courts have permitted Dr. Salmon's testimony in unrelated cases, this Court must accept Dr. Salmon's report and testimony without evaluating Plaintiff's Motion which examines Dr. Salmon's report in this specific case. Plaintiff's Motion to Exclude Dr. Salmon's Report and Testimony raises specific arguments about specific aspects of Dr. Salmon's report and anticipated testimony, and Defendant wholly failed to refute those arguments.

**II.     LEGAL ARGUMENT**

In its opposition, Defendant repeatedly mischaracterizes the basis of Plaintiff's motion, which is that Dr. Salmon's report and opinions contain information which a layperson can easily understand and therefore, Dr. Salmon's testimony will not assist the trier of fact, is irrelevant, and should be excluded. Defendant's attempt to obfuscate instead of directly responding to Plaintiff's asserted basis to exclude Dr. Salmon's report and testimony makes the opposition meritless.

Plaintiff's brief provides detailed references to Dr. Salmon's report, explaining why Dr. Salmon's opinions are *not* beyond the understanding of the average juror. Defendant does not present arguments disputing Plaintiff's specific motion; instead, Defendant cites other Court decisions which are not relevant to the issue at hand.

For example, Defendant states that "considerations of the undue hardship defense . . . in the context of a healthcare facility include . . . factors such as health and safety risks, and courts have recognized that Dr. Salmon's opinions on the technical aspects of those risks plainly are relevant in this context." Def. Mem. of Law, p. 5. Instead of identifying the specific "technical aspects of the risks" noted in Dr. Salmon's report which are beyond the understanding of the average juror, Defendant refers to other cases to imply that because courts accepted Dr. Salmon's expert opinion in those cases, it should do so here. However, none of those cases concluded that Dr. Salmon's testimony was necessary because ordinary people "of common understanding" are not "capable of comprehending the primary facts and of drawing correct conclusions from them" without his expertise, special training, experience, or observations. *Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962). None of the Courts in the cited cases were asked to determine whether Dr. Salmon's opinions were relevant to help the trier of fact. Just because "[m]ultiple courts have relied on Dr. Salmon's opinions regarding vaccines, vaccine mandates, and other infection-controlled measures in granting summary judgment for defendants on the undue hardship defense" (see Def. Mem. of Law, p. 5) does *not* justify ruling that Dr. Salmon's opinions in this case provide scientific, technical, or other specialized knowledge beyond what an average juror could understand. Dr. Salmon's generic ability to testify in other cases literally has no bearing on whether Dr. Salmon's report and testimony in this case, with this record, and with the issues in this case are relevant and necessary to assist the trier of fact. Plaintiff raised specific aspects of Dr. Salmon's

report which do not meet that standard and should be excluded. Defendant's failure to provide this Court with clear evidence that the opinions in the report upon which Defendant intends to rely are relevant to assist the trier of fact makes the opposition without merit.

Defendant also inexplicably claims that Plaintiff seeks to exclude Dr. Salmon's opinions because those opinions do not provide a legal conclusion. See Def. Mem. of Law, p. 5. However, that claim is nonsensical because Plaintiff does not argue at any point in Plaintiff's Motion that Dr. Salmon's opinions should be excluded because Dr. Salmon fails to offer a legal conclusion. Defendant should have addressed the substance of Plaintiff's Motion rather than simply trying to mischaracterize the Motion for the Court.

Plaintiff's Motion to Exclude Dr. Salmon's Expert Report and Testimony effectively is unopposed and should be granted.

### III.  CONCLUSION

For the reasons set forth above and in Plaintiff's Motion and supporting Memorandum of Law, Plaintiff respectfully requests this Court to grant Plaintiff's Cross-Motion to Exclude the Report and Testimony of Dr. Daniel Salmon.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: _____
Kimberly L. Russell, Esquire
Daniel M. Zachariah, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422
(610) 941-2541 (phone)
krussell@kaplaw.com
dzachariah@kaplaw.com

**PACIFIC JUSTICE INSTITUTE**

**By:** */s/ Karyn L. White, Esquire*
Karyn L. White, Esquire
PA/NJ Office P.O. Box 276600
Sacramento, CA 95827
(609) 335-4833 (phone)
kwhite@pji.org

Attorneys for Plaintiff

**Dated:** July 11, 2025

16995/1/11446001/2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| **JOSEPH S. AUTERI, M.D.** | : | | |
| Plaintiff, | : | No. 2:22-cv-03384 | |
| | : | | |
| v. | : | | |
| | : | | |
| **VIA AFFILIATES, d/b/a** | : | | |
| **DOYLESTOWN HEALTH** | : | | |
| **PHYSICIANS** | : | | |
| Defendant. | : | | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Reply Memorandum of Law in Support of Plaintiff's Motion to Exclude the Report and Testimony of Dr. Daniel Salmon, Ph.D., MPH," was caused to be sent electronically through the Court's ECF system to:

Christopher D. Durham, Esquire
Adam Brown, Esquire
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103
Attorneys for Defendant

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By: _____
Kimberly L. Russell, Esquire
Daniel M. Zachariah, Esquire
910 Harvest Drive
P.O. Box 3037
Blue Bell, PA  19422
(610) 941-2541 (phone)
krussell@kaplaw.com
dzachariah@kaplaw.com

16995/1/11446001/2

Karyn L. White, Esquire
PA/NJ Office P.O. Box 276600
Sacramento, CA 95827
(609) 335-4833 (phone)
kwhite@pji.org

Attorneys for Plaintiff

**Dated:** July __/__, 2025